**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| JILIANNE WARNER | ) | |
| | ) | Case No. 3:19-CV-453-RGJ |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MIDNIGHT RECOVERY, INC., ET AL. | ) | **PETITION FOR REMOVAL** |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

*****

**PETITION FOR REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant GEICO Casualty Company removes this action from the Circuit Court for Jefferson County, Kentucky to the United States District Court for the Western District of Kentucky, Louisville Division.

## I. THE STATE COURT ACTION

1. On June 22, 2018, Plaintiff Jilianne Warner filed a civil action in the Circuit Court for Jefferson County, Kentucky styled as *Jilianne Warner v. Midnight Recovery, Inc., et al*, Case No. 18-CI-3622. Ms. Warner alleges that Christian Worley, a tow truck driver employed by Midnight Recovery, Inc. rear-ended her. She alleges that "The violent impact of the Crash caused permanent, catastrophic injuries to Plaintiff Warner including, but not limited to, paralysis of her arms and legs." (First Amended Complaint at ¶ 14).

2. In the original Complaint, she sued Midnight Recovery, Inc. and Christian Worley for her injuries allegedly arising out of the collision. And she sued Ruth Williams, Courtney Wilder, Angela Downs and Edward Meiman, who were allegedly responsible for handling the

911 calls, alleging that the emergency responders were slow to respond to the scene. GEICO Casualty Company was not a party to the original Complaint. And because Williams, Wilder, Downs and Meiman were citizens of Kentucky, the case was not originally removable.

3. On March 27, 2019, Plaintiff filed the First Amended Complaint and added GEICO Casualty Company as a defendant. Plaintiff alleges that Midnight Recovery handles runs for GEICO's insureds. Plaintiff alleges GEICO is vicariously liable for Midnight Recovery's negligent acts and that GEICO is liable to Plaintiff for its own allegedly negligent acts.

4. On April 25, 2019, the Circuit Court dismissed Williams, Wilder, Downs and Meiman ("the 911 Defendants") on sovereign immunity grounds.

5. On June 3, 2019, GEICO was served with the First Amended Complaint via the Secretary of State. (Proof of service is attached hereto as Ex. B).

6. This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, because original jurisdiction lies in federal court and the procedural requirements for removal are satisfied.

7. Since the 911 Defendants have been dismissed, complete diversity exists between Plaintiff and the Defendants, and the amount in controversy exceeds $75,000. Moreover, GEICO is filing this petition with thirty (30) of service of the First Amended Complaint and the underlying action has been pending for less than one year. Accordingly, this action may be removed to this Court. *See* 28 U.S.C. §§ 1332, 1441.

## III. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

8. This Court embraces the locality in which the state court action is now pending, and thus is a proper forum pursuant to 28 U.S.C. § 1441(a).

9. No previous application has been made for the relief requested herein.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff and filed with the Circuit Court for Jefferson County, Kentucky.

11. A filing fee of $350.00 has been tendered to the Clerk of this Court.

12. This Notice of Removal is being signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

13. If any question arises regarding the propriety of removal, GEICO Casualty Company respectfully requests the opportunity to present a brief and/or oral argument in support of their position that this case is removable.

## IV. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

14. Federal jurisdiction exists based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states, and there is a good faith basis to believe that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1441.

### A. Complete Diversity of Citizenship Exists

15. Plaintiff Jilianne Warner pleads that she is a resident of Kentucky, First Amended Complaint ¶ 2, and therefore appears to be a citizen of Kentucky.

16. Intervening Plaintiff Kentucky Employers Mutual Insurance is a Kentucky non-profit corporation created by KRS § 342.803 with its principal place of business in Kentucky.

17. Defendant Midnight Recovery, Inc. is and, when this action was served, was a citizen of Indiana. Its principal place of business is Indiana and its state of incorporation is in Indiana.[1] Accordingly, Rush Truck Leasing, Inc. is a citizen of Texas and Delaware for diversity

[1] See First Amended Complaint at ¶ 4 and the Indiana Secretary of State information attached hereto as Exhibit C.

purposes. *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

18. Defendant Christian Worley is a resident and citizen of Indiana. (See First Amended Complaint at ¶ 5).

19. Defendant GEICO Casualty Company is incorporated in Maryland and its principal place of business is in Maryland.[2]

20. Defendants Ruth Williams, Courtney Wilder, Angela Downs and Edward Meiman were dismissed on sovereign immunity grounds on April 25, 2019.[3]

**B. The Amount in Controversy Exceeds $75,000**

21. The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interests and costs, satisfying the amount in controversy requirement of 28 U.S.C. § 1332(a)(1).

22. In this case, there are clear allegations that the case involves a sum in excess of the $75,000 minimum. Plaintiff alleges in the First Amended Complaint that, as a result of the accident forming the basis of the First Amended Complaint, she is paralyzed in the arms and legs. She allegedly filed a workers' compensation claim for her injuries arising out of the accident. In its Intervening Complaint, Kentucky Employers Mutual Insurance Company sees to recover $593,743.50 in workers' compensation benefits that it allegedly paid on her behalf as a result of the accident. In addition to compensatory damages, the Plaintiff is seeking punitive damages.

---

[2] See First Amended Complaint at ¶ 3 and the Maryland Secretary of State information attached hereto as Ex. D.

[3] The Circuit Court's opinion and order dismissing the 911 Defendants as attached hereto as Ex. E.

**C. The Petition for Removal Is Timely Filed**

23. This petition for removal is timely because it is being filed within thirty (30) days' of the date that GEICO was served. *See, e.g., Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999) ("For that reason, and as a matter of fairness to later-served defendants, we hold that a later-served defendant has 30 days from the date of service to remove a case to federal district court, with the consent of the remaining defendants."). The state-court action has been pending for less than one year. The original Complaint was filed on June 22, 2018.

**D. The Other Defendants Consent to Removal.**

24. Christian Worley and Midnight Recovery, Inc., the earlier served defendants, consent to removal.[4]

**WHEREFORE**, Defendant GEICO Casualty Company respectfully requests that this Court assume jurisdiction over this action as if the Plaintiff had originally commenced this action with this Court.

Respectfully submitted,

*/s/ Charles H. Stopher*

Edward H. Stopher
Charles H. Stopher
BOEHL, STOPHER & GRAVES LLP
400 West Market Street, Suite 2300
Louisville, KY 40202
estopher@bsg-law.com
cstopher@bsg-law.com
Phone: (502) 589-5980
Fax: (502) 561-9400
**COUNSEL FOR GEICO CASUALTY COMPANY**

[4] Consents to Removal are attached hereto as Ex. F.

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for each party to the above-entitled cause by enclosing this instrument in an envelope addressed to each such attorney at his/her last known address as shown below, with postage fully paid, and by depositing the envelope in a United States Post Office depository on the 21st day of June, 2019

Matthew White
Mark Gray
Terrance Massey
Gray and White Law
713 E. Market Street
Louisville, KY 40202
*Counsel for Plaintiff*

Patricia Harmeling
Gwin Steinmetz & Baird, PLLC
401 W. Main Street, 10th Floor
Louisville, KY 40202
*Counsel for Defendant Midnight Recovery, Inc.*

Kevin Burke
Jamie Neal
Burke & Neal, PLLC
2200 Dundee Road, Suite C
Louisville, KY 40205
*Co-Counsel for Plaintiff*

Scott Gowen
Fultz Maddox Hovious Dickens
101 S. Fifth Street, Suite 2700
Louisville, KY 40202
*Counsel for Defendant Ruth Williams, Courtney Wilder, Angela Downes, and Edward Meiman*

Donald Killian Brown
Jeri Barclay Poppe
13102 Eastpoint Park Blvd., Suite 200
Louisville, KY 40223
*Counsel for Defendant Christine Worley*

*/s/ Charles H. Stopher*____________________
*Counsel for GEICO Casualty Company*