Atty

NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISON FIVE (5)
JUDGE MARY SHAW
*ELECTRONICALLY FILED*

JILIANNE WARNER PLAINTIFFS

v. **NOTICE-MOTION-ORDER**

MIDNIGHT RECOVERY, *et al* DEFENDANTS

* * * * *

Please take notice that on **Monday, May 20, 2019**, at the hour of **10:45 a.m.**, in the courtroom of the above Court, the undersigned will make the Motion and tender the Order set out below.

**MOTION TO SUBSTITUTE AS COUNSEL**

Now comes Donald Killian Brown and Jeri Barclay Poppe and the law firm of Krauser and Brown Attorneys, and requests to be substituted as counsel for Defendant Christian Worley. Therefore, it is respectfully requested that the attached Order be entered, allowing for the substitution of counsel.

**KRAUSER & BROWN**

/s/*Donald Killian Brown*
DONALD KILLIAN BROWN
JERI BARCLAY POPPE
13102 Eastpoint Park Blvd.
Ste. 200
Louisville, Kentucky 40223
(502) 588-9000
*Counsel for Defendant Christian Worley*

EXHIBIT A

**CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing was this **16th** day of **May**, 2019 electronically filed and mailed to:

Patricia Harmeling
GWIN STEINMETZ & BAIRD, PLLC
401 W. Main Street, 10th Floor
Louisville, KY 40202
**Sent via Email: pharmeling@gsblegal.com**
*Counsel for Defendants,*
*Midnight Recovery, Inc., and Christian Worley*

Scott Gowen
Fultz Maddox Hovious Dickens
101 S Fifth Street, Suite 2700
Louisville, KY 40202
**Sent via Email: sdickens@fmhd.com**
**sgowen@fmhd.com**
**thart@fmhd.com**
*Counsel for Defendants,*
*Ruth Williams, Courtney Wilder,*
*Angela Downes, and Edward Meiman*

Matthew White
Mark Gray
Terrance Massey
GRAY AND WHITE LAW
713 E. Market Street
Louisville, KY 40202
**Sent via Email: mgray@grayandwhitelaw.com**
**mwhite@grayandwhitelaw.com**
**tjmassey@grayandwhitelaw.com**
*Counsel for Plaintiff*

Kevin Burke
Jamie Neal
BURKE & NEAL, PLLC
2200 Dundee Road, Suite C
Louisville, KY 40205
*Co-Counsel for Plaintiff*

*/s/ Donald Killian Brown*
DONALD KILLIAN BROWN
JERI BARCLAY POPPE

L:\19-0408dkb\Pleadings\NMO to Substitute.docx

NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISON FIVE (5)
JUDGE MARY SHAW
*ELECTRONICALLY FILED*

JILIANNE WARNER PLAINTIFFS

v. **ORDER**

MIDNIGHT RECOVERY, *et al* DEFENDANTS

* * * * * * * * * * * *

Upon Motion to Substitute as counsel, tendered by Donald Killian Brown and Jeri Barclay Poppe, and the Court being otherwise duly and sufficiently advised,

**IT IS HEREBY ORDERED** that the Motion to substitute counsel is **GRANTED**. Donald Killian Brown, Jeri Barclay Poppe, and KRAUSER & BROWN are substituted in as counsel for the Defendant, Christian Worley. The law firm of Gwin Steinmetz & Baird is hereby relieved of any further duties regarding Christian Worley. All certificates of service should be updated to reflect same.

JUDGE

DATE:

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK
MAY 20 2019
BY DEPUTY CLERK

TD : 000001 of 000002

*Tendered by:*

*/s/ Donald Killian Brown*
DONALD KILLIAN BROWN
JERI BARCLAY POPPE
13102 Eastpoint Park Blvd.
Ste. 200
Louisville, KY 40223
(502) 588-9000
*Counsel for Defendant Worley*

Distribution List:

___Donald Killian Brown/Jeri Barclay Poppe
___Patricia Harmeling
___Scott Gowen
___Matthew White/Mark Gray/Terrance Massey
___Kevin Burke/Jamie Neal

L:\19-0408dkb\Pleadings\Order to Substitute.docx

| AOC-105 Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | CIVIL SUMMONS | Case No. 18-CI-003622<br>Court ☑ Circuit ☐ District<br>County Jefferson |
|---|---|---|

**PLAINTIFF**

Jilianne Warner

**VS.**

**DEFENDANT**

Midnight Towing & Recovery, et al.

**Service of Process Agent for Defendant:**

GEICO Casualty Company

Corporate Headquarters

5260 Western Avenue

Chevy Chase MD 20815

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: ____________________, 2______ ________________________________________Clerk

By: ________________________________________ D.C.

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

________________________________________________________________

this _____ day of ________________, 2______.

Served by: ________________________________

________________________________Title

MIS : 000001 of 000001

AOC-105 Doc. Code: CI
Rev. 1-07
Page 1 of 1
Commonwealth of Kentucky
Court of Justice www.courts.ky.gov
CR 4.02; CR Official Form 1

CIVIL SUMMONS

Case No. 18-CI-003622
leave blank if unknown
Court ☑ Circuit ☐ District
County Jefferson

PLAINTIFF

Jilianne Warner

VS.

DEFENDANT

Midnight Towing & Recovery, et al.

**Service of Process Agent for Defendant:**
GEICO Casualty Company
One Geico Plaza
Washington DC 20076

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: ____________________, 2______ ______________________________ Clerk

By: ______________________________ D.C.

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

______________________________

this _____ day of ________________, 2______.

Served by: ______________________________

______________________________ Title

MIS : 000001 of 000001

NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE
JUDGE MARY M. SHAW

JILIANNE WARNER PLAINTIFF

v.

MIDNIGHT TOWING & RECOVERY, et. al. DEFENDANT

*Electronically Filed*

**THIRD AMENDED NOTICE TO TAKE THE DEPOSITION VIA SUBPOENA DUCES TECUM TO GEICO INSURANCE AGENCY, INC.**

*** *** ***

The parties will hereby take notice that Plaintiff, Jilianne Warner, by counsel, will take the deposition of the Custodian of Records for **Geico Insurance Agency, Inc., 5260 Western Avenue, Chevy Chase, Maryland 20815** on **Monday, June 17, 2019,** pursuant to Rule 30 of the Kentucky Rule of Civil Procedure. A Subpoena Duces Tecum has previously been issued and will remain in effect until proof of service is filed prior to June 17, 2019.

It shall be deemed sufficient compliance with the Subpoena, both as to deponent's appearance and to the production of documents, for the deponent to provide a certified copy of the documents by mailing same, Certified Mail, to the undersigned, Terrance L. Massey Jr., Gray and White Law, 713 E. Market Street, Suite 200, Louisville, Kentucky 40202, counsel for Plaintiff, prior to June 17, 2019, for its use and for sue by any other party to this litigation desiring copies of same..

Pursuant to CR 45, the undersigned agrees to make available a copy of any and all materials received in response to this subpoena to all other parties to this suit.

NTD : 000001 of 000002

This deposition shall be taken for all purposes permitted under the Kentucky Rules of Civil Procedure.

Respectfully submitted,

/s/ Terrance L. Massey Jr.
Mark K. Gray
Matthew L. White
Terrance L. Massey Jr.
GRAY AND WHITE LAW
713 E. Market Street
Louisville, KY 40202
Ph: (502) 805-1800
mgray@grayandwhitelaw.com
mwhite@grayandwhitelaw.com
tjmassey@grayandwhitelaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing was filed with the above court electronically via the Kentucky CourtNet 2.0 E-filing system, on Monday, May 6, 2019. Electronic filers will receive service by CourtNet. A copy has been mailed/emailed to current non-filers.

Patricia Harmeling, Esq.
GWIN STEINMETZ & BAIRD, PLLC
401 W. Main St., 10th Floor
Louisville, KY 40202
Phone: (502) 618-5717
Fax: (502) 618-5701
Email Address: pharmeling@gsblegal.com
*Attorney For: Midnight Towing & Recovery and Christian Worley*

Scott T. Dickens, Esq.
Fultz Maddox Hovious Dickens
101 South Fifth Street, Suite 2700
Louisville, KY 40202
Phone: (502) 588-2005
Fax: (502) 588-2020
Email Address: sdickens@fmhd.com; sgowen@fmhd.com; thart@fmhd.com
*Attorney For: Ruth Williams, Courtney Wilder, Angela Downes, and Edward Meiman*

/s/ Terrance L. Massey Jr.
*Counsel for Plaintiff*

NTD : 000002 of 000002

509 S.W.3d 76
Court of Appeals of Kentucky.

Jean MCCUISTON, as Administrix of The Estate of Joyce McCuiston, Appellant
v.
William B. BUTLER and City of Henderson, Appellees

NO. 2015–CA–001063–MR
|
JANUARY 6, 2017; 10:00 A.M.

**Synopsis**
**Background:** Administratrix of estate of deceased 911 caller brought wrongful death action against city and emergency dispatcher. The Circuit Court, Henderson County, Karen Lynn Wilson, J., granted summary judgment in favor of city and dispatcher. Administratrix appealed.

**[Holding:]** The Court of Appeals, Clayton, J., held that dispatcher did not have a "special relationship" with caller giving rise to a legal duty.

Affirmed.

West Headnotes (5)

[1] **Death**
Nature of Act or Omission Causing Death

Because a wrongful death action is a tort, it is necessary to prove that a party was negligent to receive relief under the wrongful death statute. Ky. Rev. Stat. Ann. § 411.130.

Cases that cite this headnote

[2] **Negligence**
Elements in general

Generally, to make a claim of negligence, a party must establish that there is a recognized duty, a breach of that duty, and a resulting injury; proof of each element is absolutely necessary.

Cases that cite this headnote

[3] **Public Employment**
Negligence or misconduct in general

In order to establish an affirmative legal duty on public officials in the performance of their official duties, there must exist a special relationship between the victim and the public officials; there must be a special duty owed by the public official to a specific, identifiable person and not merely a breach of a general duty owed to the public at large.

1 Cases that cite this headnote

[4] **Appeal and Error**
Grounds not considered or relied upon below

An appellate court may affirm a trial court for reasons other than those relied on by the trial court, so long as such is sustainable under the record.

Cases that cite this headnote

[5] **Municipal Corporations**
Police and fire
**Public Employment**
Particular torts

Emergency dispatcher's actions did not create a "special relationship" between him and caller who died after placing 911 call, and thus dispatcher owed no legal duty to caller;

dispatcher did not create a connection with caller or foster the continuation of such a relationship, but rather performed his regular duties, took a call, and sent help in a non-emergency situation, and caller's death was not uniquely foreseeable based on her relationship with dispatcher.

Cases that cite this headnote

APPEAL FROM HENDERSON CIRCUIT COURT, HONORABLE KAREN LYNN WILSON, JUDGE, ACTION NO. 13–CI–00153

**Attorneys and Law Firms**

BRIEF FOR APPELLANT: Stephen M. Arnett, Morganfield, Kentucky

BRIEF FOR APPELLEES: Michael S. Maloney, Justin M. Schaefer, Louisville, Kentucky

BEFORE: CLAYTON, STUMBO, AND VANMETER,[1] JUDGES.

*77 OPINION

CLAYTON, JUDGE:

Jean McCuiston, as administrix of the estate of Joyce McCuiston (hereinafter "the Estate"), appeals the Henderson Circuit Court's order granting summary judgment to William B. Butler and the City of Henderson, Kentucky (hereinafter "Henderson") in a wrongful death action. After careful consideration, we affirm.

BACKGROUND

On July 28, 2012 at 7:52 a.m., Joyce McCuiston called 911, and William B. Butler answered the call. He worked for the Henderson's 911 communication center as a dispatcher. Ms. McCuiston made the call from a cell phone to report a non-active theft. Because her speech was slurred and she was very difficult to understand, Butler asked McCuiston several times during the call to confirm both her identity and her address (553 Fairmont Avenue). Since she was using a cell phone, her location was not available on the system.

At the end of the call, Ms. McCuiston advised Butler that she was dehydrated and unable to come to the door. Nonetheless, Ms. McCuiston never requested medical assistance or an ambulance or reported any type of medical emergency. She instructed Butler that when the responder arrived, she would "holler" and say "come in, the door's open." Butler advised her that he would do so and ended the call. But he never relayed this information to the deputy sheriff.

Immediately after ending the call, Butler sent a deputy from the Henderson County Sheriff's Office to 553 Fairmont Avenue, which was an address located outside Henderson in Henderson County. The call was designated a non-emergency call since it was a report of a theft and not a report of a theft-in-progress.

When Deputy Jewely King arrived at the residence, she was not completely certain it was the residence because it was not numbered. Deputy King knocked on the door but received no answer. Next, Deputy King spoke with a neighbor, Barbara Gatewood. Gatewood informed Deputy King that Ms. McCuiston owned the property, but she was in and out, plus no one lived there all of the time. She also told Deputy King that Ms. McCuiston was a severe alcoholic, and if she was awake, she was drunk. Gatewood further added that if Ms. McCuiston called 911, it was likely from a pay phone somewhere.

After speaking with Gatewood, Deputy King called the phone number given in the 911 call but the call was unanswered. She then went to the back door and knocked loudly. Deputy King did not hear any response or other noise from inside the home. She contacted Butler at dispatch and told him that no one answered at 553 Fairmont and that she had been advised by a neighbor that no one lived there. The call was ended. Later, Deputy King admitted that this information was misleading since Gatewood had not told her no one lived at the address.

Nonetheless, Butler relied on the information. After several attempts to determine the caller's name and location, he assumed he had misheard the address. Still,

to encompass the *Gaither* facts, as the *Fryman* test would only capture occasions where the harm was foreseeable to the victim while in state custody.

***82** The trial court then related that American courts have addressed the issue of whether a 911 operator has a duty in various ways. Some courts have held that the creation of a 911 service establishes a "special relationship" or duty to its callers, either by itself or when the caller detrimentally relies on the dispatcher's assurances of help. *See Delong v. County of Erie*, 89 A.D.2d 376, 455 N.Y.S.2d 887 (N.Y. 1982). Other courts have found that a telephone call for assistance was not sufficient to create a duty to the caller. *Warren v. District of Columbia*, 444 A.2d 1 (D.C. 1981).

Then, without articulating any analysis that established the reason that the trial court believed that a "special relationship" existed in this matter, the trial court opined that after its review of *Chipman*, *Fryman*, and *Gaither*, it was more persuaded that 911 dispatchers have duty to callers beyond that owed to the public at large. Therefore, under the trial court's reasoning, every 911 dispatcher would have a "special relationship" with every caller.

[4] [5]We disagree with the conclusion that Butler had a "special relationship" with Ms. McCuiston, and therefore, a legal duty to her.[1] Moreover, we do not believe under the *Fryman*, *Chipman*, and *Gaither* analyses, our Courts have extend the "special relationship" to all calls to 911 dispatchers.

In *Gaither*, the Court clarified that "[t]he 'special relationship' rule was developed in the context of injuries suffered by members of the general public disassociated with and far removed from negligent acts that allegedly caused their injuries." *Gaither*, 447 S.W.3d at 637–38. In this case, however, Butler only acted in the prescribed manner for a 911 dispatcher and performed his responsibilities in the typical manner. In other words, he did nothing beyond his public job responsibilities that would create a "special relationship" with Ms. McCuiston.

Moreover, the *Gaither* Court cautioned against applying "a rule based upon the lack of a foreseeable injury in a case where the injury was uniquely foreseeable" and where "a state agency actually created a connection with the injured claimant, and then repeatedly fostered the continuation of that relationship." *Id.* at 638.

Here, the Estate cannot establish that Butler, outside his role as a 911 dispatcher, created a connection with Ms. McCuiston and repeatedly fostered the continuation of that relationship. Instead, he performed his regular duties, took the call, and sent help in a non-emergency situation. Butler never created a "special relationship" with Ms. McCuiston where her death was uniquely foreseeable based on the connection with the 911 dispatcher.

Instead, Ms. McCuiston can appropriately be classified as a member of the general public with whom Butler interacted as a 911 dispatcher. Without a special relationship, Butler's action fell under the "public duty" doctrine, which does not make public officials guarantors of public safety with a universal duty of care to protect the general public from harm or accident. Butler did not establish a "special relationship" with Ms. McCuiston, and therefore, he did not have a duty of care to her and was protected from liability by the public duty doctrine. Without any legal duty, there can be no wrongful death action. Although Ms. McCuiston's death is a ***83** tragedy, it is not one for which Butler or the City of Henderson can be held liable.

Having determined that Butler had no special relationship with Ms. McCuiston, and thus, cannot be liable in a wrongful death action, the remaining issues are rendered moot.

CONCLUSION

Since Butler had no legal duty to Ms. McCuiston, the grant of summary judgment was proper since no genuine issues of material fact exist and the moving party is entitled to a judgment as a matter of law. Accordingly, we affirm the Henderson Circuit Court for reasons other than those upon which it relied.

ALL CONCUR.

**All Citations**

509 S.W.3d 76

Footnotes

1 Judge Laurence B. VanMeter concurred in this opinion prior to being elected to the Kentucky Supreme Court. Release of this opinion was delayed by administrative handling.

2 "[A]n appellate court may affirm a trial court for reasons other than those relied on by the trial court, so long as such is sustainable under the record[.]" *Brewick v. Brewick*, 121 S.W.3d 524, 527 (Ky. App. 2003).

End of Document

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

CASE No. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY M. SHAW

JILIANNE WARNER PLAINTIFF

v.

**OPINION AND ORDER**

MIDNIGHT RECOVERY, INC. *et al.* DEFENDANTS

*********

This action comes before the Court on a motion to dismiss under CR 12.02 brought by Defendants Ruth Williams, Courtney Wilder, Angela Downes, and Edward Meiman (hereinafter "Moving Defendants") as regards the claims of the Plaintiff, Jilianne Warner. After a careful consideration of the record and the memoranda of the parties, as well as the applicable case, statutory and procedural law and being otherwise sufficiently advised, the Court **SUSTAINS** the Moving Defendants' motion.

**FACTS**

On December 29, 2017, a tow truck owned by Defendant Midnight Recovery and operated by Defendant Christian Worley collided with the rear end of a vehicle operated by Ms. Warner. There were three 911 calls. The first was at 10:25:41; Mr. Worley called and spoke with Ms. Williams, a 911 operator. Mr. Worley reported the crash. Upon prompting, he provided the location of the incident, his name, a description of his vehicle, and a description of the other vehicle's color. At the end of the call he asks another person at the scene, "Is she okay?" Ms. Williams tells him to turn on his emergency flashers if it is safe to do so and the call ends.

The second call for service was received by 911 dispatchers at 10:26:05. Ms. Wilder answered and asked for the location of the emergency. The caller gave the location of the

accident and noted that it was "pretty bad." The caller does not respond to further questions for approximately 27 seconds; there is discussion in the background. Upon prompting, the caller provides a description of the vehicles. Ms. Wilder noted that dispatchers had already received a call about the accident and the call ended.

The third call for service was received by 911 dispatchers at 10:33:52. The caller stated he was concerned why an ambulance had not arrived given that someone had called 911 approximately 10 minutes earlier and one of the victims was injured. The operator stated the accident was noted as non-injury and dispatched an ambulance.

Ms. Warner filed an action alleging, among other things, negligence against the Moving Defendants on grounds that Ms. Williams and Ms. Wilder failed to ascertain whether anyone was injured in the crash and that their superiors, Ms. Downs and Mr. Meiman, failed to train the operators to "adhere to the duties of 911 operators." The Moving Defendants filed the immediate motion seeking dismissal. The Parties have filed briefs and presented arguments during a hearing; the motion stands ready for a ruling.

**ANALYSIS**

Under CR 12.02(f), a motion to dismiss for failure to state a claim upon which relief can be granted must be denied unless the plaintiff "appears not to be entitled to relief under any set of facts which could by proven to support his claim." *Morgan v. Bird*, 289 S.W.3d 222, 226 (Ky. App. 2009). When analyzing a motion to dismiss, the "pleadings are to be construed in the light most reasonable to the plaintiff and all allegations stated in the complaint should be taken as true." *Ewell v. Central City*, 340 S.W.2d 479, 480 (Ky. App. 1960). The Court "is not required to make any factual determination; rather, the question is purely a matter of law." *James v. Wilson*, 95 S.W.3d 875, 883-4 (Ky. App. 2002). The question the Court must answer in the

affirmative for the case to proceed is "if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?" *Id.*

The Moving Defendants argue that, acting in their capacity as 911 operators, Ms. Williams and Ms. Wilder owed no duty to Ms. Warner. Successful negligence claims result from establishing that "(1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached its duty, and (3) the breach proximately caused the plaintiff's damages." *Lee v. Farmer's Rural Elec. Co-op. Corp.*, 245 S.W.3d 209, 211-2 (Ky. App. 2007) (internal citation omitted). "Generally, each person 'owes a duty to every other person to exercise ordinary care in his activities to prevent foreseeable injury." *Boland-Maloney Lumber Co. v. Burnett*, 302 S.W.3d 680, 686 (Ky. App. 2009). To this end, one "cannot be charged with negligence in failing to prevent what he could not reasonably anticipate." *Lamb v. Clark*, 138 S.W.2d 350, 352 (Ky. App. 1940). "Foreseeability is to be determined by viewing facts as they reasonably appeared to the party charged with negligence, not as they appear based on hindsight." *James v. Wilson*, 95 S.W.3d 875, 891 (Ky. App. 2002). "[T]he existence of a duty of care to the plaintiff, and its underlying foreseeability inquiry, is a pure question of law for the court." *Lee, supra*, at 218 quoting *James v. Meow Media, Inc.* 300 F.3d 683, 691-92 (6th Cir. 2002).

There is one reported Kentucky opinion that analyzes the duty owed by 911 operators: *McCuiston v. Butler*, 509 S.W.3d 76 (Ky. App. 2017). In *Butler*, an individual called 911 to report a non-active theft. *Id.* at 77. The caller's speech was slurred and she was difficult to understand, so the dispatcher repeatedly asked her for her name and address. *Id.* Towards the end of the call, the caller advised that she was dehydrated and could not come to the door. *Id.* She did not request medical assistance or report any type of medical emergency. *Id.* She merely

stated that when a responder arrived she would verbally tell the person to enter. *Id.* The dispatcher said he would relay the information to the deputy sheriff, but he did not. *Id.*

The deputy sheriff went to the address the caller provided and knocked on the door; no one answered. *Id.* He conducted further investigation and then went back to the door and knocked again. *Id.* Again, no one answered, and he heard nothing from inside the residence. *Id.* The deputy left and the caller subsequently died. *Id.* The caller's estate filed a wrongful death action against the dispatcher and local government, and, upon prompting, the trial court entered summary judgment in favor of the defendants on grounds that the dispatcher owed no duty to the caller. *Id.*

With *Butler*, the Court of Appeals conducted a detailed analysis of duty in the context of actions against public officials. "When a public official is involved, Kentucky courts use the 'relationship doctrine' to determine whether a duty is owed." *Id.* at 79. The following description of the relationship doctrine details some of its policy concerns:

> The public duty doctrine originated at common-law and shields a public employee from suits for injuries that are caused by the public employee's breach of a duty owed to the public at large. Kelly M. Tullier, *Governmental Liability for Negligent Failure to Detain Drunk Drivers*, 77 Cornell L.Rev. 873, 886 (1992). The doctrine can be traced to the United States Supreme Court's decision in *South v. Maryland*, 59 U.S. (18 How.) 396, 15 L.Ed. 433 (1855), which held that a sheriff is not liable for failing to protect a kidnap victim because the sheriff's duty to keep the peace was "a public duty, for neglect of which he is amenable to the public, and punishable by indictment only." *Id.* at 403.

*Id.* at 79-80 quoting *Ezell v. Cockrell*, 902 S.W.2d 394, 397 (Tenn. 1995). While also quoting *Ezell*, the Kentucky Supreme Court added:

> [P]ersons who serve the public must be allowed to carry out their function without fear of having to answer for harm caused to an individual by events which are outside the control of the public official. Public officials are not an insurer of the safety of every member of the public, nor are they personally accountable in

monetary damages only because the individual is a public official charged with a general duty of protecting the public.

*Id.* quoting *City of Florence, Kentucky v. Chipman*, 38 S.W.3d 387, 393 (Ky. 2001). Ultimately, "The rationale behind the public duty doctrine is that to impose a universal duty of care on public officials would severely reduce their ability to engage in discretionary decision-making on the spot." *Id.* Further, "public officials are not guarantors of public safety and, as such, do not have a duty of universal care to protect the general public from harm or accident." *Id.* citing *Fryman v. Harrison*, 896 S.W.2d 908 (Ky. 1995). To this end, the public duty doctrine requires a showing of a "special relationship" between the plaintiff and public official to impose a duty of care on the latter. *Id.* Stated differently, "there must be a special duty owed by the public official to a specific, identifiable person and not merely a breach of a general duty owed to the public at large." *Id.*

The test for whether a special relationship exists is context specific. The *Chipman* Court addressed a situation in which law enforcement officers allowed an intoxicated individual to leave the scene of a stop with another person; the two were subsequently in a motor vehicle accident. 38 S.W.3d at 389-390. It concluded that the victim could establish a special relationship if she demonstrated the following: "(1) the victim must have been in state custody or otherwise restrained by the state at the time the injury producing act occurred, and (2) the violence or other offensive conduct must have been committed by a state actor." *Butler*, *supra*, at 80-81 quoting *Chipman*, 509 S.W.3d at 392. *Fryman* addressed injury sustained by an individual who was assaulted by a negligently released inmate. 396 S.W.2d at 909. It utilized the same test. *Id.* at 910.

The *Butler* Court noted that more recently, in *Gaither v. Justice & Public Safety Cabinet*, the Kentucky Supreme Court revisited the special relationship doctrine in the context of interactions between law enforcement officers and a confidential informant. 447 S.W.3d 628 (Ky.

2014). In this case, the informant's estate alleged officers' negligence led to the informant's death. *Id.* at 631-32. The Board of Claims agreed, but the circuit court reviewing the case reversed on grounds that the officers were entitled to immunity. *Id.* at 632. The Court of Appeals affirmed, but the *Gaither* Court reversed, reviewing issues relating to the special relationship along the way. *Id.* at 637. It noted the importance foreseeability in the special relationship analysis: "If the ultimate injuries were not foreseeable to the governmental officials in their individual capacity, and if the victim of the injury was not identifiable, there was no duty to prevent such an injury." *Id.* at 638 quoting *Fryman*, *supra*, at 909. It continued: "The lack of foreseeability was the compelling force for the prongs used to define the 'special relationship' rule-an injury could be foreseeable if it was inflicted by a 'state actor' upon an individual who was 'in state custody'." *Id.* Ultimately, the *Gaither* Court concluded that the injury to the informant was more than foreseeable; it was predictable. *Id.* Accordingly, the test utilized in *Chipman* and *Fryman* does not encompass all scenarios in which a public official can have a special relationship with another individual. *Id.* The *Gaither* Court noted that law enforcement officers recruited the informant, retained "complete control" over his activities, paid him, and gave him a milder punishment for his crimes. *Id.* at 638-39. Accordingly, "[s]uch circumstances created a "special" relationship between Gaither and the KSP that does not exist between the KSP and members of the general public who may by happenstance indirectly fall victim to police negligence." *Id.* at 639.

The *Butler* Court considered these cases and concluded that the 911 dispatcher did not have a special relationship with the caller.[1] 509 S.W.3d at 82. In doing so it relied upon *Gaither*'s clarification of the doctrine: "[t]he 'special relationship' rule was developed in the context of injuries suffered by members of the general public disassociated with and far removed from

[1] The "special relationship" doctrine does not extent to all calls to 911 dispatchers. *Id.*

negligent acts that allegedly caused their injuries." *Id.* quoting *Gaither*, *supra*, at 637-38. The dispatcher "did nothing beyond his public job responsibilities" that created a special relationship with the caller. *Id.* Further, the *Butler* Court noted that the dispatcher had not "actually created a connection with the injured claimant, and then repeatedly fostered the continuation of that relationship." *Id.* quoting *Gaither*, *supra*, at 638. Accordingly, the dispatcher never created a "special relationship" with the caller where her death was "uniquely foreseeable" based on her connection with the dispatcher. *Id.*

Based upon this guidance, the Court must conclude that the Ms. Williams and Ms. Wilder created no special relationship with Ms. Warner, and thus no duty of care. Initially, unlike the informant in *Gaither* and the caller in *Butler*, Ms. Warner had no connection with public officials, the 911 operators. There was no relationship, special or otherwise, because Ms. Warner was not one of the callers. Further, the operators did not foster a relationship or create a connection, and her injury was not uniquely foreseeable. In this sense, Ms. Warner was situated like a member of the general public who indirectly fell victim to alleged negligence. Since, there was no special relationship that gave rise to a duty of care on the part of the 911 operators, their superiors cannot be held liable for negligent training or supervision.

**ORDER**

IT IS HEREBY ORDERED AND ADJUDGED that the Moving Defendants' motion is **SUSTAINED**.

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK
APR 25 2019
BY ______ DEPUTY CLERK

MARY M. SHAW, JUDGE

Xc: Counsel of Record



CIVIL ACTION NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY SHAW

*Filed Electronically*

JILIANNE WARNER PLAINTIFF

v.

ANSWER OF MIDNIGHT RECOVERY, INC. and CHRISTIAN WORLEY TO AMENDED COMPLAINT

MIDNIGHT RECOVERY, INC.,
CHRISTIAN WORLEY, RUTH WILLIAMS,
COURTNEY WILDER, ANGELA DOWNES,
EDWARD JODY MEIMAN and
GEICO DEFENDANTS

** ** ** ** **

Come the Defendants, Midnight Recovery, Inc. (hereinafter "Midnight Recovery") and Christian Worley (hereinafter "Worley"), by counsel, and for their Answer to the Amended Complaint filed herein state as follows:

1. Midnight Recovery and Worley deny the allegations and averments referenced in Paragraph No. 1 as they were otherwise denied in their Answers to the Complaint.

2. Midnight Recovery and Worley are without sufficient knowledge or information to admit or deny the allegations and averments contained in Paragraph No. 2 of the Amended Complaint and therefore deny same.

3. Midnight Recovery and Worley are without sufficient knowledge or information to admit or deny the allegations and averments contained in Paragraph No. 3 of the Amended Complaint and therefore deny same as they relate to them.

4. Midnight Recovery and Worley admit the averments contained in Paragraph No. 4 of the Amended Complaint.

ANS : 000001 of 000006

5. Midnight Recovery and Worley admit so much of Paragraph No. 5 that Worley was a resident of Indiana and was acting as an employee of Midnight Recovery at the time of the subject motor vehicle accident on December 29, 2017, but denies the remainder of the allegations and averments contained in Paragraph No. 5.

6. Midnight Recovery and Worley without sufficient knowledge or information to admit or deny the allegations and averments contained in Paragraph No. 6, 7, 8 and 9 of the Amended Complaint and therefore denies same as they relate to it.

7. There are no allegations contained in Paragraph No. 10.

8. Midnight Recovery and Worley deny the allegations and averments contained in Paragraphs No. 11 and 12 to the extent that they asset legal conclusions.

9. With regard to Paragraphs No. 13, 14 and 15, Midnight Recovery and Worley admit that a motor vehicle accident occurred on or about December 29, 2017 in Jefferson County, Kentucky. However, Midnight Recovery and Worley deny the remainder of the allegations and averments in said paragraphs.

10. Midnight Recovery and Worley are without sufficient knowledge or information to admit or deny the allegations and averments contained in Paragraphs No. 16, 17, 18, 19 and 20 of the Amended Complaint and therefore denies same to the extent that they may relate to them.

11. Midnight Recovery and Worley deny the allegations and averments contained in Paragraph No. 21 of the Amended Complaint.

12. Midnight Recovery and Worley deny the allegations and averments referenced in Paragraph No. 22 to the extent that they are otherwise denied herein.

13. Midnight Recovery and Worley deny the allegations and averments contained in Paragraphs No. 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37 and 38 as they relate to them.

14. Midnight Recovery and Worley deny the allegations and averments referenced in Paragraph No. 39 to the extent that they are otherwise denied herein.

15. Midnight Recovery and Worley are without sufficient knowledge or information to admit or deny the allegations and averments contained in Paragraphs No. 40, 41, 42, 43, 44 and 45 of the Amended Complaint and therefore denies same to the extent that they may relate to them.

16. Plaintiff's claim for punitive damages is barred by the prohibition against excessive fines contained in the Eighth Amendment of the United States Constitution, by the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and by Sections 2 and 14 of the Kentucky Constitution.

17. The Complaint and Amended Complaint fail to set forth allegations sufficient to support a claim of punitive damages under existing law.

18. Plaintiff's claim for punitive damages fails to establish the central elements of fraud, oppression or malice as required by KRS 411.184, and Plaintiff is therefore not entitled to punitive damages as a matter of law.

19. Furthermore, Midnight Recovery and Worley deny that the Plaintiff is entitled to the relief prayed for in the Complaint and Amended Complaint.

20. All allegations, averments and Paragraphs in the Amended Complaint not herein specifically admitted are hereby expressly denied.

21. To the extent supported by proof at trial, the claims of the Plaintiff are barred, in whole or in part, but the failure to mitigate the claimed damages.

22. All defenses, terms, provisions, and limitations contained in the Kentucky Motor Vehicle Reparations Act at KRS 304.39-010, et. seq., are hereby adopted, incorporated, and pled by reference herein.

23. Midnight Recovery and Worley affirmatively state that Plaintiff's injuries or damages were caused by a person or entity for which Midnight Recovery and Worley are not liable, and Kentucky's comparative fault laws apply.

24. The Amended Complaint fails to state a claim against Midnight Recovery and Worley due to, or to the extent of any defenses and affirmative defenses set forth in CR 8.03 and/or CR 12.02, all of which are adopted herein by reference.

25. To the extent that Plaintiff claims damages for past or future medical costs, health care, life care or other economic losses or benefits that are offered or provided under or in connection with the Patient Protection and Affordable Care Act, recovery for those damages is prohibited.

26. Midnight Recovery and Worley reserve the right to assert further affirmative defenses, as discovery in this matter continues.

**WHEREFORE**, the Defendants, Midnight Recovery, Inc. and Christian Worley, by counsel, respectfully demands and prays as follows:

1. Dismissal of all claims against them, with prejudice;
2. Their costs herein expensed;
3. Trial by jury on all issues so triable; and
4. Any and all other relief, legal or equitable, to which they appear entitled.

ANS : 000004 of 000006

Respectfully submitted,

/s/ Patricia L. Harmeling
PATRICIA L. HARMELING
KY BAR #88906
GWIN STEINMETZ & BAIRD, PLLC
401 W. Main St., 10th Floor
Louisville, KY 40202
pharmeling@gsblegal.com
(502) 618-5717 (telephone)
(502) 618-5701 (fax)
*Counsel for Defendant Midnight Recovery, Inc. and Christian Worley*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was filed electronically on the 7th day of August, 2018 which will provide service copies to counsel listed below:

Hon. Mark K. Gray
Hon. Matthew L. White
GRAY & WHITE
713 East Market Street, Suite 200
Louisville, Kentucky 40202
*Co-counsel for Plaintiff*

And served via U.S. mail, postage prepaid, on 10th day of April, 2019 to:

Hon. Kevin C. Burke
Hon. Jamie K. Neal
BURKE & NEAL, PLLC
2200 Dundee Road, Suite C
Louisville, Kentucky 40205
*Co-counsel for Plaintiff*

Hon. Gregory Scott Gowen
Assistant Jefferson County Attorney
531 Court Place, 9th Floor
Louisville, KY 40202
*Counsel for Defendants, Ruth Williams, Courtney Wilder, Angela Downes, and Edward Meiman*

ANS : 000005 of 000006

5

FILED IN CLERK'S OFF
JEFFERSON CIRCUIT CT

NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY M. SHAW

2019 APR -- PM 3: 08

CLERK 5

JILIANNE WARNER — PLAINTIFF

D.C.

and

KENTUCKY EMPLOYERS MUTUAL INSURANCE — INTERVENING PLAINTIFF

vs.

MIDNIGHT RECOVERY, INC., *et al.* — DEFENDANTS

* * * * * * * *

**MOTION TO DISMISS FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANTS, RUTH WILLIAMS, COURTNEY WILDER, ANGELA DOWNES, AND EDWARD MEIMAN**

Pursuant to CR 10.03, defendants, Ruth Williams, Courtney Wilder, Angela Downes, and Edward Meiman, adopt by reference their Motion to Dismiss filed on October 3, 2018 and Reply in Support of Motion to Dismiss filed on January 3, 2019 in response to the First Amended Complaint filed by plaintiff, Jilianne Warner.

Respectfully Submitted,
MICHAEL J. O'CONNELL

Gregory Scott Gowen
Assistant Jefferson County Attorney
531 Court Place, Suite 900
Louisville, KY 40202
(502) 574-3337

*Counsel for Ruth Williams, Courtney Wilder, Angela Downes, and Edward Meiman*

**CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing was mailed and emailed on April 8, 2019, via first-class U.S. mail, postage prepaid to:

Mark K. Gray
Matthew L. White
GRAY & WHITE
713 East Market Street
Suite 200
Louisville, KY 40202
mgray@grayandwhitelaw.com
mwhite@grayandwhitelaw.com
*Counsel for Plaintiff, Jilianne Warner*

Patricia L. Harmeling
GWIN STEINMETZ & BAIRD, PLLC
401 W. Main Street, 10th Floor
Louisville, KY 40202
pharmeling@gsblegal.com
*Counsel for Defendant, Midnight Recovery, Inc.*

Lyn Douglas Powers
FULTON, DEVLIN & POWERS, LLC
1315 Herr Lane, Suite 210
Louisville, KY 40222
ldp@fdp.legal
*Counsel for Intervening Plaintiff, Kentucky Employers Mutual Insurance*

Gregory Scott Gowen

5

CASE NO:18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY M. SHAW

***ELECTRONICALLY FILED***

JILIANNE WARNER PLAINTIFF

v.

MIDNIGHT TOWING & RECOVERY, et. al DEFENDANTS

---

**PLAINTIFF'S NOTICE MOTION ORDER FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

---

*** *** *** *** ***

**NOTICE**

Notice is hereby given that this Motion to Leave to File First Amended Complaint shall come on for a hearing on Monday, April 1, 2019 before Judge Mary M. Shaw at 10:45 a.m. or as soon thereafter as counsel may be heard.

**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Comes the Plaintiff, Jilianne Warner, by counsel and hereby moved the Court, pursuant to CR 15.01 , for leave to file the tendered First Amended Complaint (attached as Exhibit 1).

As grounds for this motion, Plaintiff states that pursuant to CR 15.01, after an Answer has been filed, a party may amend its pleadings with leave of Court, and "leave shall be freely given when justice so requires." Plaintiff states that she is requesting to add the following parties to the instance case:

Geico Casualty Company
One Geico Plaza
Washington, DC 20076

AM : 000001 of 000002

Defendants in this matter have been served and has filed responsive pleadings. Plaintiff is neither prejudicial nor unjust to any of the parties of record.

Respectfully submitted,

/s/ Matthew L. White
Mark K. Gray (#83552)
Matthew L. White (#88595)
Terrance L. Massey Jr. (#94355)
GRAY AND WHITE LAW
713 E. Market Street
Louisville, KY 40202
Ph: (502) 805-1800
mgray@grayandwhitelaw.com
mwhite@grayandwhitelaw.com
tjmassey@grayandwhitelaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing was filed with the above court electronically via the Kentucky CourtNet 2.0 E-filing system, on Wednesday, March 27, 2019. Electronic filers will receive service by CourtNet. A copy has been mailed/emailed to current non-filers.

Patricia Harmeling, Esq.
GWIN STEINMETZ & BAIRD, PLLC
401 W. Main St., 10th Floor
Louisville, KY 40202
502-618-5717
pharmeling@gsblegal.com

Fultz Maddox Hovious Dickens
Scott Gowen, Esq.
101 South Fifth Street, Suite 2700
Louisville, KY 40202
502-588-2005
sgowen@fmhd.com; thart@fmhd.com

/s/ Matthew L. White
*Counsel for Plaintiff*

AM : 000002 of 000002

CASE NO:18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY M. SHAW

**ELECTRONICALLY FILED**

JILIANNE WARNER PLAINTIFF

v.

**PROPOSED ORDER**

MIDNIGHT TOWING & RECOVERY, et. al DEFENDANTS

*** *** *** ***

On the Motion of the Plaintiff, Julianne Warner, by counsel, for an Order to amend the Complaint and this Court having considered the arguments of the parties and being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File her First Amended Complaint is hereby GRANTED.

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK
APR 01 2019
BY DEPUTY CLERK

JUDGE, JEFFERSON CIRCUIT COURT

Date entered: ______________________

Prepared by:

/s/ Matthew L. White
Mark K. Gray (#83552)
Matthew L. White (#88595)
Terrance L. Massey Jr. (#94355)
GRAY AND WHITE LAW
713 E. Market Street
Louisville, KY 40202
Ph: (502) 805-1800
mgray@grayandwhitelaw.com
mwhite@grayandwhitelaw.com
tjmassey@grayandwhitelaw.com
*Counsel for Plaintiff*

**Cc: All counsel of record.**

TD : 000001 of 000001

NO. ___________

JEFFERSON CIRCUIT COURT
DIVISION ______

JILIANNE WARNER

PLAINTIFF

vs.

**COMPLAINT**

MIDNIGHT RECOVERY, INC.

Serve: KENTUCKY SECRETARY OF STATE
Mail to: MIDNIGHT RECOVERY, INC. c/o TODD HOOKER
1235 A Bringham Dr.
Sellersburg, IN 47172

-And-

CHRISTIAN WORLEY

Serve: KENTUCKY SECRETARY OF STATE
Mail to: CHRISTIAN WORLEY
2916 Edwardsville Galena Rd.
Georgetown, IN 47122

-And-

RUTH WILLIAMS, in her individual capacity
410 South 5th Street
Louisville, KY 40202

-And-

COURTNEY WILDER, in her individual capacity
410 South 5th Street
Louisville, KY 40202

-And-

ANGELA DOWNES, in her individual capacity
410 South 5th Street
Louisville, KY 40202

-And-

Exhibit A

Presiding Judge: HON. MARY SHAW (630277)

COM : 000001 of 000007

EDWARD JODY MEIMAN, in his individual capacity
410 South 5th Street
Louisville, KY 40202

DEFENDANTS

* * * * * * * *

Comes the Plaintiff Jilianne Warner, by and through her undersigned counsel, and in support of her complaint against the Defendants Midnight Recovery, Inc. and Christian Worley (collectively "Wrecker Defendants"); and Operator Ruth Williams, Operator Courtney Wilder, Angela Downes, and Jody Meiman (collectively "MetroSafe 911 Defendants") states as follows:

**PARTIES**

1. At all times relevant hereto, Plaintiff Jilianne Warner ("Warner"), was a resident of Jefferson County, Kentucky.

2. At all times relevant hereto, Defendant Midnight Recovery, Inc. ("Midnight Recovery") was an Indiana Corporation organized and existing under the laws of the State of Indiana and doing business in Kentucky, and it is subject to the jurisdiction of this Court.

3. At all times relevant hereto, Defendant Christian Worley ("Worley") was a resident of Indiana with an address of 2916 Edwardsville Galena Rd. Georgetown, IN 47122. At all times relevant hereto, Defendant Worley was acting individually and as an agent, servant, employee, or ostensible agent of Defendant Midnight Recovery.

4. Upon information and belief, at all times relevant hereto, Defendant Ruth Williams ("Operator Williams"), individually, was an employee of Louisville Emergency Services, working as a MetroSafe 911 operator, and a resident of Jefferson County, Kentucky.

5. Upon information and belief, at all times relevant hereto, Defendant Courtney Wilder ("Operator Wilder"), individually, was an employee of Louisville Emergency Services, working as a MetroSafe 911 operator, and a resident of Jefferson County, Kentucky.

Presiding Judge: HON. MARY SHAW (630277)

COM : 000002 of 000007

6. Upon information and belief, at all times relevant hereto, Defendant Angela Downes ("Downes"), individually, was an employee of Louisville Emergency Services, working as a director of MetroSafe, and a resident of Jefferson County, Kentucky.

7. Upon information and belief, at all times relevant hereto, Defendant Edward Jody Meiman ("Meiman"), individually, was the director and an employee of Louisville Emergency Services and a resident of Jefferson County, Kentucky.

**JURISDICTION**

8. Jurisdiction is proper as Plaintiff is seeking damages in excess of the minimum amount necessary to meet the jurisdictional requirements of this Court, and Defendants Worley and Midnight Recovery are subject to jurisdiction of this Court pursuant to KRS 454.210.

9. Venue is proper as the cause of action, which is the subject of this complaint, arose in Jefferson County, Kentucky.

**FACTS**

10. On or about December 29, 2017, Plaintiff Warner was stopped at a red light on the Greenbelt Highway in Jefferson County Kentucky, when a wrecker owned and operated by Midnight Recovery, and being driven by Worley, collided with the back of Warner's vehicle at an extremely high rate of speed (the "Crash").

11. The violent impact of the Crash caused permanent, catastrophic injuries to Plaintiff Warner.

12. Shortly after the Crash, Defendant Worley called MetroSafe 911 and spoke with Operator Williams. Operator Williams failed to obtain all basic information regarding the Crash from Worley, including failing to determine the severity of the Crash and that the Crash resulted

Presiding Judge: HON. MARY SHAW (630277)

COM : 000003 of 000007

in injuries. Operator Williams incorrectly classified the event as a non-injury accident. Operator Williams also failed to dispatch an ambulance to the scene.

13. Less than a minute after Worley's call, an unidentified individual called MetroSafe 911 and spoke with Operator Wilder. Operator Wilder failed to obtain additional pertinent information regarding the Crash, including failing to determine the severity of the Crash and that the Crash resulted in injuries. Operator Wilder failed to properly classify or re-classify the event as an injury accident. Operator Wilder also failed to dispatch an ambulance to the scene.

14. Not until a third individual called MetroSafe 911 was the event properly classified as an injury accident and an ambulance dispatched to the scene.

15. Upon information and belief, on the date of the Crash and at all times relevant hereto, Defendants Downes and Meiman supervised Operator Williams and Operator Wilder in their work as 911 Operators. Upon information and belief, Defendants Downes and Meiman were responsible for training Operator Williams and Operator Wilder to comply with their duties as 911 Operators.

16. The delay in dispatching an ambulance and otherwise providing prompt medical care caused and exacerbated the permanent, catastrophic injuries to Plaintiff Warner.

17. At some date after the collision, the Wrecker Defendants willfully spoliated evidence by repairing the wrecker and placing it back into service despite receipt of litigation hold letters, an awareness of the severity of the injuries sustained by Plaintiff Warner, and the stated desire of Plaintiff Warner to inspect the wrecker before any repairs.

Presiding Judge: HON. MARY SHAW (630277)

COM : 000004 of 000007

## CAUSES OF ACTION

### I. Negligence of the Wrecker Defendants

18. Plaintiff Warner realleges and incorporates by reference all allegations above.

19. In operating the wrecker, Defendant Worley owed a duty to exercise reasonable care for the safety of other drivers, including but not limited to duties to avoid collisions with other drivers, to keep a lookout ahead, to drive at a reasonable and prudent speed, to have his vehicle under reasonable control, and to obey traffic signals.

20. Defendants Midnight Recovery and Worley both owed duties to exercise reasonable care in checking, inspecting, and maintaining all systems of the wrecker in proper working order, including but not limited to the braking system.

21. Defendant Midnight Recovery had a duty to properly supervise and train Defendant Worley.

22. Worley breached his duties by failing to ensure that the wrecker was in proper working order before operating it and by driving in such a manner as to cause the wrecker to collide with Plaintiff Warner's vehicle.

23. Midnight Recovery breached its duties by failing to adequately train and supervise Worley and by failing to ensure that the wrecker was in proper working order before allowing Worley to operating the wrecker.

24. Midnight Recovery, due to its relationship with Worley, is vicariously liable for Defendant Worley's negligence.

25. As a direct and proximate result of the negligence of Midnight Recovery and Worley, Plaintiff Warner has suffered and will continue to suffer severe injuries, past and future

Presiding Judge: HON. MARY SHAW (630277)

COM : 000005 of 000007

mental and physical pain and suffering, past and future medical expenses, lost time and wages, permanent disfigurement, and loss of her power to labor and earn money.

26. At all times herein mentioned, the acts and omissions of the Wrecker Defendants were wanton, grossly negligent, malicious, reckless, oppressive, and/or demonstrated a disregard or reckless indifference to the rights and welfare of Plaintiff Warner in particular and the public in general.

## II. Negligence of the MetroSafe 911 Defendants

27. Plaintiff Warner realleges and incorporates by reference all allegations above.

28. In answering 911 calls, Operator Williams and Operator Wilder owed duties to exercise reasonable and ordinary care to obtain all basic information from callers, including the type of emergency and hazards involved, and to initiate an appropriate public safety response. These are ministerial duties.

29. In answering redundant 911 calls, or repeat calls on the same incident, Operator Williams and Operator Wilder owed duties to exercise reasonable and ordinary care to obtain any additional pertinent information regarding the emergency. These are ministerial duties.

30. In supervising MetroSafe's 911 Operators, Defendants Downes and Meiman owed duties to exercise reasonable and ordinary care to properly train all MetroSafe 911 Operators to adhere to the duties of 911 Operators. These are ministerial duties.

31. Operator Williams and Operator Wilder breached their duties by failing to obtain all basic information regarding the Crash, including the type of emergency and hazards involved, and by failing to dispatch an ambulance to the scene and failing to otherwise initiate an appropriate public safety response.

Presiding Judge: HON. MARY SHAW (630277)

COM : 000006 of 000007

Filed 18-CI-003622 08/22/2018 David L. Nicholson, Jefferson Circuit Clerk
NOT ORIGINAL DOCUMENT
07/24/2018 09:24:34 AM
25850-3

32. Defendants Downes and Meiman breached their duties by failing to properly train Operator Williams and Operator Wilder to adhere to the duties of 911 Operators.

33. As a direct and proximate result of the negligence of the MetroSafe 911 Defendants, Plaintiff Warner has suffered and will continue to suffer severe injuries, past and future mental and physical pain and suffering, past and future medical expenses, lost time and wages, permanent disfigurement, and loss of her power to labor and earn money.

**WHEREFORE**, the Plaintiff Jilianne Warner demands judgment against all Defendants, as follows:

1. For compensatory damages in an amount that is fair and reasonable;
2. For punitive damages in an amount to be determined by the jury;
3. For a trial by jury of all issues triable as of right by a jury;
4. For attorney's fees and costs herein expended;
5. For prejudgment interest from the date of injury until paid; and
6. For any and all further relief to which Plaintiff may appear entitled.

Respectfully submitted,

/s/ Jacob Levy
Mark K. Gray
Matthew L. White
Jacob E. Levy
GRAY & WHITE
713 East Market Street
Suite 200
Louisville, Kentucky 40202

*Counsel for Plaintiff*

Presiding Judge: HON. MARY SHAW (630277)

COM : 000007 of 000007

NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY M. SHAW

JILIANNE WARNER PLAINTIFF

vs.

**FIRST AMENDED COMPLAINT**

GEICO

Serve: KENTUCKY SECRETARY OF STATE

Mail to: GEICO
ONE GEICO PLAZA
WASHINGTON, D.C. 20076

Mail to: GEICO
Corporate Headquarters
5260 Western Avenue
Chevy Chase, MD 20815

MIDNIGHT RECOVERY, INC.

Serve: KENTUCKY SECRETARY OF STATE
Mail to: MIDNIGHT RECOVERY, INC. c/o TODD HOOKER
1235 A Bringham Dr.
Sellersburg, IN 47172

-And-

CHRISTIAN WORLEY

Serve: KENTUCKY SECRETARY OF STATE
Mail to: CHRISTIAN WORLEY
2916 Edwardsville Galena Rd.
Georgetown, IN 47122

-And-

RUTH WILLIAMS, in her individual capacity
410 South 5th Street
Louisville, KY 40202

-And-

COURTNEY WILDER, in her individual capacity
410 South 5th Street
Louisville, KY 40202

-And-

ANGELA DOWNES, in her individual capacity
410 South 5th Street
Louisville, KY 4020

-And-

EDWARD JODY MEIMAN, in his individual capacity
410 South 5th Street
Louisville, KY 4020

DEFENDANTS

* * * * * * * *

Comes the Plaintiff Jilianne Warner, by and through her undersigned counsel, and in support of her First Amended Complaint against the Defendants GEICO, Midnight Recovery, Inc. and Christian Worley (collectively "Wrecker Defendants"); and Operator Ruth Williams, Operator Courtney Wilder, Angela Downes, and Jody Meiman (collectively "MetroSafe 911 Defendants") states as follows:

**PARTIES**

1. Plaintiff adopts and incorporates herein by reference as if fully stated verbatim, each and every allegation set forth in her original Complaint.

2. At all times relevant hereto, Plaintiff Jilianne Warner ("Warner"), was a resident of Jefferson County, Kentucky.

EXH : 000002 of 000010

3. At all times relevant hereto, Defendant GEICO, was a Maryland Corporation organized and existing under the laws of the State of Maryland and doing business in Kentucky, and it is subject to jurisdiction of this Court.

4. At all times relevant hereto, Defendant Midnight Recovery, Inc. ("Midnight Recovery") was an Indiana Corporation organized and existing under the laws of the State of Indiana and doing business in Kentucky, and it is subject to the jurisdiction of this Court.

5. At all times relevant hereto, Defendant Christian Worley ("Worley") was a resident of Indiana with an address of 2916 Edwardsville Galena Rd. Georgetown, IN 47122. At all times relevant hereto, Defendant Worley was acting individually and as an agent, servant, employee, or ostensible agent of Defendant Midnight Recovery.

6. Upon information and belief, at all times relevant hereto, Defendant Ruth Williams ("Operator Williams"), individually, was an employee of Louisville Emergency Services, working as a MetroSafe 911 operator, and a resident of Jefferson County, Kentucky.

7. Upon information and belief, at all times relevant hereto, Defendant Courtney Wilder ("Operator Wilder"), individually, was an employee of Louisville Emergency Services, working as a MetroSafe 911 operator, and a resident of Jefferson County, Kentucky.

8. Upon information and belief, at all times relevant hereto, Defendant Angela Downes ("Downes"), individually, was an employee of Louisville Emergency Services, working as a director of MetroSafe, and a resident of Jefferson County, Kentucky.

9. Upon information and belief, at all times relevant hereto, Defendant Edward Jody Meiman ("Meiman"), individually, was the director and an employee of Louisville Emergency Services and a resident of Jefferson County, Kentucky.

10.

**JURISDICTION**

11. Jurisdiction is proper as Plaintiff is seeking damages in excess of the minimum amount necessary to meet the jurisdictional requirements of this Court, and Defendants GEICO, Midnight Recovery and Worley are subject to jurisdiction of this Court pursuant to KRS 454.210.

12. Venue is proper as the cause of action, which is the subject of this complaint, arose in Jefferson County, Kentucky.

**FACTS**

13. On or about December 29, 2017, Plaintiff Warner was stopped at a red light on the Greenbelt Highway in Jefferson County Kentucky, when a wrecker responding to a GEICO directed roadside assistance run, collided with the back of Warner's vehicle at an extremely high rate of speed (the "Crash"). The wrecker was owned and operated by Midnight Recovery under the direction of GEICO, and was being driven by Worley.

14. GEICO allowed Midnight Recovery to display GEICO's name on Midnight Recovery's place of business and its service vehicles including but not limited to the wreck involved in the Crash.

15. The violent impact of the Crash caused permanent, catastrophic injuries to Plaintiff Warner including, but not limited to, paralysis of her arms and legs.

16. Shortly after the Crash, Defendant Worley called MetroSafe 911 and spoke with Operator Williams. Operator Williams failed to obtain all basic information regarding the Crash from Worley, including failing to determine the severity of the Crash and that the Crash resulted in injuries. Operator Williams incorrectly classified the event as a non-injury accident. Operator Williams also failed to dispatch an ambulance to the scene.

17. Less than a minute after Worley's call, an unidentified individual called MetroSafe 911 and spoke with Operator Wilder. Operator Wilder failed to obtain additional pertinent information regarding the Crash, including failing to determine the severity of the Crash and that the Crash resulted in injuries. Operator Wilder failed to properly classify or re-classify the event as an injury accident. Operator Wilder also failed to dispatch an ambulance to the scene.

18. Not until a third individual called MetroSafe 911 was the event properly classified as an injury accident and an ambulance dispatched to the scene.

19. Upon information and belief, on the date of the Crash and at all times relevant hereto, Defendants Downes and Meiman supervised Operator Williams and Operator Wilder in their work as 911 Operators. Upon information and belief, Defendants Downes and Meiman were responsible for training Operator Williams and Operator Wilder to comply with their duties as 911 Operators.

20. The delay in dispatching an ambulance and otherwise providing prompt medical care caused and exacerbated the permanent, catastrophic injuries to Plaintiff Warner.

21. At some date after the collision, the Wrecker Defendants willfully spoliated evidence by removing parts and performing repairs, including, but not limited to, removing any and all GEICO signage placed on the wrecker, and placing it back into service despite receipt of litigation hold letters, an awareness of the severity of the injuries sustained by Plaintiff Warner, the probability of litigation concerning the Crash, and the stated desire of Plaintiff Warner to inspect the wrecker before any repairs. As a result, Plaintiff was not afforded the opportunity to inspect the wrecker involved in the collision for GEICO signage, mechanical defects nor other matters of evidence as a result of Wrecker Defendants willful destruction of same.

EXH : 000005 of 000010

## CAUSES OF ACTION

### I. Negligence of the Wrecker Defendants

22. Plaintiff Warner realleges and incorporates by reference all allegations above.

23. In allowing and directing Defendant Midnight Recovery and Worley to operate a wrecker and respond to GEICO directed roadside assistance calls, GEICO owed a duty to exercise reasonable care to for the safety of other drivers including, but not limited to, duties to properly research and verify the safety and training practices of Midnight Recovery and Worley.

24. GEICO also owed a duty to exercise reasonable care to for the safety of other drivers by performing sufficient background and other safety checks of Midnight Recovery, Worley and their equipment that would be used to perform these GEICO directed service runs.

25. GEICO had a duty of reasonable care for the safety of other drivers, including but not limited to duties to have vehicles GEICO directs to respond to GEICO roadside assistance calls avoid collisions with other drivers, to keep a lookout ahead, to drive at a reasonable and prudent speed, to have under reasonable control, to comply with safe vehicle operating practices, and to obey traffic signals and laws.

26. GEICO's duties were non-delegable as they involved the inherently dangerous activity of directing heavy wreckers such as the one operated by Worley to be placed on Kentucky roadways in response to GEICO dispatching same to service GEICO roadside assistance calls.

27. GEICO had significant control over Midnight Recovery and Worley's conduct as it relates to the collision involving Warner including but not limited to, GEICO's ability to approve Midnight Recovery's equipment, GEICO's requirement that Midnight Recovery respond and arrive at GEICO dispatched roadside assistance calls according to dangerous time-limitations

EXH : 000006 of 000010

imposed by GEICO, GEICO's ability to modify Midnight Recovery's service areas, and GEICO's ability to require background checks for Midnight Recovery and its employees such as Worley.

28.    In operating the wrecker, Defendant Worley owed a duty to exercise reasonable care for the safety of other drivers, including but not limited to duties to avoid collisions with other drivers, to keep a lookout ahead, to drive at a reasonable and prudent speed, to have his vehicle under reasonable control, to comply with safe vehicle operating practices, and to obey traffic signals and laws.

29.    Defendants GEICO, Midnight Recovery and Worley owed duties to exercise reasonable care in checking, inspecting, and maintaining all systems of the wrecker in proper working order, including but not limited to the braking system and other safety systems.

30.    Defendant Midnight Recovery had a duty to properly supervise and train Defendant Worley.

31.    Worley breached his duties by failing to ensure that the wrecker was in proper working order before operating it and by driving in such a manner as to cause the wrecker to collide with Plaintiff Warner's vehicle.

32.    Midnight Recovery breached its duties by failing to adequately train and supervise Worley and by failing to ensure that the wrecker was in proper working order before allowing Worley to operate the wrecker.

33.    GEICO breached its duty by failing to ensure Midnight Recovery had sufficient safety and training practices of its wrecker operators including Worley.

34.    GEICO breached its duty by failing to ensure the wrecker it dispatched to respond to roadside assistance calls on the day of the Crash was in proper working order before being

EXH : 000007 of 000010

operated and by allowing it to be driven in such a manner as to cause the wrecker to collide with Plaintiff Warner's vehicle.

35. Midnight Recovery, due to its relationship with Worley, is vicariously liable for Defendant Worley's negligence.

36. Due to GEICO's relationship with Midnight Recovery and Worley and pursuant to the principles of actual agency, ostensible agency, and apparent authority, GEICO is vicariously liable for Defendants Midnight Recovery and Worley's negligence.

37. As a direct and proximate result of the negligence of GEICO, Midnight Recovery and Worley, Plaintiff Warner has suffered and will continue to suffer severe injuries, past and future mental and physical pain and suffering, past and future medical expenses, lost time and wages, permanent disfigurement, and loss of her power to labor and earn money.

38. At all times herein mentioned, the acts and omissions of the Wrecker Defendants were wanton, grossly negligent, malicious, reckless, oppressive, and/or demonstrated a disregard or reckless indifference to the rights and welfare of Plaintiff Warner in particular and the public in general.

**II. Negligence of the MetroSafe 911 Defendants**

39. Plaintiff Warner realleges and incorporates by reference all allegations above.

40. In answering 911 calls, Operator Williams and Operator Wilder owed duties to exercise reasonable and ordinary care to obtain all basic information from callers, including the type of emergency and hazards involved, and to initiate an appropriate public safety response. These are ministerial duties.

EXH : 000008 of 000010

41.     In answering redundant 911 calls, or repeat calls on the same incident, Operator Williams and Operator Wilder owed duties to exercise reasonable and ordinary care to obtain any additional pertinent information regarding the emergency. These are ministerial duties.

42.     In supervising MetroSafe's 911 Operators, Defendants Downes and Meiman owed duties to exercise reasonable and ordinary care to properly train all MetroSafe 911 Operators to adhere to the duties of 911 Operators. These are ministerial duties.

43.     Operator Williams and Operator Wilder breached their duties by failing to obtain all basic information regarding the Crash, including the type of emergency and hazards involved, and by failing to dispatch an ambulance to the scene and failing to otherwise initiate an appropriate public safety response.

44.     Defendants Downes and Meiman breached their duties by failing to properly train Operator Williams and Operator Wilder to adhere to the duties of 911 Operators.

45.     As a direct and proximate result of the negligence of the MetroSafe 911 Defendants, Plaintiff Warner has suffered and will continue to suffer severe injuries, past and future mental and physical pain and suffering, past and future medical expenses, lost time and wages, permanent disfigurement, and loss of her power to labor and earn money.

**WHEREFORE**, the Plaintiff Jilianne Warner demands judgment against all Defendants, as follows:

1.     For compensatory damages in an amount that is fair and reasonable;

2.     For punitive damages in an amount to be determined by the jury;

3.     For a trial by jury of all issues triable as of right by a jury;

4.     For attorney's fees and costs herein expended;

5.     For prejudgment interest from the date of injury until paid; and

EXH : 000009 of 000010

6. For any and all further relief to which Plaintiff may appear entitled.

Respectfully submitted,

/s/ Matthew White
Mark K. Gray
Matthew L. White
GRAY & WHITE
713 East Market Street
Suite 200
Louisville, Kentucky 40202

Kevin C. Burke
Jamie K. Neal
BURKE NEAL PLLC
2200 Dundee Road, Suite C
Louisville, KY 40205

*Counsel for Plaintiff*

5

CIVIL ACTION NO. 18-CI-003622                    JEFFERSON CIRCUIT COURT
                                                              DIVISION FIVE (5)
                                                              JUDGE MARY SHAW

                                    *Filed Electronically*

JILIANNE WARNER                                              PLAINTIFF

v.          **ANSWER OF MIDNIGHT RECOVERY, INC. and
            CHRISTIAN WORLEY TO INVERVENING COMPLAINT**

MIDNIGHT RECOVERY, INC.,
CHRISTIAN WORLEY, RUTH WILLIAMS,
COURTNEY WILDER, ANGELA DOWNES, and
EDWARD JODY MEIMAN                                            DEFENDANTS

                        ** ** ** ** **

Come the Defendants, Midnight Recovery, Inc. (hereinafter "Midnight Recovery") and

Christian Worley (hereinafter "Worley"), by counsel, and for their Answer to the Intervening

Complaint of Kentucky Employers Mutual Insurance filed herein state as follows:

1.    Midnight Recovery and Worley deny the allegations and averments referenced in

Paragraph No. 1 of the Intervening Complaint to the extent that they were previously denied in their

respective Answers herein.

2.    Midnight Recovery and Worley are without sufficient knowledge or information to

admit or deny the allegations and averments contained in Paragraph No. 2, 3, 4, 5 and 6 of the

Intervening Complaint and therefore denies same.

3.    Midnight Recovery and Worley deny the allegations and averments contained in

Paragraph No. 7 of the Intervening Complaint.

4.    Furthermore, Midnight Recovery and Worley deny that the Intervening Plaintiff is

entitled to the relief prayed for in the Intervening Complaint.

ANS : 000001 of 000004

5. All allegations, averments and Paragraphs in the Intervening Complaint not herein specifically admitted are hereby expressly denied.

6. To the extent supported by proof at trial, the claims of the Intervening Plaintiff are barred, in whole or in part, but the failure to mitigate the claimed damages.

7. All defenses, terms, provisions, and limitations contained in the Kentucky Motor Vehicle Reparations Act at KRS 304.39-010, et. seq., are hereby adopted, incorporated, and pled by reference herein.

8. Midnight Recovery and Worley affirmatively state that Plaintiff's injuries or damages, and therefore Intervening Plaintiff's alleged damages, were caused by a person or entity for which Midnight Recovery and Worley is not liable, and Kentucky's comparative fault laws apply.

9. The Intervening Complaint fails to state a claim against Midnight Recovery and Worley due to, or to the extent of any defenses and affirmative defenses set forth in CR 8.03 and/or CR 12.02, all of which are adopted herein by reference.

10. Midnight Recovery and Worley reserve the right to assert further affirmative defenses, as discovery in this matter continues.

**WHEREFORE**, the Defendants, Midnight Recovery, Inc., and Christin Worley, by counsel, respectfully demands and prays as follows:

1. Dismissal of all claims against them, with prejudice;
2. Their costs herein expensed;
3. Trial by jury on all issues so triable; and
4. Any and all other relief, legal or equitable, to which they appear entitled.

Respectfully submitted,

/s/ Patricia L. Harmeling
PATRICIA L. HARMELING
KY BAR #88906
GWIN STEINMETZ & BAIRD, PLLC
401 W. Main St., 10th Floor
Louisville, KY 40202
pharmeling@gsblegal.com
(502) 618-5717 (telephone)
(502) 618-5701 (fax)
*Counsel for Defendants, Midnight Recovery, Inc. and Christian Worley*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was filed electronically on the 19th day of March, 2019 which will provide service copies to counsel listed below:

Hon. Mark K. Gray
Hon. Matthew L. White
Hon. Jacob E. Levy
GRAY & WHITE
713 East Market Street, Suite 200
Louisville, Kentucky 40202
*Counsel for Plaintiff*

And served via U.S. Mail, postage prepaid, on the 19th day of March, 2019 upon counsel listed below:

Hon. Gregory Scott Gowen
Assistant Jefferson County Attorney
531 Court Place, 9th Floor
Louisville, KY 40202
*Counsel for Defendants, Ruth Williams, Courtney Wilder, Angela Downes, and Edward Meiman*

Hon. Lyn Douglas Powers
FULTON, DEVLIN & POWERS, LLC
1315 Herr Lane, Suite 210
Louisville, Kentucky 40222
*Counsel for Intervening Plaintiff*

ANS : 000003 of 000004

CR 24.01(2) provides that, upon failure of any party to file an Objection to this Motion to Intervene within ten (10) days, the Court shall enter an Order without the necessity of appearance or court hearing. The Intervening Plaintiff, KEMI, therefore, requests that the attached Order be entered by the Court if no party files an Objection within ten days.

Respectfully submitted,

/s/ Lyn Douglas Powers

Lyn Douglas Powers, Esq.
FULTON, DEVLIN & POWERS, LLC
1315 Herr Lane, Suite 210
Louisville, KY 40222
Direct Dial: (502) 813-7805
Direct Fax: (502) 813-7825
ldp@fdp.legal
*Attorney for Intervening Plaintiff,*
*Kentucky Employers Mutual Insurance*

**CERTIFICATE OF SERVICE**

I hereby certify that the original of the foregoing was served on January 25, 2019, by U.S. Mail, to:

Mr. David Nicholson, Clerk
Jefferson Circuit Court
Jefferson County Judicial Center
700 West Jefferson Street
Louisville, KY 40202

And by mailing a true copy hereof to:

Jacob E. Levy, Esq.
Mark K. Gray, Esq.
Gray & White
713 E. Market Street
Louisville, KY 40202
*Counsel for Plaintiff*

Patricia L. Harmeling, Esq.
Gwin Steinmetz & Baird
401 W. Main Street, #1000
Louisville, KY 40202
*Counsel for Defendants,*
*Midnight Recovery, Inc. and Christian Worley*

Gregory Scott Gowen, Esq.
Assistant Jefferson County Attorney
531 Court Place, 9th Floor
Louisville, KY 40202
*Counsel for Defendants, Ruth Williams,*
*Courtney Wilder, Angela Downes & Edward Jody Meiman*

/s/ Lyn Douglas Powers
Lyn Douglas Powers, Esq.

Tendered by:

Lyn Douglas Powers, Esq.
Fulton, Devlin & Powers, LLC
1315 Herr Lane, Suite 210
Louisville, KY  40222
*Counsel for Intervening Plaintiff, KEMI*


Copies to:

Jacob E. Levy, Esq.
Mark K. Gray, Esq.
Gray & White
713 E. Market Street
Louisville, KY  40202
*Counsel for Plaintiff*

Patricia L. Harmeling, Esq.
Gwin Steinmetz & Baird
401 W. Main Street, #1000
Louisville, KY  40202
*Counsel for Defendants,*
*Midnight Recovery, Inc. and Christian Worley*

Gregory Scott Gowen, Esq.
Assistant Jefferson County Attorney
531 Court Place, 9th Floor
Louisville, KY  40202
*Counsel for Defendants, Ruth Williams,*
*Courtney Wilder, Angela Downes & Edward Jody Meiman*

Lyn Douglas Powers, Esq.
Fulton, Devlin & Powers, LLC
1315 Herr Lane, Suite 210
Louisville, KY  40222
*Counsel for Intervening Plaintiff, KEMI*

FILED IN CLERKS OFF
JEFFERSON CIRCUIT

19 MAY 24 AM 10: 09

CLERK ... D.C.

Midnight Towing

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Gieco Co.
SECRETARY OF STATE
PO BOX 718
FRANKFORT, KY 40602

18CI36222

9590 9402 4853 9032 0033 86

2. Article Number

017 2620 0000 1916 3414

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature ☐ Agent ☐ Addressee

X

B. Received by (Printed Name) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

BRIAN HOWARD

MAY 20 2019

3. Service Type

- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☒ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Midnight Towing

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: Geico Cas Co

SECRETARY OF STATE
PO BOX 718
FRANKFORT, KY 40602

18CI 3622

9590 9402 4853 9032 0033 79

2. Article Number

7017 2620 0000 1916 3407

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

BRIAN HOWARD

MAY 2 2019

LEXINGTON, KENTUCKY MAY 20 2019 40511-9791 USPS

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

CIVIL ACTION NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION 5
HON. MARY SHAW, JUDGE


JILIANNE WARNER                                                    PLAINTIFF

AND

KENTUCKY EMPLOYERS MUTUAL INSURANCE          INTERVENING PLAINTIFF

V.                    **INTERVENING COMPLAINT**

MIDNIGHT RECOVERY, INC.
AND
CHRISTIAN WORLEY
AND
RUTH WILLIAMS
AND
COURTNEY WILDER
AND
ANGELA DOWNES
AND
EDWARD JODY MEIMAN                                              DEFENDANTS

* * * * *

Comes now the Intervening Plaintiff, Kentucky Employers Mutual Insurance ("KEMI"), by and through counsel, with leave of Court, and for its cause of action against the Defendants, states as follows:

1.     KEMI incorporates by reference and includes as if set out in full herein, the allegations contained in the Complaint of Plaintiff, Jilianne Warner, against the named Defendants.

2.     That on the date and time of the accident from which this litigation arose, Plaintiff, Jilianne Warner, was an employee of Teal Logistics, LLC, which has a business address of 10200 Forest Green Blvd., Suite 1, Louisville, KY 40223.

3.      That on the date and time of the accident from which this litigation arose, Plaintiff, Jilianne Warner, was acting within the course and scope of her employment with Teal Logistics, LLC.

4.      That on the date and time of the accident from which this litigation arose, Teal Logistics, LLC, had workers' compensation coverage through KEMI providing for payment of workers' compensation benefits payable to or on behalf of employees of Teal Logistics, LLC, including the Plaintiff herein, Jilianne Warner.

5.      That the above-referenced policy of workers' compensation insurance was in full force and effect on the date of the accident out of which this litigation arose.

6.      That Plaintiff, Jilianne Warner, has made a claim upon Teal Logistics, LLC, and KEMI, its workers' compensation carrier, for workers' compensation benefits payable pursuant to Chapter 342 of the Kentucky Revised Statutes and pursuant to the policy of insurance referenced above. As of January 3, 2019, KEMI has paid workers' compensation benefits to or on behalf of Plaintiff, Jilianne Warner, in the total amount of $593,743.50. KEMI will be required to pay additional sums for such benefits into the future.

7.      Pursuant to the provisions of KRS 342.700, KEMI is entitled to recover from the Defendants all sums not to exceed the indemnity and medical paid or payable to or for the benefit of Plaintiff, Jilianne Warner, under Chapter 342 of the Kentucky Revised Statutes.

WHEREFORE, the Intervening Plaintiff, KEMI, by counsel, hereby demands judgment as follows:

1.      Judgment against the Defendants in the total amount of $593,743.50, plus additional sums KEMI may hereafter be required to pay to or on behalf of Plaintiff, Jilianne Warner, as workers' compensation benefits;

2. Its costs herein expended; and,

3. Any and all just and proper relief to which KEMI may be entitled in this action.

Respectfully submitted,

/s/ Lyn Douglas Powers

Lyn Douglas Powers, Esq.
FULTON, DEVLIN & POWERS, LLC
1315 Herr Lane, Suite 210
Louisville, KY 40222
Direct Dial: (502) 813-7805
Direct Fax: (502) 813-7825
ldp@fdp.legal
*Attorney for Intervening Plaintiff,*
*Kentucky Employers Mutual Insurance*

**CERTIFICATE OF SERVICE**

I hereby certify that the original of the foregoing was served on January 25, 2019, by U.S. Mail, to:

Mr. David Nicholson, Clerk
Jefferson Circuit Court
Jefferson County Judicial Center
700 West Jefferson Street
Louisville, KY 40202

And by mailing a true copy hereof to:

Jacob E. Levy, Esq.
Mark K. Gray, Esq.
Gray & White
713 E. Market Street
Louisville, KY 40202
*Counsel for Plaintiff*

Patricia L. Harmeling, Esq.
Gwin Steinmetz & Baird
401 W. Main Street, #1000
Louisville, KY 40202
*Counsel for Defendants,*
*Midnight Recovery, Inc. and Christian Worley*

Gregory Scott Gowen, Esq.
Assistant Jefferson County Attorney
531 Court Place, 9th Floor
Louisville, KY 40202
*Counsel for Defendants, Ruth Williams,*
*Courtney Wilder, Angela Downes & Edward Jody Meiman*

/s/ Lyn Douglas Powers
Lyn Douglas Powers, Esq.

FILED IN CLERKS OFF
JEFFERSON CIRCUIT CT

2019 JAN -3 PM 3:02

CLERK 5

D.C.

NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY M. SHAW

JILIANNE WARNER — PLAINTIFF

vs.

MIDNIGHT RECOVERY, INC., *et al.* — DEFENDANTS

* * * * * * * *

**REPLY IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF DEFENDANTS, RUTH WILLIAMS, COURTNEY WILDER, ANGELA DOWNES, AND EDWARD MEIMAN**

Plaintiff asks this Court to deny the Motion to Dismiss filed by the Emergency Services Defendants because it relies on "several materials outside the pleadings," therefore converting it to a motion for summary judgment, and it is premature because no discovery has been taken. Resp. at 1, 3-6. Neither is a reason for denying the Motion to Dismiss.

"[I]f public records refute a plaintiff's claim, a defendant may attach those documents to its motion to dismiss, and a court can then consider them in resolving the Rule 12(b)(6) motion without converting the motion into a Rule 56 motion for summary judgment." *In re Omnicare, Inc. Securities Litigation,* 769 F.3d 455, 466 (6th Cir. 2014). Therefore, this Court may consider the Event Chronology (Ex. 2 to Motion to Dismiss) and CD containing three 911 calls for service (Ex. 3 to Motion to Dismiss) in ruling on the Motion to Dismiss.

With respect to the issue of whether the Emergency Services Defendants owed plaintiff a legal duty, plaintiff seeks to avoid the application of *McCuiston v. Butler,* 509 S.W.3d 76 (Ky.App. 2017) by attempting to distinguish it. Plaintiff claims that William Butler, the 911 dispatcher, performed his job duties in a responsible manner as opposed to the allegations against the Emergency Services Defendants in this case. Resp. at 7-8. In fact, Butler's employment with the City of Henderson was initially terminated for failing to follow several regulations. It

was only after a civil service hearing that Butler's employment was reinstated with a six month suspension without pay. *Id.* at 78. Despite Butler's failure to follow several regulations and his six month suspension without pay, the Kentucky Supreme Court nevertheless determined – as a matter of law – that Butler did not owe a duty to Ms. McCuiston. *Id.* at 82-83. If Butler did not owe a duty to Ms. McCuiston, then the Emergency Services Defendants certainly do not owe a duty to plaintiff.

With respect to the Emergency Services Defendants' claims of qualified official immunity, there is no amount or type of discovery needed for the Court to make the purely legal determination of whether the Emergency Services Defendants enjoy immunity. Plaintiff's request to conduct discovery is simply an attempt to delay the Court's ruling on a legal issue. "[W[hen faced with a motion based on qualified immunity, a [trial] court can not avoid ruling on the issue." *Everson v. Leis*, 556 F.3d 484, 492 (6th Cir. 2009) citing to *Summers v. Leis*, 368 F.3d 881, 886 (6th Cir. 2004.) In *Everson*, the Court explained:

> If a [trial] court can thwart interlocutory appeal by refusing to address qualified immunity through abeyance rather than dismissal, then the [trial] court can effectively ignore this court's directive that [trial] courts address qualified immunity promptly.

*Everson*, 556 F.3d at 492.

What's more, plaintiff misses the point of why qualified official immunity exists. "The purpose of a qualified immunity defense is not only protection from civil damages but protection from the rigors of litigation itself, including the potential disruptiveness of discovery." *Summers*, 368 F.3d at 886. In *Summers*, the Court specifically recognized that by allowing a defendant to simply renew the motion later, the defendant "would in the meantime be forced to go through a large part of the litigation process that the qualified immunity doctrine seeks to avoid." *Id.* quoting *Wallin v. Norman*, 317 F.3d 558, 563 (6th Cir. 2003). The Emergency Services

Defendants have filed a properly supported Motion to Dismiss on the issue of qualified official immunity and this Court should rule on that motion at this stage of the case.

As a matter of law, the Emergency Services Defendants owed no legal duty to plaintiff. What's more, the Emergency Services Defendants' actions or inactions was not the legal cause of plaintiff's alleged damages. And to the extent that the Court determines that the Emergency Services Defendants' conduct rises to the level of actionable negligence, they are shielded from liability by the doctrine of qualified official immunity.

For these reasons, the Emergency Services Defendants are entitled to judgment as a matter of law and the Court should dismiss all claims against them.

Respectfully Submitted,
MICHAEL J. O'CONNELL

Gregory Scott Gowen
Assistant Jefferson County Attorney
531 Court Place, Suite 900
Louisville, KY 40202
(502) 574-3337

*Counsel for Ruth Williams, Courtney Wilder, Angela Downes, and Edward Meiman*

**CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing was emailed and mailed on January 3, 2019, via first-class U.S. mail, postage prepaid to:

Mark K. Gray
Matthew L. White
GRAY & WHITE
713 East Market Street
Suite 200
Louisville, KY 40202
mgray@grayandwhitelaw.com
mwhite@grayandwhitelaw.com
*Counsel for Plaintiff, Jilianne Warner*

Patricia L. Harmeling
GWIN STEINMETZ & BAIRD, PLLC
401 W. Main Street, 10th Floor
Louisville, KY 40202
pharmeling@gsblegal.com
*Counsel for Defendant, Midnight Recovery, Inc.*

Gregory Scott Gowen

5

FILED IN CLERKS OFF
JEFFERSON CIRCUIT CT

2019 JAN -3 AM 11: 14

CLERK 5

D.C.

NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY M. SHAW

JILIANNE WARNER PLAINTIFF

vs.

MIDNIGHT RECOVERY, INC., *et al.* DEFENDANTS

* * * * * * * *

**NOTICE – MOTION – ORDER**

**PLEASE TAKE NOTICE** that on **Monday, January 7, 2019 at 10:45 a.m.**, the undersigned will make the following motion:

**MOTION FOR ORAL ARGUMENTS ON MOTION TO DISMISS**

Defendants, Ruth Williams, Courtney Wilder, Angela Downes, and Edward Meiman ("the Emergency Services Defendants"), ask this Court to schedule a hearing on the Emergency Services Defendants' Motion to Dismiss and entertain argument from counsel. Counsel for the Emergency Services Defendants represent to the Court that oral argument will likely assist the Court in deciding the legal issues addressed in the Motion to Dismiss.

An appropriate Order is attached.

Respectfully Submitted,
MICHAEL J. O'CONNELL

Gregory Scott Gowen
Assistant Jefferson County Attorney
531 Court Place, Suite 900
Louisville, KY 40202
(502) 574-3337

*Counsel for Ruth Williams, Courtney Wilder, Angela Downes, and Edward Meiman*

**CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing was emailed and faxed before 12:00 p.m. on January 3, 2019 and mailed via first-class U.S. mail, postage prepaid to:

Mark K. Gray
Matthew L. White
GRAY & WHITE
713 East Market Street
Suite 200
Louisville, KY 40202
mgray@grayandwhitelaw.com
mwhite@grayandwhitelaw.com
*Counsel for Plaintiff, Jilianne Warner*

Patricia L. Harmeling
GWIN STEINMETZ & BAIRD, PLLC
401 W. Main Street, 10th Floor
Louisville, KY 40202
pharmeling@gsblegal.com
*Counsel for Defendant, Midnight Recovery, Inc.*

Gregory Scott Gowen

NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY M. SHAW

JILIANNE WARNER — PLAINTIFF

vs.

MIDNIGHT RECOVERY, INC., *et al.* — DEFENDANTS

* * * * * * * *

## ORDER SCHEDULING ORAL ARGUMENT

This matter having come before the Court on motion of the defendants Ruth Williams, Courtney Wilder, Angela Downes, and Edward Meiman ("the Emergency Services Defendants") requesting the Court to conduct a hearing on the Emergency Services Defendants' Motion to Dismiss and the Court being otherwise sufficiently advised;

**IT IS ORDERED** that a hearing will be conducted on the Emergency Services Defendants' Motion to Dismiss on the 20th day of March, 2019.

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK
JAN 08 2019
BY ______ DEPUTY CLERK

MARY M. SHAW, JUDGE
JEFFERSON CIRCUIT COURT, DIVISION 5

DATE:________________________

Cc: Mark K. Gray/Matthew L. White, *Counsel for Plaintiff, Jilianne Warner*
Patricia L. Harmeling, *Counsel for Defendant, Midnight Recovery, Inc.*
Gregory Scott Gowen, *Counsel for Defendants, Ruth Williams, Courtney Wilder, Angela Downes, and Edward Meiman*

5

Filed

NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE
JUDGE MARY M. SHAW

JILIANNE WARNER PLAINTIFF

v.

MIDNIGHT TOWING & RECOVERY, et. Al DEFENDANT

*Electronically Filed*

**AMENDED NOTICE TO TAKE THE DEPOSITION VIA SUBPOENA DUCES TECUM TO GEICO CASUALTY COMPANY**

*** *** ***

The parties will hereby take notice that Plaintiff, Jilianne Warner, by counsel, will take the deposition of the Custodian of Records for **Geico Casualty Company, One GEICO Center, Macon Georgia 31295** on **Wednesday, January 30, 2019,** pursuant to Rule 30 of the Kentucky Rule of Civil Procedure. A Subpoena Duces Tecum has previously been issued and will remain in effect until proof of service is filed prior to January 30, 2019.

It shall be deemed sufficient compliance with the Subpoena, both as to deponent's appearance and to the production of documents, for the deponent to provide a certified copy of the documents by mailing same, Certified Mail, to the undersigned, Terrance L. Massey Jr., Gray and White Law, 713 E. Market Street, Suite 200, Louisville, Kentucky 40202, counsel for Plaintiff, prior to January 30, 2019, for its use and for sue by any other party to this litigation desiring copies of same..

Pursuant to CR 45, the undersigned agrees to make available a copy of any and all materials received in response to this subpoena to all other parties to this suit.

NO : 000001 of 000002

Filed David L. Nicholson, Jefferson Circuit Clerk

Filed [illegible] [illegible] David L. Nicholson, Jefferson Circuit Clerk

This deposition shall be taken for all purposes permitted under the Kentucky Rules of Civil Procedure.

Respectfully submitted,

/s/ Terrance L. Massey Jr.
Mark K. Gray
Matthew L. White
Terrance L. Massey Jr.
GRAY AND WHITE LAW
713 E. Market Street
Louisville, KY 40202
Ph: (502) 805-1800
mgray@grayandwhitelaw.com
mwhite@grayandwhitelaw.com
tjmassey@grayandwhitelaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing was filed with the above court electronically via the Kentucky CourtNet 2.0 E-filing system, on Monday, December 17, 2018. Electronic filers will receive service by CourtNet. A copy has been mailed/emailed to current non-filers.

Patricia Harmeling, Esq.
GWIN STEINMETZ & BAIRD, PLLC
401 W. Main St., 10th Floor
Louisville, KY 40202
Phone: (502) 618-5717
Fax: (502) 618-5701
Email Address: pharmeling@gsblegal.com
*Attorney For: Midnight Towing & Recovery and Christian Worley*

Scott T. Dickens, Esq.
Fultz Maddox Hovious Dickens
101 South Fifth Street, Suite 2700
Louisville, KY 40202
Phone: (502) 588-2005
Fax: (502) 588-2020
Email Address: sdickens@fmhd.com; sgowen@fmhd.com; thart@fmhd.com
*Attorney For: Ruth Williams, Courtney Wilder, Angela Downes, and Edward Meiman*

/s/ Terrance L. Massey Jr.
*Counsel for Plaintiff*

NO : 000002 of 000002

Filed 18-CI-003622 12/17/2018 David L. Nicholson, Jefferson Circuit Clerk

NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE
JUDGE MARY M. SHAW

JILIANNE WARNER PLAINTIFF

v.

MIDNIGHT TOWING & RECOVERY, et. Al DEFENDANT

*Electronically Filed*

**AMENDED NOTICE TO TAKE THE DEPOSITION VIA SUBPOENA DUCES TECUM TO GEICO INSURANCE AGENCY, INC.**

*** *** ***

The parties will hereby take notice that Plaintiff, Jilianne Warner, by counsel, will take the deposition of the Custodian of Records for **Geico Insurance Agency, Inc., 5260 Western Avenue, Chevy Chase, Maryland 20815** on **Wednesday, January 30, 2019,** pursuant to Rule 30 of the Kentucky Rule of Civil Procedure. A Subpoena Duces Tecum has previously been issued and will remain in effect until proof of service is filed prior to January 30, 2019.

It shall be deemed sufficient compliance with the Subpoena, both as to deponent's appearance and to the production of documents, for the deponent to provide a certified copy of the documents by mailing same, Certified Mail, to the undersigned, Terrance L. Massey Jr., Gray and White Law, 713 E. Market Street, Suite 200, Louisville, Kentucky 40202, counsel for Plaintiff, prior to January 30, 2019, for its use and for sue by any other party to this litigation desiring copies of same..

Pursuant to CR 45, the undersigned agrees to make available a copy of any and all materials received in response to this subpoena to all other parties to this suit.

NTD : 000001 of 000002

Filed 18-CI-003622 12/17/2018 David L. Nicholson, Jefferson Circuit Clerk

Filed 18-CI-006... 12/17/2018 David L. Nicholson, Jefferson Circuit Clerk

This deposition shall be taken for all purposes permitted under the Kentucky Rules of Civil Procedure.

Respectfully submitted,

/s/ Terrance L. Massey Jr.
Mark K. Gray
Matthew L. White
Terrance L. Massey Jr.
GRAY AND WHITE LAW
713 E. Market Street
Louisville, KY 40202
Ph: (502) 805-1800
mgray@grayandwhitelaw.com
mwhite@grayandwhitelaw.com
tjmassey@grayandwhitelaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing was filed with the above court electronically via the Kentucky CourtNet 2.0 E-filing system, on Monday, December 17, 2018. Electronic filers will receive service by CourtNet. A copy has been mailed/emailed to current non-filers.

Patricia Harmeling, Esq.
GWIN STEINMETZ & BAIRD, PLLC
401 W. Main St., 10th Floor
Louisville, KY 40202
Phone: (502) 618-5717
Fax: (502) 618-5701
Email Address: pharmeling@gsblegal.com
*Attorney For: Midnight Towing & Recovery and Christian Worley*

Scott T. Dickens, Esq.
Fultz Maddox Hovious Dickens
101 South Fifth Street, Suite 2700
Louisville, KY 40202
Phone: (502) 588-2005
Fax: (502) 588-2020
Email Address: sdickens@fmhd.com; sgowen@fmhd.com; thart@fmhd.com
*Attorney For: Ruth Williams, Courtney Wilder, Angela Downes, and Edward Meiman*

/s/ Terrance L. Massey Jr.
*Counsel for Plaintiff*

NTD : 000002 of 000002

Filed 18-CI-006... 12/17/2018 David L. Nicholson, Jefferson Circuit Clerk

Filed 18-CI-003622 12/13/2018 David L. Nicholson, Jefferson Circuit Clerk

CASE NO.18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE
JUDGE MARY SHAW

*Filed Electronically*

JILIANNE WARNER PLAINTIFF

vs.

**DEFENDANT CHRISTIAN WORLEY**
**RESPONSES TO REQUEST FOR ADMISSIONS**

MIDNIGHT RECOVERY, INC. DEFENDANT

Comes the Defendant, Christian Worley, by counsel, and for its Responses to Plaintiff's Requests for Admissions states as follows:

**REQUESTS FOR ADMISSION**

1. Please admit Plaintiff was injured after Defendant's vehicle collided with her vehicle on December 29, 2017 during the incident in question.

**Response:** **Admit.**

2. Please admit Defendant Christian Worley was an employee of Defendant Midnight at the time of the incident in question.

**Response:** **Admit.**

3. Please admit Defendant caused injury to Plaintiff on or about December 29, 2017.

**Response:** **Objection. This requests Defendant Worley to provide a medical opinion which he is not qualified to provide. Without waiving said objection and subject to same, deny.**

4. Please admit Defendant Christian Worley was not following all applicable federal, state, and local regulations concerning the operation of his vehicle during and immediately prior to the incident in question.

**Response:** **Deny.**

RRA : 000001 of 000003

Filed 18-CI-003622 12/13/2018 David L. Nicholson, Jefferson Circuit Clerk

Filed 12/13/2018 David L. Nicholson, Jefferson Circuit Clerk

5. Please admit Defendant Christian Worley was not following all applicable policies and procedures of Defendant Midnight during and immediately prior to the incident in question.

**Response:** **Deny.**

6. Please admit Defendant Christian Worley was blood/urine/hair tested following the incident in question.

**Response:** **Partial admission. Defendant Worley was urine tested following the incident.**

7. Please admit Defendant Christian Worley was not properly operating the vehicle he was driving during the incident in question.

**Response:** **Deny.**

8. Please admit Defendant Christian Worley was using his phone (including but not limited to, viewing the screen, talking, texting, typing, searching the internet, and/or any interfacing with his telecommunications device in any manner whatsoever) immediately prior to the incident in question.

**Response:** **Deny.**

9. Please admit Defendant Christian Worley was using his phone (including but not limited to, viewing the screen, talking, texting, typing, searching the internet, and/or any interfacing with his telecommunications device in any manner whatsoever) at the time of the incident in question.

**Response:** **Deny.**

RRA : 000002 of 000003

Filed 18-CI-00... 12/13/2018 David L. Nicholson, Jefferson Circuit Clerk

Respectfully submitted,

/s/ Patricia L. Harmeling
PATRICIA L. HARMELING
GWIN STEINMETZ & BAIRD, PLLC
401 W. Main St., 10th Floor
Louisville, KY 40202
(502) 618-5700 (telephone)
(502) 618-5701 (fax)
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was electronically filed on the 13th day of December, 2018 which will provide copies to counsel listed below:

Hon. Mark K. Gray
Hon. Matthew L. White
Gray & White
713 E. Market Street, #200
Louisville, KY 40202
*Counsel for Plaintiff*

Hon. Gregory Scott Gowen
Assistant Jefferson County Attorney
531 Court Place, 9th Floor
Louisville, KY 40202
*Counsel for Defendants, Ruth Williams, Courtney Wilder, Angela Downes, and Edward Meiman*

/s/ Patricia L. Harmeling
PATRICIA L. HARMELING

RRA : 000003 of 000003

Filed 18-CI-00... 12/13/2018 David L. Nicholson, Jefferson Circuit Clerk

NO. 18-CI-003622

FILED IN CLERKS OFF
JEFFERSON CIRCUIT

2018 DEC -3 PM 3: 11

CLERK 000
______ D.C.

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY M. SHAW

JILIANNE WARNER — PLAINTIFF

vs.

MIDNIGHT RECOVERY, INC., *et al.* — DEFENDANTS

* * * * * * * *

**AGREED ORDER**

This matter having come before the Court by agreement of the parties as evidenced by the signatures of their respective counsel below and the Court being otherwise sufficiently advised;

**IT IS ORDERED** that the Emergency Services Defendants shall have until December 28, 2018 to file their Reply Brief in Support of their Motion to Dismiss.

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK
DEC 05 2018
BY______ DEPUTY CLERK

______________________________
Honorable Mary M. Shaw
Jefferson Circuit Court, Division 5

Date:______________________________

Cc: Mark K. Gray/Matthew L. White, *Counsel for Plaintiff, Jilianne Warner*
Patricia L. Harmeling, *Counsel for Defendant, Midnight Recovery, Inc.*
Gregory Scott Gowen, *Counsel for Defendants, Ruth Williams, Courtney Wilder, Angela Downes, and Edward Meiman*

**HAVE SEEN AND AGREE TO:**

Matt L White /by GSG w/ permission

Mark K. Gray
Matthew L. White
GRAY AND WHITE LAW
713 E. Market Street
Louisville, KY 40202
*Counsel for Plaintiff, Jilianne Warner*

Patricia Harmeling /by GSG w/ permission

Patricia Harmeling
GWIN STEINMETZ & BAIRD, PLLC
401 W. Main Street, 10th Floor
Louisville, KY 40202
*Counsel for Defendants, Midnight Towing & Recovery and Christian Worley*

Gregory Scott Gowen
Assistant Jefferson County Attorney
531 Court Place, 9th Floor
Louisville, KY 40202
*Counsel for Defendants, Ruth Williams, Courtney Wilder, Angela Downes, and Edward Meiman*

hold

NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE
JUDGE MARY M. SHAW

JILIANNE WARNER PLAINTIFF

vs.

**PLAINTIFF'S RESPONSE TO METROSAFE 911 DEFENDANTS' MOTION TO DISMISS**

MIDNIGHT RECOVERY, INC., et al. DEFENDANTS

Plaintiff Jilianne Warner, by counsel, files this response in opposition to the motion to dismiss filed by Defendants Operator Ruth Williams, Operator Courtney Wilder, Angela Downes, and Jody Meiman (collectively "MetroSafe 911 Defendants").

This case arises from a serious auto accident in which Plaintiff Warner's car was rear-ended by a tow truck traveling at a very high speed. When the tow-truck driver and an accident witness separately called 911, the two 911 operators who responded to those calls both failed to gather or identify the most basic information regarding the crash, including whether it involved any injuries. Thus, the 911 operators failed to timely dispatch an ambulance to the scene, causing and exacerbating Warner's serious injuries.

The MetroSafe 911 Defendants' motion to dismiss attaches and relies on several materials outside the pleadings, including an affidavit from one of the Defendants, an internal MetroSafe log, and audio copies of the 911 calls at issue. As such, the motion is not truly a motion to dismiss, but instead a premature motion for summary judgment. The complaint was filed less than six months ago, and the MetroSafe Defendants have not even responded to the initial written discovery served with the complaint. Relevant facts remain to be discovered and are far from undisputed, so this Court should deny the motion solely on the basis that it is a premature motion for summary judgment.

RES : 000001 of 000014

Moreover, the motion fails to meet the very high standard for motions to dismiss. The complaint states viable claims for negligence. And the fact-intensive inquiry into qualified official immunity is not yet ripe for decision. The Court should deny the motion for these reasons as well.

**FACTS**

On December 29, 2017, Plaintiff Jilianne Warner was stopped at a red light on the Greenbelt Highway in Jefferson County Kentucky, when a wrecker owned and operated by Defendant Midnight Recovery and being driven by Midnight's employee or agent Defendant Christian Worley, collided with the back of Warner's vehicle at an extremely high rate of speed. (Complaint ¶¶ 3, 10.) The violent impact of the Crash caused permanent, catastrophic injuries to Plaintiff Warner. (*Id.* ¶ 11.)

Shortly after the Crash, Defendant Worley called MetroSafe 911 and spoke with Defendant Operator Ruth Williams. Operator Williams failed to obtain basic information regarding the Crash from Worley, including failing to determine the severity of the Crash and that the Crash resulted in injuries. Operator Williams incorrectly classified the event as a non-injury accident. Operator Williams also failed to dispatch an ambulance to the scene. (*Id.* ¶ 12.)

Less than a minute after Worley's call, an unidentified individual called MetroSafe 911 and spoke with Defendant Operator Courtney Wilder. Operator Wilder failed to obtain additional pertinent information regarding the Crash, including failing to determine the severity of the Crash and that the Crash resulted in injuries. Operator Wilder failed to properly classify or re-classify the event as an injury accident. And like Operator Williams, Operator Wilder also failed to dispatch an ambulance to the scene. (*Id.* ¶ 13.) Not until a third individual called MetroSafe 911 was the event properly classified as an injury accident and an ambulance dispatched to the scene. (*Id.* ¶ 14.)

RES : 000002 of 000014

The delay in dispatching an ambulance and otherwise providing prompt medical care caused and exacerbated the permanent, catastrophic injuries to Plaintiff Warner. (*Id.* ¶ 16.)

Defendants Angela Downes and Jody Meiman are employees of Louisville Emergency Services and supervisors of Defendants Operator Williams and Operator Wilder. Defendants Downes and Meiman were responsible for training Operator Williams and Operator Wilder to comply with their duties as 911 Operators. (*Id.* ¶ 15.)

On June 22, 2018, Plaintiff Warner filed her complaint against Defendants Midnight Recovery, Worley, and the MetroSafe 911 Defendants. The MetroSafe 911 Defendants did not answer, instead choosing to file a motion to dismiss, arguing that Plaintiff's complaint fails to state a claim for negligence against them. Particularly, the MetroSafe 911 Defendants argue that they did not owe any duty to Plaintiff Warner and that the complaint does not sufficiently allege that their breaches caused injury to Warner. In addition, the MetroSafe 911 Defendants assert that they are entitled to qualified official immunity. The MetroSafe 911 Defendants' motion to dismiss improperly relies on several materials outside the complaint, including an affidavit from Defendant Downes, a log related to the three 911 calls, and recordings of the three 911 calls.[1]

## ARGUMENT

### I. This Court should deny the motion to dismiss because, by inclusion of materials beyond the complaint, it is actually a premature motion for summary judgment.

[1] The MetroSafe 911 Defendants argue that this Court should review the 911 calls and consider that "no injury was reported" by either caller. (Motion at pp. 1-2.) As explained below, any such review of materials beyond the complaint is inappropriate in deciding a motion to dismiss. But, when and if such review becomes appropriate in considering a properly-timed motion for summary judgment, the Court can note that both the tone and content of the information relayed in both calls should have alerted the 911 Operators to the severity of the accident. For example, the callers stated, "oh my God," and we need a "rush" response because "we have got a vehicle accident pretty bad."

RES : 000003 of 000014

Under Rule 12, matters outside the pleadings are not properly considered in support of a motion to dismiss for failure to state a claim on which relief can be granted. CR 12.02. Nonetheless, the motion to dismiss attaches and *specifically relies on* multiple materials beyond the complaint. Indeed, the MetroSafe 911 Defendants argue that this Court should consider these materials as part of the "undisputed" facts. (Motion at p. 2.) But, as just one example, Plaintiff Warner has not had the opportunity to cross-examine Defendant Downes as to the contents of her affidavit. In fact, *no* depositions have been taken in this case, which is in its earliest stages. The MetroSafe 911 Defendants offer no explanation as to why the court should consider any materials beyond the complaint.

If the Court chooses to consider matters outside the pleadings, the motion must be "disposed of as provided in Rule 56," addressing motions for summary judgment, "and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Id.*; *see also Schwindel v. Meade Cty.*, 113 S.W.3d 159, 162 (Ky. 2003) ("motions to dismiss were converted into motions for summary judgment" when the court considered affidavits, rather than only the complaint).

A motion for summary judgment, however, is properly considered and decided "*only after* the opposing party has been given ample opportunity to complete discovery." *Pendleton Bros. Vending, Inc. v. Com. Finance and Admin. Cabinet*, 758 S.W.2d 24, 29 (Ky. 1988) (emphasis added); *see also Roberson v. Lampton*, 516 S.W.2d 838 (Ky.1974) (cautioning against the use of summary judgment as a means of luring a party into a "premature showdown" by forcing the opposing party to try his case on the merits). "Absent a sufficient opportunity to develop the facts, however, summary judgment cannot be used as a tool to terminate the litigation." *Suter v. Mazyck*, 226 S.W.3d 837, 842 (Ky. App. 2007).

RES : 000004 of 000014

David L. Nicholson Jefferson Circuit Clerk

Here, consideration of summary judgment would be premature. Warner filed her complaint less than six months ago, and the parties have had no opportunity to conduct meaningful discovery. Warner tendered written discovery requests with her complaint, which the MetroSafe 911 Defendants have ***not*** answered. Warner seeks relevant discovery regarding, for example, the full details of MetroSafe 911's response to the multiple calls regarding this crash; MetroSafe's policies, procedures, protocols, and standard documentation for response to such calls; and MetroSafe's training and continuing education requirements for response to such calls. (*See, e.g.*, 6/22/18 Pl.'s First Int. and Reqs. for Prod. of Docs. served on each MetroSafe 911 Defendant with the complaint.) No depositions have been taken and, indeed, Defendant Worley filed an answer to the complaint less than two weeks ago. If the MetroSafe 911 Defendants' motion were to be considered under the summary judgment standard, it would completely short-circuit discovery, and any fact-finding whatsoever.

Accordingly, because the MetroSafe 911 Defendants' motion includes—and relies on—matters outside the pleadings, it is a premature motion for summary judgment. The Court should deny the motion on this basis alone.

## II. A motion to dismiss is disfavored and rarely granted.

Even if the Court chooses to ignore the matters outside of the complaint that the MetroSafe 911 Defendants have tendered, dismissal is not appropriate. MetroSafe's motion to dismiss ignores the standard for such motions, which presents a high hurdle for any defendant. "[A] motion to dismiss for failure to state a claim is viewed with disfavor and rarely granted." Phillips, Kramer & Burleigh, 6 Ky. Prac. R. Civ. Proc. Ann. Rule 12.02 (6th ed. 2012). "As a practical matter, dismissal for failure to state a claim should be granted only when the allegations in the complaint show *an insuperable bar to recovery*. For example, a complaint showing that the statute of

RES : 000005 of 000014

David L. Nicholson Jefferson Circuit Clerk

limitations bars relief is properly presented in a Rule 12.02(f) motion." *Id.* (emphasis added). Accordingly, such a motion "is governed by a rigorous and sweeping standard which dictates that it should be granted only where 'it appears the pleading party would not be entitled to relief ***under any set of facts which could be proved in support of his claim***.'" *Mitchell v. Coldstream Laboratories, Inc.*, 337 S.W.3d 642, 644-45 (Ky. App. 2010) (emphasis added); quoting *Pari-Mutuel Clerks' Union v. Kentucky Jockey Club*, 551 S.W.2d 801, 803 (Ky. 1977).

When considering the motion, the allegations contained in the pleading are to be treated as true and must be construed in a light most favorable to the pleading party. *See Gall v. Scroggy*, 725 S.W.2d 867 (Ky. App. 1987). Whether a plaintiff can prove the allegations or ultimately prevail under the facts is irrelevant for the purpose of a CR 12.02 motion. *City of Louisville v. Stock Yards Bank & Trust Co.*, 843 S.W.2d 327, 328 (Ky. 1992).

Indeed, the Court must consider *any set of facts that* may entitle plaintiff to relief. A plaintiff is not required, at the complaint stage, to plead factual detail that may ultimately support the claim. Kentucky strictly adheres to the concept of a "notice pleading" under CR 8.01. As the Kentucky Supreme Court has held: "[t]he purpose of this Rule [CR 8.01] is to assign to pleadings the function of giving notice and formulating true issues without the requirement that they give every fact which in the past may have been necessary to constitute a formal 'cause of action' or a defense." *Smith v. Isaacs*, 777 S.W.2d 912, 915 (Ky. 1989) (citations omitted); *see also Lee v. Stamper*, 300 S.W.2d 251, 253 (Ky. 1957) ("The principal objective of a pleading is to give the opposing party fair notice of the essential nature of the claim presented and the type of relief to which the claimant deems himself entitled.").

**III. Defendants owed a duty to Plaintiff Warner.**

RES : 000006 of 000014

While the MetroSafe 911 Defendants are correct that duty is an issue of law, it is not an issue that must be decided conclusively at the motion to dismiss stage. Duty cannot be determined in a vacuum. To the contrary, under Kentucky law, "the scope and character of a defendant's duty is largely defined by the foreseeability of the injury" and foreseeability depends on "the facts" of each particular case. *Lee v. Farmer's Rural Elec. Coop. Corp.*, 245 S.W.3d 209, 212 (Ky. App. 2007). Full development of the facts, of course, requires discovery.

Notably, the caselaw that the MetroSafe 911 Defendants rely upon was decided at the summary judgment stage, not on a motion to dismiss. *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 246 (Ky. 1992); *City of Florence v. Chipman*, 38 S.W.3d 387, 388 (Ky. 2001); *McCuiston v. Butler*, 509 S.W.3d 76, 77 (Ky. App. 2017). The only potential exception is the *Fryman* case. But there the Supreme Court did not specifically explain the procedural posture below. *Fryman v. Harrison*, 896 S.W.2d 908, 910 (Ky. 1995). Importantly, however, the Supreme Court did note that duty depends on the particular "factual situation" of each case. *Id.*

Accordingly, and consistent with the standards for a motion to dismiss, dismissal is only appropriate if there is *no set of facts* under which the MetroSafe 911 Defendants could have owed a duty to Plaintiff Warner. *Pari-Mutuel Clerks' Union v. Kentucky Jockey Club*, 551 S.W.2d 801, 803 (Ky. 1977). But Kentucky law does not provide the MetroSafe 911 Defendants—who have been sued in their *individual* capacities—complete immunity from any duty.

The MetroSafe 911 Defendants primarily rely on the Kentucky Court of Appeals decision in *McCuiston v. Butler*, 509 S.W.3d 76 (Ky. App. 2017). In *McCuiston*—which was decided on summary judgment—the Court held that Butler, a 911 operator, did not owe a duty to McCuiston, a 911 caller, under the particular facts of that case. *Id.* at 82. Of note, the Court found that Butler "acted in the prescribed manner for a 911 dispatcher and performed his responsibilities in the

RES : 000067 of 000014

David L. Nicholson Jefferson Circuit Clerk

typical manner." *Id.* The same is not true here, where the complaint alleges that the 911 Operator Defendants failed to obtain basic information from the callers, specifically whether the crash involved any injuries. (*See* Complaint ¶¶ 12-16.) And the *McCuiston* Court did *not hold* that a 911 operator could never owe a duty to a caller or anyone else.

Other than relying on *McCuiston*, the MetroSafe 911 Defendants ask this Court to apply the standard announced by the Supreme Court in *Fryman*, which addressed the duty owed by police officers. Specifically, the MetroSafe 911 Defendants assert that a 911 operator can only owe a duty to someone "in state custody or otherwise restrained by the state." (Motion at p. 4.) But, of course, individuals in "state custody" or "restrained by the state" do not call or interact with 911 or its operators, so such a standard would make no sense.

Contrary to MetroSafe's arguments, *Fryman* is not the Kentucky Supreme Court's most recent word on the duty of public officers. More recently, the Supreme Court reaffirmed that foreseeability is the touchstone for determining whether a public officer owes a duty to a particular plaintiff. *Gaither v. Justice & Pub. Safety Cabinet*, 447 S.W.3d 628, 638 (Ky. 2014).

As the Supreme Court explained in *Gaither*, the "'special relationship' rule was developed in the context of injuries suffered by members of the general public *disassociated with and far removed from negligent acts* [by public officers] that allegedly caused their injuries." *Id.* at 637-38 (emphasis added). The Court explained the cases that led to the old rule limiting a duty to those in state custody:

> In *Fryman*, a jailor negligently released an arrestee without requiring the proper bond. ***Two months later***, the claimant, a member of the general public having no connection with the jailor, was assaulted by the negligently released prisoner. In *Ashby*, Louisville police failed to promptly execute an arrest warrant on a domestic violence perpetrator, and ***nine days later*** he murdered the victim in the domestic violence case. As in *Fryman*, the murder in *Ashby* was **far removed from the allegedly negligent conduct** of failing to serve the warrant. Moreover, in each case,

RES : 000008 of 000014

David L. Nicholson Jefferson Circuit Clerk

> including *Vester*, **the infliction of the injury by a third party was entirely unforeseeable.**

*Id.* at 638. Thus, the Court concluded that "the narrow confines of the *Fryman-Ashby* test do not capture the only occasions on which a negligent government official should reasonably foresee that his negligence is likely to put a specific individual in harm's way." *Id.* Indeed, the *Ashby* decision—where the "special relationship" concept was first addressed in Kentucky—explains that the basis for the "special relationship" requirement that had developed in other states was "that a municipality or a law enforcement agency or official does not owe individual citizens a duty to *protect them from crime*." *Ashby v. Louisville*, 841 S.W.2d 184, 189 (Ky. App. 1992) (emphasis added).

This case does not involve protection from crime, nor does it involve injuries to the "general public disassociated with and far removed from negligent acts" of the 911 operators and their supervisors. Rather, Plaintiff Warner suffered direct and immediate harm because of the 911 operators' negligent failure to ascertain basic information about the crash—specifically, and simply, whether it involved any injuries. At a minimum, discovery is necessary to determine whether Warner's injuries should have been foreseeable to the MetroSafe 911 Defendants.

**IV. The complaint sufficiently pleads causation.**

Whether a plaintiff's damage was caused by the defendant typically "should be left to the jury to determine." *Eichstadt v. Underwood*, 337 S.W.2d 684, 686 (Ky. 1960) (reviewing denial of defendant's directed verdict motion). Even summary judgment is extremely rare on the basis of lack of proof of causation, as opposed to lack of proof regarding the standard of care, is extremely rare. *See Stathers v. Garrard County Bd. of Educ.*, 405 S.W.3d 473, 479 n.4 (Ky. App. 2012) ("Even in these [medical negligence] cases, summary judgment is not granted for lack of proof of

David L. Nicholson Jefferson Circuit Clerk

RES : 000009 of 000014

David L. Nicholson Jefferson Circuit Clerk

causation; summary judgment is granted because there was no proof of the standard of care (i.e., the measure of the duty) and, therefore, no proof of a breach.").

Thus, not surprisingly, the MetroSafe 911 Defendants do not cite a single case in which a motion to dismiss was granted on the basis of lack of causation. Once again, all of the caselaw on which Defendants rely is in the context of summary judgment. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 87 (Ky. 2003) (reviewing trial court's grant of summary judgment on the basis of lack of duty); *Deutsch v. Shein*, 597 S.W.2d 141, 143 (Ky. 1980) (appeal from jury verdict finding defendant's negligence was not a substantial factor in causing the plaintiff's injury) *Lewis v. B&R Corp.*, 56 S.W.3d 432, 433 (Ky. App. 2001); *Estate of Wheeler v. Veal Realtors & Auctioneers, Inc.*, 997 S.W.2d 497, 498 (Ky. App. 1999); *Peak v. Barlow Homes, Inc.*, 765 S.W.2d 577, 578 (Ky. App. 1988).

All that is required at the motion to dismiss stage is an allegation of causation. Here, the complaint specifically alleges that the delay in dispatching an ambulance and otherwise providing prompt medical care caused and exacerbated the permanent, catastrophic injuries to Plaintiff Warner. (Complaint ¶ 16.) It is certainly a reasonable conclusion that failure to timely respond to an emergency situation—particularly serious injuries—can exacerbate those injuries and cause further injuries. Plaintiff's complaint adequately pleads causation.

**V. Defendants are not entitled to qualified official immunity.**

As the Supreme Court has explained, assessing qualified official immunity and determining "whether a particular act or function is discretionary or ministerial in nature is and, indeed, should be, ***inherently fact-sensitive***." *Haney v. Monskey*, 311 S.W.3d 235, 246 (Ky. 2010) (emphasis added). Thus, it is an assessment that is appropriate after "the material facts have been resolved." *Id.* at 240. Indeed, as the Court of Appeals has held, it can be impossible to determine

David L. Nicholson, Jefferson Circuit Clerk

RES : 000010 of 000014

David L. Nicholson, Jefferson Circuit Clerk

the availability of qualified official immunity "based on the issues presented in the pleadings, even when construed in a light most favorable" to the plaintiff. *Chen v. Lowe*, 521 S.W.3d 587, 591 (Ky. App. 2017). In such a situation, a trial court properly denies a motion to dismiss on the basis that genuine issues of material fact remain to be resolved. *Id.* at 590-91.

The same is true here. Dismissal would only be appropriate if MetroSafe 911 Defendants could establish that the *only* conclusion based on the complaint alone is that *all of their actions and inactions* were discretionary *and* performed in good faith. They have not done so.

The Defendants bear the burden of proof. Qualified official immunity is an affirmative defense. *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001) (citing *Gomez v. Toledo*, 446 U.S. 635 (1980)). "It is a universal rule of pleading, without exception, that the burden is upon the defendant to establish an affirmative defense." *Cobb v. Farmers & Merchants Bank*, 103 S.W.2d 264, 265 (Ky. 1937) (citations omitted).

Qualified official immunity protects officials for "good faith judgment calls made in a legally uncertain environment." *Yanero*, 65 S.W.3d at 522. Qualified official immunity requires "the exercise of discretion and judgment, or personal deliberation, decision, and judgment." *Id.* At their core, these so-called "discretionary" functions are:

> ***[Q]uasi-judicial or policy-making decisions***. Indeed, the premise underlying extending the state's own immunity down to it agencies and, in some instances, officers and employees is 'that courts should not be called upon to pass judgment on policy decisions made by members of coordinate branches of government in the context of tort actions, because such actions furnish an inadequate crucible for testing the merits of social, political or economic policy.'"

*Marson v. Thomason*, 438 S.W.3d 292, 297 (Ky. 2014) (citing *Yanero*, 65 S.W.3d at 519) (emphasis added). The MetroSafe 911 Defendants have not established that how to respond to 911 calls, and how to train 911 operators to do so, are *always* policy-making decisions.

In contrast to policy-making decisions, no immunity is afforded for the negligent

RES : 000011 of 000014

 David L. Nicholson, Jefferson Circuit Clerk

performance or omissions of a ministerial act. *Yanero*, 65 S.W.3d at 521. "An official duty is ministerial when it…involve[es] merely execution of a specific act arising from fixed and designated facts; that a necessity may exist for the ascertainment of those facts does not operate to convert the act into one discretionary in its nature." *Upchurch v. Clinton Co.*, 330 S.W.2d 428, 430 (Ky. 1959). "[A]n act is not necessarily taken out of the class styled 'ministerial' because the officer performing it is vested with a discretion respecting the means or method to be employed." *Id.* Moreover, as the Supreme Court recently confirmed, "the duty compelling the performance of a ministerial act ***need not*** spring from a specific statute, administrative regulation, or formal policy statement or protocol. There are instances in which ministerial actions may flow from common law duties or professional customs and practices." *Gaither v. Justice & Pub. Safety Cabinet*, 447 S.W.3d 628 (Ky. 2014), reh'g denied (Dec. 18, 2014) (emphasis added). Moreover, "training of employees is a ministerial function." *Hedgepath v. Pelphrey*, 520 F. App'x 385, 392 (6th Cir. 2013) (citing *Yanero*, 65 S.W.3d at 529).

In addition, there is no immunity for discretionary acts by a public officer unless they are performed in good faith. As the Court of Appeals has noted, "[s]ubjective intent or good faith, is a factual question" that can "rarely can be decided" by the court even on "summary judgment" because it "may entail broad-ranging discovery and the deposing of numerous persons, including an official's professional colleagues, and normally requires a trial to resolve." *Coleman v. Smith*, 405 S.W.3d 487, 495 (Ky. App. 2012). Thus, "whether an officer or employee acted in good faith is a question of fact," which requires discovery in the trial court. *Id.*

Because qualified official immunity is an affirmative defense, the defendant bears the burden of establishing that the negligence in question arises *solely* from discretionary functions performed in good faith rather than ministerial acts. The MetroSafe 911 Defendants have not done

RES : 000012 of 000014

so. Whether the MetroSafe 911 Defendants followed internal protocols or procedures, how or whether they were trained, and whether they acted in good faith are all factual issues that remain issues for discovery. This Court should deny the motion to dismiss on the basis of immunity as premature.

## CONCLUSION

Because the MetroSafe 911 Defendants attach and rely on materials outside the complaint, this Court should deny their motion solely on the basis that it is a premature motion for summary judgment. In the alternative, this Court should deny the motion on the basis that the complaint adequately states negligence claims and any decision on the fact-intensive issue of qualified official immunity is premature.

Respectfully submitted,

/s/Matthew L. White
Mark K. Gray (#83552)
Matthew L. White (#88595)
GRAY AND WHITE LAW
713 E. Market Street
Louisville, KY 40202
Ph: (502) 805-1800
mgray@grayandwhitelaw.com
mwhite@grayandwhitelaw.com
tjmassey@grayandwhitelaw.com
*Counsel for Plaintiff*

RES : 000013 of 000014

David L. Nicholson, Jefferson Circuit Clerk

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing was filed with the above court electronically via the Kentucky CourtNet 2.0 E-filing system, on Wednesday, November 21, 2018. Electronic filers will receive service by CourtNet. A copy has been mailed/emailed to current non-filers.

Patricia Harmeling, Esq.
GWIN STEINMETZ & BAIRD, PLLC
Attorney For: Midnight Towing & Recovery and Christian Worley
401 W. Main St., 10th Floor
Louisville, KY 40202
Phone: (502) 618-5717
Fax: (502) 618-5701
Email Address: pharmeling@gsblegal.com

Scott T. Dickens, Esq.
Fultz Maddox Hovious Dickens
Attorney For: Ruth Williams
101 South Fifth Street, Suite 2700
Louisville, KY 40202
Phone: (502) 588-2005
Fax: (502) 588-2020
Email Address: sdickens@fmhd.com; sgowen@fmhd.com; thart@fmhd.com

/s/ Matthew L. White
Matthew L. White

RES : 000014 of 000014

David L. Nicholson, Jefferson Circuit Clerk

NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE
JUDGE MARY M. SHAW

JILIANNE WARNER PLAINTIFF

vs. **ORDER**

MIDNIGHT RECOVERY, INC., et al. DEFENDANTS

*** *** ***

On motion of the Defendants Operator Ruth Williams, Operator Courtney Wilder, Angela Downes, and Jody Meiman (collectively "MetroSafe 911 Defendants"), to dismiss the Plaintiff's complaint, and the Court having considered the motion and response and being otherwise sufficiently advised,

IT IS HEREBY ORDERED THAT the MetroSafe 911 Defendants' motion to dismiss is DENIED. The motion attaches and relies on materials outside the pleadings and, as such, it is a premature motion for summary judgment.

JUDGE JEFFERSON CIRCUIT COURT

DATE

Tendered by:

/s/Matthew L. White
Mark K. Gray (#83552)
Matthew L. White (#88595)
GRAY AND WHITE LAW
713 E. Market Street
Louisville, KY 40202
Ph: (502) 805-1800
mgray@grayandwhitelaw.com
mwhite@grayandwhitelaw.com
tjmassey@grayandwhitelaw.com
*Counsel for Plaintiff*

Cc: Counsel of Record

Filed 18-CI-003622 11/12/2018 David L. Nicholson, Jefferson Circuit Clerk

CIVIL ACTION NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY SHAW

*Filed Electronically*

JILIANNE WARNER PLAINTIFF

v. ANSWER OF CHRISTIAN WORLEY

MIDNIGHT RECOVERY, INC.,
CHRISTIAN WORLEY, RUTH WILLIAMS,
COURTNEY WILDER, ANGELA DOWNES, and
EDWARD JODY MEIMAN DEFENDANTS

** ** ** ** **

Comes the Defendant, Christian Worley, (hereinafter "Worley"), by counsel, and for his Answer to the Complaint filed herein state as follows:

1. Worley is without sufficient knowledge or information to admit or deny the allegations and averments contained in Paragraph No. 1 of the Complaint and therefore denies same.

2. Worley admits the averments contained in Paragraph No. 2 of the Complaint.

3. Worley admits so much of Paragraph No. 3 that he was a resident of Indiana and was acting as an employee of Midnight Recovery at the time of the subject motor vehicle accident on December 29, 2017, but denies the remainder of the allegations and averments contained in Paragraph No. 3.

4. Worley is without sufficient knowledge or information to admit or deny the allegations and averments contained in Paragraph No. 4, 5, 6 and 7 of the Complaint and therefore denies same as they relate to him.

5. Worley denies the allegations and averments contained in Paragraphs No. 8 and 9 to the extent that they asset legal conclusions.

ANS : 000001 of 000005

Filed 18-CI-003622 11/12/2018 David L. Nicholson, Jefferson Circuit Clerk

6. With regard to Paragraphs No. 10, 11 and 12, Worley admits that a motor vehicle accident occurred on or about December 29, 2017 in Jefferson County, Kentucky. However, Worley denies the remainder of the allegations and averments in said paragraphs.

7. Worley is without sufficient knowledge or information to admit or deny the allegations and averments contained in Paragraphs No. 13, 14, 15 and 16 of the Complaint and therefore denies same to the extent that they may relate to Worley.

8. Worley denies the allegations and averments contained in Paragraph No. 17 of the Complaint.

9. Worley denies the allegations and averments referenced in Paragraph No. 18 to the extent that they are otherwise denied herein.

10. Worley denies the allegations and averments contained in Paragraphs No. 19, 20 and 21 as they assert legal conclusions.

11. Worley denies the allegations and averments contained in Paragraphs No. 22 and 23 of the Complaint.

12. Worley denies the allegations and averments contained in Paragraph No. 24 to the extent that they assert legal conclusions but admits that he was operating the vehicle in conjunction with his employment with Midnight Recovery.

13. Worley denies the allegations and averments contained in Paragraphs No. 25 and 26 of the Complaint.

14. Worley denies the allegations and averments referenced in Paragraph No. 27 to the extent that they are otherwise denied herein.

ANS : 000002 of 000005

15. Worley is without sufficient knowledge or information to admit or deny the allegations and averments contained in Paragraphs No. 28, 29, 30, 31, 32 and 33 of the Complaint and therefore denies same to the extent that they may relate to Worley.

16. Plaintiff's claim for punitive damages is barred by the prohibition against excessive fines contained in the Eighth Amendment of the United States Constitution, by the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and by Sections 2 and 14 of the Kentucky Constitution.

17. The Complaint fails to set forth allegations sufficient to support a claim of punitive damages under existing law.

18. Plaintiff's claim for punitive damages fails to establish the central elements of fraud, oppression or malice as required by KRS 411.184, and Plaintiff is therefore not entitled to punitive damages as a matter of law.

19. Furthermore, Worley denies that the Plaintiff is entitled to the relief prayed for in the Complaint.

20. All allegations, averments and Paragraphs in the Complaint not herein specifically admitted are hereby expressly denied.

21. To the extent supported by proof at trial, the claims of the Plaintiff are barred, in whole or in part, but the failure to mitigate the claimed damages.

22. All defenses, terms, provisions, and limitations contained in the Kentucky Motor Vehicle Reparations Act at KRS 304.39-010, et. seq., are hereby adopted, incorporated, and pled by reference herein.

23. Worley affirmatively states that Plaintiff's injuries or damages were caused by a person or entity for which Worley is not liable, and Kentucky's comparative fault laws apply.

24. The Complaint fails to state a claim against Worley due to, or to the extent of any defenses and affirmative defenses set forth in CR 8.03 and/or CR 12.02, all of which are adopted herein by reference.

25. To the extent that Plaintiff claims damages for past or future medical costs, health care, life care or other economic losses or benefits that are offered or provided under or in connection with the Patient Protection and Affordable Care Act, recovery for those damages is prohibited.

26. Worley reserves the right to assert further affirmative defenses, as discovery in this matter continues.

**WHEREFORE**, the Defendant, Christian Worley, by counsel, respectfully demands and prays as follows:

1. Dismissal of all claims against him, with prejudice;
2. His costs herein expensed;
3. Trial by jury on all issues so triable; and
4. Any and all other relief, legal or equitable, to which he appears entitled.

ANS : 000004 of 000005

Respectfully submitted,

/s/ Patricia L. Harmeling

PATRICIA L. HARMELING
KY BAR #88906
GWIN STEINMETZ & BAIRD, PLLC
401 W. Main St., 10th Floor
Louisville, KY 40202
pharmeling@gsblegal.com
(502) 618-5717 (telephone)
(502) 618-5701 (fax)
*Counsel for Defendant Midnight Recovery, Inc. and Christian Worley*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was filed electronically on the 12th day of November, 2018 which will provide service copies to counsel listed below:

Hon. Mark K. Gray
Hon. Matthew L. White
Hon. Jacob E. Levy
GRAY & WHITE
713 East Market Street, Suite 200
Louisville, Kentucky 40202
*Counsel for Plaintiff*

And served via U.S. mail, postage prepaid, on 12th day of November, 2018 to:

Hon. Gregory Scott Gowen
Assistant Jefferson County Attorney
531 Court Place, Suite 900
Louisville, Kentucky 40202
*Counsel for Defendants Williams, Wilder, Downs and Meiman*

/s/ Patricia L. Harmeling
PATRICIA L. HARMELING

ANS : 000005 of 000005

CASE NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY SHAW

JILIANNE WARNER PLAINTIFF

v.

**NOTICE OF DEPOSITION**
**VIA SUBPOENA DUCES TECUM TO**
**GEICO INSURANCE AGENCY, INC.**
***Electronically Filed***

MIDNIGHT TOWING & RECOVERY, et al. DEFENDANTS

*** *** ***

The parties will hereby take notice that Plaintiff, Jilianne Warner, by counsel, will take the deposition of the Custodian of Records for **Geico Insurance Agency, Inc., 5260 Western Avenue, Chevy Chase, Maryland 20815** on **Friday, December 14, 2018,** pursuant to Rule 30 of the Kentucky Rule of Civil Procedure.

Please take further notice that Plaintiff, by counsel, will serve a Subpoena Duces Tecum (attached as Exhibit A) upon the Custodian of Records for Geico Casualty Company, requiring them to produce at such examination the documents listed in the subpoena.

It shall be deemed sufficient compliance with the subpoenas, both as to deponent's appearance and to the production of documents, for the deponent to provide a certified copy of the documents by mailing same Certified Mail, to the undersigned, Terrance L. Massey Jr., Gray and White Law, 713 E. Market Street, Suite 200, Louisville, Kentucky 40202, counsel for Plaintiff, prior to Friday, December 14, 2018, for its use and for use by any other party to this litigation desiring copies of same.

Pursuant to CR 45, the undersigned agrees to make available a copy of any and all materials received in response to this subpoena to all other parties to this suit.

This deposition shall be taken for all purposes permitted under the Kentucky Rules of Civil Procedure.

*Respectfully submitted,*

/s/ Terrance L. Massey Jr.
Mark K. Gray
Matthew L. White
Terrance L. Massey Jr.
GRAY AND WHITE LAW
713 E. Market Street
Louisville, KY 40202
Ph: (502) 805-1800
mgray@grayandwhitelaw.com
mwhite@grayandwhitelaw.com
tjmassey@grayandwhitelaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing was filed with the above court electronically via the Kentucky CourtNet 2.0 E-filing system, on Tuesday, November 13, 2018. Electronic filers will receive service by CourtNet. A copy has been mailed/emailed to current non-filers.

Patricia Harmeling, Esq.
GWIN STEINMETZ & BAIRD, PLLC
401 W. Main St., 10th Floor
Louisville, KY 40202
Phone: (502) 618-5717
Fax: (502) 618-5701
Email Address: pharmeling@gsblegal.com
*Attorney For: Midnight Towing & Recovery and Christian Worley*

Scott Gowen
Fultz Maddox Dickens PLC
101 South Fifth St., 27th Floor
Louisville, KY 40202
Phone: (502) 992-5030
Email Address: sgowen@fmdlegal.com
*Attorney For: Ruth Williams, Courtney Wilder, Angela Downs, and Edward Meiman*

/s/ Terrance L. Massey Jr.
*Counsel for Plaintiff*

AOC-025.1 Doc. Code: RS
Rev. 3-09
Page 1 of 1
Commonwealth of Kentucky
Court of Justice www.courts.ky.gov
CR 45; RCr 7.02

☐ SUBPOENA
☑ SUBPOENA DUCES TECUM

Case No. 18-CI-003622
Court CIRCUIT, DIVISION 5
County Jefferson
Date November 13, 2018

JUILIANNE WARNER PLAINTIFF

VS

MIDNIGHT TOWING & RECOVERY, et al. DEFENDANT

**The Commonwealth of Kentucky to:**

Name Geico Insurance Agency, Inc.
Address 5260 Western Avenue

Chevy Chase Maryland 20815

**You are commanded to appear before:** *(select one of three choices)*
☐ ______ Court ☐ The Grand Jury of ______ County
☐ Other ______

**You are to appear at:** ______

on the ______ day of ______, 20____ at ______ ☐ a.m. OR ☐ p.m. ☐ Eastern ☐ Central Time

☐ To testify in behalf of ______
☐ To produce ______

☐ To give depositions

**You are commanded to produce and permit inspection and copying of the following documents or objects (or to permit inspection of premises):** All documents indicated in Exhibit A, attached.

on the 14 day of December, 2018 at 9:00 ☑ a.m. OR ☐ p.m. ☑ Eastern ☐ Central Time
at the following address: 713 E. Market Street, Suite 200, Louisville, Kentucky 40202

[signature]
Issuing Officer/Attorney Licensed in Kentucky
By: ______

Terrance L. Massey Jr.
**Name of Requesting Attorney**
**Phone#** (502) 805-1800

**PROOF OF SERVICE**

This subpoena was served by delivery of a true copy to: ______

This ______ day of ______, 2______ By: ______
**Title**

EXHIBIT A

1. Any and all documents, bills, statements, correspondence, or records of any description pertaining to Midnight Recovery, Inc., Plaintiffs, or to the collision involving Jilianne Warner.

2. The entire personnel file of Christian Worley including but not limited to application records, employment history, disciplinary records, promotion records, complaint records, education or training history, drug tests, criminal background checks and any other documents kept in the regular course of business.

3. Any and all contractual or legal agreements between Geico Insurance Agency, Inc. and Midnight Recovery, Inc.

4. Any and all contractual or legal agreements between Geico Insurance Agency, Inc. and Christian Worley.

5. Any and all contractual or legal agreements between Geico Insurance Agency, Inc. and Todd Hooker.

6. Any and all contractual or legal agreements between Geico Insurance Agency, Inc. and Lindsay Hooker.

7. Any and all contractual or legal agreements between Geico Insurance Agency, Inc. and Jeremy Blocker.

8. Any and all contractual or legal agreements between Geico Insurance Agency, Inc. and Jared Hinkle.

9. Any and all contractual or legal agreements between Geico Insurance Agency, Inc. and Joyrin Bumpous.

10. Any and all contractual or legal agreements between Geico Insurance Agency, Inc. and Michael Geary.

11. All documents pertaining to IS File Number IN11183926.

12. All documents evidencing payments made to Midnight Recovery Inc.

13. All documents evidencing payments made to Midnight Recovery Inc. pertaining to Geico Insurance Agency, Inc. Roadside Assistance runs.

14. All documents evidencing Geico Insurance Agency, Inc. Central Dispatch's communications with Midnight Recovery Inc.

15. All documents evidencing Geico Insurance Agency, Inc. Central Dispatch's communications with Midnight Recovery Inc. on December 29, 2017.

NTD : 000005 of 000006

16.   Any charts, tables, or other documents detailing the hierarchical and/or organizational structure of Geico Insurance Agency, Inc.

17.   Any and all documents which comprise, refer to or relate to insurance agreements with Midnight Recovery, Inc. and/or Christian Worley.

18.   Any and all documents, reports, memoranda, notes, recordings or statements of any kind by any person or entity which refer or relate to the vehicular collision involving Jilianne Warner.

19.   Any and all documents, reports, memoranda, notes, recordings or statements of any kind which refer or relate to any vehicular collisions involving Christian Worley.

20.   Any and all documents, reports, memoranda, notes, recordings or statements of any kind which refer or relate to any vehicular collisions involving Midnight Recovery, Inc.

21.   Any and all documents, forms, check-lists, maintenance logs and equipment manifests created by any person or entity that refers or relates to the vehicle involved in the collision with Jilianne Warner, whether such material was created before or after the collision.

22.   Any and all photographs, charts, pictures, images, video, diagrams, drawings, descriptions or other documents referring or relating to the vehicle involved in the collision with Jilianne Warner.

23.   Any and all vehicle manuals, operating manuals, or other instructions or guidelines referring or relating to the operation or use of the tractor-trailer or any equipment located on or in the vehicle involved in the collision with Jilianne Warner.

24.   Any and all manuals, handbooks, operating guidelines, policies, procedures, pamphlets, memos, or other documents relating to Geico Insurance Agency, Inc. employees, safety or equipment operation in effect at the time of the collision.

NTD : 000006 of 000006

CASE NO:18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY M. SHAW

JILIANNE WARNER PLAINTIFF

v.

MIDNIGHT TOWING & RECOVERY, et. Al DEFENDANTS

*********

*Electronically Filed*

---

**PLAINTIFF'S NOTICE OF SERVICE OF DISCOVERY REQUESTS TO DEFENDANTS**

---

Notice is hereby given that Plaintiff, Jilianne Warner, by and through counsel, have served Defendants in the above entitled action with the following:

Plaintiff's First Set of Requests for Admissions, Interrogatories and Requests for Production of Documents to Defendant, Christian Worley; and

The undersigned counsel for Plaintiff retains the originals of the above documents as custodian thereof.

Respectfully submitted,

/s/ Terrance L. Massey Jr.

Mark K. Gray (#83552)
Matthew L. White (#88595)
Terrance L. Massey Jr. (#94355)
GRAY AND WHITE LAW
713 E. Market Street
Louisville, KY 40202
Ph: (502) 805-1800
mgray@grayandwhitelaw.com
mwhite@grayandwhitelaw.com
tjmassey@grayandwhitelaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing was filed with the above court electronically via the Kentucky CourtNet 2.0 E-filing system, on Tuesday, November 13, 2018. Electronic filers will receive service by CourtNet. A copy has been mailed/emailed to current non-filers.

Patricia Harmeling, Esq.
GWIN STEINMETZ & BAIRD, PLLC
*Attorney For: Midnight Towing & Recovery and Christian Worley*
401 W. Main St., 10th Floor
Louisville, KY 40202
Phone: (502) 618-5717
Fax: (502) 618-5701
Email Address: pharmeling@gsblegal.com

Scott T. Dickens, Esq.
Fultz Maddox Hovious Dickens
*Attorney For: Ruth Williams*
101 South Fifth Street, Suite 2700
Louisville, KY 40202
Phone: (502) 588-2005
Fax: (502) 588-2020
Email Address: sdickens@fmhd.com; sgowen@fmhd.com; thart@fmhd.com

/s/ Terrance L. Massey Jr.
*Counsel for Plaintiff(s)*

NF : 000002 of 000002

CASE NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY SHAW

JILIANNE WARNER PLAINTIFF

v.

**NOTICE OF DEPOSITION**
**VIA SUBPOENA DUCES TECUM TO**
**GEICO CASUALTY COMPANY**
***Electronically Filed***

MIDNIGHT TOWING & RECOVERY, et al. DEFENDANTS

*** *** ***

The parties will hereby take notice that Plaintiff, Jilianne Warner, by counsel, will take the deposition of the Custodian of Records for **Geico Casualty Company, One GEICO Center, Macon, Georgia 31295** on **Friday, December 14, 2018,** pursuant to Rule 30 of the Kentucky Rule of Civil Procedure.

Please take further notice that Plaintiff, by counsel, will serve a Subpoena Duces Tecum (attached as Exhibit A) upon the Custodian of Records for Geico Casualty Company, requiring them to produce at such examination the documents listed in the subpoena.

It shall be deemed sufficient compliance with the subpoenas, both as to deponent's appearance and to the production of documents, for the deponent to provide a certified copy of the documents by mailing same Certified Mail, to the undersigned, Terrance L. Massey Jr., Gray and White Law, 713 E. Market Street, Suite 200, Louisville, Kentucky 40202, counsel for Plaintiff, prior to Friday, December 14, 2018, for its use and for use by any other party to this litigation desiring copies of same.

Pursuant to CR 45, the undersigned agrees to make available a copy of any and all materials received in response to this subpoena to all other parties to this suit.

Filed 18-CI-003622 11/13/2018 David L. Nicholson, Jefferson Circuit Clerk

This deposition shall be taken for all purposes permitted under the Kentucky Rules of Civil Procedure.

*Respectfully submitted,*

/s/ Terrance L. Massey Jr.
Mark K. Gray
Matthew L. White
Terrance L. Massey Jr.
GRAY AND WHITE LAW
713 E. Market Street
Louisville, KY 40202
Ph: (502) 805-1800
mgray@grayandwhitelaw.com
mwhite@grayandwhitelaw.com
tjmassey@grayandwhitelaw.com
*Counsel for Plaintiff*

NTD : 000002 of 000006

2

Filed 18-CI-003622 11/13/2018 David L. Nicholson, Jefferson Circuit Clerk

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing was filed with the above court electronically via the Kentucky CourtNet 2.0 E-filing system, on Tuesday, November 13, 2018. Electronic filers will receive service by CourtNet. A copy has been mailed/emailed to current non-filers.

Patricia Harmeling, Esq.
GWIN STEINMETZ & BAIRD, PLLC
401 W. Main St., 10th Floor
Louisville, KY 40202
Phone: (502) 618-5717
Fax: (502) 618-5701
Email Address: pharmeling@gsblegal.com
*Attorney For: Midnight Towing & Recovery*

Scott Gowen
Fultz Maddox Dickens PLC
101 South Fifth St., 27th Floor
Louisville, KY 40202
Phone: (502) 992-5030
Email Address: sgowen@fmdlegal.com
*Attorney For: Christian Worley*

/s/ Terrance L. Massey Jr.
*Counsel for Plaintiff*

NTD : 000003 of 000006

AOC-025.1 Doc. Code: RS
Rev. 3-09
Page 1 of 1
Commonwealth of Kentucky
Court of Justice www.courts.ky.gov
CR 45; RCr 7.02

☐ SUBPOENA
☑ SUBPOENA DUCES TECUM

Case No. 18-CI-003622
Court CIRCUIT, DIVISION 5
County Jefferson
Date November 13, 2018

JUILIANNE WARNER PLAINTIFF

VS

MIDNIGHT TOWING & RECOVERY, et al. DEFENDANT

**The Commonwealth of Kentucky to:**

Name Geico Casualty Company
Address One GEICO Center

Macon Georgia 31295

**You are commanded to appear before:** *(select one of three choices)*
☐ ______ Court ☐ The Grand Jury of ______ County
☐ Other ______

**You are to appear at:** ______

on the ______ day of ______, 20___ at ______ ☐ a.m. OR ☐ p.m. ☐ Eastern ☐ Central Time

☐ To testify in behalf of ______
☐ To produce ______

☐ To give depositions

**You are commanded to produce and permit inspection and copying of the following documents or objects (or to permit inspection of premises):** All documents indicated in Exhibit A, attached.

on the 14 day of December, 2018 at 9:00 ☑ a.m. OR ☐ p.m. ☑ Eastern ☐ Central Time
at the following address: 713 E. Market Street, Suite 200, Louisville, Kentucky 40202

[signature]
Issuing Officer/Attorney Licensed in Kentucky
By: ______

Terrance L. Massey Jr.
**Name of Requesting Attorney**
**Phone#** (502) 805-1800

**PROOF OF SERVICE**

This subpoena was served by delivery of a true copy to: ______

This ______ day of ______, 2______ By: ______
**Title**

EXHIBIT A

1. Any and all documents, bills, statements, correspondence, or records of any description pertaining to Midnight Recovery, Inc., Plaintiffs, or to the collision involving Jilianne Warner.

2. The entire personnel file of Christian Worley including but not limited to application records, employment history, disciplinary records, promotion records, complaint records, education or training history, drug tests, criminal background checks and any other documents kept in the regular course of business.

3. Any and all contractual or legal agreements between Geico Casualty Company and Midnight Recovery, Inc.

4. Any and all contractual or legal agreements between Geico Casualty Company and Christian Worley.

5. Any and all contractual or legal agreements between Geico Casualty Company and Todd Hooker.

6. Any and all contractual or legal agreements between Geico Casualty Company and Lindsay Hooker.

7. Any and all contractual or legal agreements between Geico Casualty Company and Jeremy Blocker.

8. Any and all contractual or legal agreements between Geico Casualty Company and Jared Hinkle.

9. Any and all contractual or legal agreements between Geico Casualty Company and Joyrin Bumpous.

10. Any and all contractual or legal agreements between Geico Casualty Company and Michael Geary.

11. All documents pertaining to IS File Number IN11183926.

12. All documents evidencing payments made to Midnight Recovery Inc.

13. All documents evidencing payments made to Midnight Recovery Inc. pertaining to Geico Casualty Company Roadside Assistance runs.

14. All documents evidencing Geico Casualty Company Central Dispatch's communications with Midnight Recovery Inc.

15. All documents evidencing Geico Casualty Company Central Dispatch's communications with Midnight Recovery Inc. on December 29, 2017.

NTD : 000005 of 000006

16. Any charts, tables, or other documents detailing the hierarchical and/or organizational structure of Geico Casualty Company.

17. Any and all documents which comprise, refer to or relate to insurance agreements with Midnight Recovery, Inc. and/or Christian Worley.

18. Any and all documents, reports, memoranda, notes, recordings or statements of any kind by any person or entity which refer or relate to the vehicular collision involving Jilianne Warner.

19. Any and all documents, reports, memoranda, notes, recordings or statements of any kind which refer or relate to any vehicular collisions involving Christian Worley.

20. Any and all documents, reports, memoranda, notes, recordings or statements of any kind which refer or relate to any vehicular collisions involving Midnight Recovery, Inc.

21. Any and all documents, forms, check-lists, maintenance logs and equipment manifests created by any person or entity that refers or relates to the vehicle involved in the collision with Jilianne Warner, whether such material was created before or after the collision.

22. Any and all photographs, charts, pictures, images, video, diagrams, drawings, descriptions or other documents referring or relating to the vehicle involved in the collision with Jilianne Warner.

23. Any and all vehicle manuals, operating manuals, or other instructions or guidelines referring or relating to the operation or use of the tractor-trailer or any equipment located on or in the vehicle involved in the collision with Jilianne Warner.

24. Any and all manuals, handbooks, operating guidelines, policies, procedures, pamphlets, memos, or other documents relating to Geico Casualty Company employees, safety or equipment operation in effect at the time of the collision.

NTD : 000006 of 000006

CASE NO:18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY M. SHAW

**ELECTRONICALLY FILED**

JILIANNE WARNER PLAINTIFF

v.

**AGREED ORDER OF EXTENSION TO PLAINTIFF TO RESPOND TO DEFENDANTS' MOTION TO DISMISS**

MIDNIGHT TOWING & RECOVERY, et. Al. DEFENDANTS

*** *** ***

By agreement of the parties, and the Court being otherwise sufficiently advised, IT IS HEREBY ORDERED AND AGREED that the Plaintiff shall have an additional thirty (30) days from the deadline to respond to Defendants, Ruth Williams, Courtney Wilder, Angela Downs, and Edward Meiman's Motion to Dismiss of October 23, 2019. IT IS FURTHER ORDERED that the Plaintiff shall file her Response no later than Thursday, November 22, 2018.

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK
OCT 19 2018
BY ______ DEPUTY CLERK

JEFFERSON CIRCUIT COURT JUDGE

DATE: ______

**HAVE SEEN AND AGREED:**

/s/ Matthew L. White
Matthew L. White
GRAY AND WHITE LAW
713 E. Market Street
Louisville, KY 40202
Ph: (502) 805-1800
mgray@grayandwhitelaw.com
mwhite@grayandwhitelaw.com
tjmassey@grayandwhitelaw.com
*Counsel for Plaintiff*

TD : 000001 of 000002

Tendered 18-CI-0036.. 10/18/2018 David L. Nicholso.. Jefferson Circuit Clerk

/s/ Scott Gowen (w/Permission
Scott Gowen, Esq.
Assistant Jefferson County Attorney
531 Court Place, Suite 900
Louisville, KY 40202
(502) 574-3337
*Counsel for Defendant, Ruth Williams, Courtney Wilder, Angela Downs, and Edward Meiman*

Cc:

Patricia Harmeling, Esq.
GWIN STEINMETZ & BAIRD, PLLC
Attorney For: Midnight Towing & Recovery
401 W. Main St., 10th Floor
Louisville, KY 40202
Phone: (502) 618-5717
Fax: (502) 618-5701
Email Address: pharmeling@gsblegal.com

Tendered 18-CI-003622 10/18/2018 David L. Nicholson, Jefferson Circuit Clerk

TD : 000002 of 000002

CASE NO.18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY SHAW

JILIANNE WARNER PLAINTIFF

vs.

**DEFENDANT MIDNIGHT RECOVERY, INC.'S RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY DEPOSITION DATES**

MIDNIGHT RECOVERY, INC., ET AL. DEFENDANTS

Comes the Defendant, Midnight Recovery, Inc. ("Midnight Recovery"), by counsel, and for its Response to Plaintiff's Motion to Compel Discovery Deposition Dates states as follows:

This case involves a motor vehicle accident which occurred on December 29, 2017. The Plaintiff's Complaint was filed on July 24, 2018 and after it was served, Midnight Recovery, by counsel, filed its Answer on August 7, 2018.

Midnight Recovery is one of six named defendants in this lawsuit. Discovery is in its infancy and written discovery between these two parties is ongoing. According to the Court's file, the five remaining defendants have not even been served with summons and therefore are not before the Court. Certainly no responsive pleadings have been filed on behalf of any of those named defendants. It is unclear at this point in time which defendants will be in this case for purposes of litigation and what written discovery they would request prior to any depositions being taken. As a result, it is entirely too premature to discuss scheduling depositions of multiple Midnight Recovery representatives at this stage. Plaintiff's counsel sent the undersigned a list of eleven (11) topics for request of deposition testimony from Midnight Recovery, many of which included a request for "all persons who" were involved in that topic. To the extent that these topics are proper for deposition, these depositions need to occur when all the parties to the case have been served, are represented by counsel and have issued any written discovery requests

RES : 000001 of 000003

they require prior to depositions. The other defendants in this lawsuit will almost certainly want their counsel to be present and have the opportunity to questions Midnight Recovery representatives and it is fundamentally unfair to require two depositions to occur simply because Plaintiff's counsel is trying to push discovery in this case too quickly. At this time, we simply do not know who will be in the case, let alone know the availability of other defense counsel for depositions to occur. Until those things are known to this Court and counsel, it is not reasonably feasible to schedule depositions of parties or party representatives.

Additionally, the undersigned is not available generally until late November 2018 and therefore Plaintiff's timeframe is likely not possible. However, Midnight Recovery's position remains that setting depositions on any date certain at this stage of the proceeding is premature as only one of six defendants is properly before the Court.

**WHEREFORE**, the Defendant, Midnight Recovery, Inc., respectfully moves this Court to deny Plaintiff's Motion and to enter the proposed Order tendered with this Response.

Respectfully submitted,

/s/ Patricia L. Harmeling
PATRICIA L. HARMELING
KY BAR #88906
GWIN STEINMETZ & BAIRD, PLLC
401 W. Main St., 10th Floor
Louisville, KY 40202
(502) 618-5700 (telephone)
(502) 618-5701 (fax)
*Counsel for Defendant*

RES : 000002 of 000003

Filed 18-CI-00362 10/04/2018 David L. Nicholson, Jefferson Circuit Clerk

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was electronically filed on the 4th day of October, 2018 which will provide service copies to counsel of record listed below:

Matthew L. White
Terrance Massey
GRAY & WHITE
713 E. Market Street, #200
Louisville, KY 40202
*Counsel for Plaintiff*

/s/ Patricia L. Harmeling
PATRICIA L. HARMELING

RES : 000003 of 000003

Filed 18-CI-003622 10/04/2018 David L. Nicholson, Jefferson Circuit Clerk

CASE NO.18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY SHAW

JILIANNE WARNER PLAINTIFF

vs.

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY DEPOSITION DATES**

MIDNIGHT RECOVERY, INC., ET AL. DEFENDANTS

Plaintiff having moved this Court to compel discovery deposition dates from Defendant Midnight Recovery, Inc., the Court having reviewed the Motion, the Response, the Court's record and the Court being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel is **DENIED**.

DAVID L. NICHOLSON, CLERK
OCT 08 2018
BY ______ DEPUTY CLERK

JUDITH MARY SHAW
JUDGE, DIVISION 5
JEFFERSON CIRCUIT COURT

_______________
DATE

Tendered by:

/s/ Patricia L. Harmeling
Patricia L. Harmeling
Gwin Steinmetz & Baird PLLC

TD : 000001 of 000002

Tendered 18-CI-003622 10/04/2018 David L. Nicholson, Jefferson Circuit Clerk

**Distribution List**:

Patricia L. Harmeling
GWIN STEINMETZ & BAIRD, PLLC
401 W. Main Street
Suite 1000
Louisville, KY 40202

Matthew L. White
Terrance Massey
GRAY & WHITE
713 E. Market Street, #200
Louisville, KY 40202

TD : 000002 of 000002

Tendered 18-CI-003622 10/04/2018 David L. Nicholson, Jefferson Circuit Clerk

CLERK 1
D.C

NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY M. SHAW

JILIANNE WARNER PLAINTIFF

vs.

MIDNIGHT RECOVERY, INC., *et al.* DEFENDANTS

* * * * * * * *

# MOTION TO DISMISS ON BEHALF OF DEFENDANTS, RUTH WILLIAMS, COURTNEY WILDER, ANGELA DOWNES, AND EDWARD MEIMAN

> ***Public officials are not an insurer of the safety of every member of the public, nor are they personally accountable in monetary damages only because the individual is a public official charged with a general duty of protecting the public.***

*City of Florence v. Chipman,* 38 S.W.3d 387, 393 (Ky. 2001).

Defendants, Ruth Williams, Courtney Wilder, Angela Downes, and Edward Meiman ("the Emergency Services Defendants") ask this Court to dismiss the Complaint filed against them because plaintiff cannot establish a *prima facie* case of negligence as a matter of law, and to the extent that they were negligent, they are shielded from any liability by the doctrine of qualified official immunity.

## STATEMENT OF UNDISPUTED FACTS NECESSARY FOR RULING ON MOTION

On December 29, 2017, a wrecker owned by Midnight Recovery and operated by Christian Worley rear-ended a vehicle operated by plaintiff, Jilianne Warner. Compl. ¶10. Following the collision, three calls for service were made to MetroSafe 911. Plaintiff alleges, and it is true, that it was not until the third call for service that an ambulance was dispatched to the scene. Compl. ¶¶12-14.

The Event Chronology and the recordings of the three 911 calls demonstrate that the first call for service was received at 10:25:41 and ***no*** injury was reported by the caller. The second

call for service was received at 10:26:05 and ***no*** injury was reported by the caller. It wasn't until the third call for service received at 10:33:52 that a caller reported that it was an injury accident. **Ex. 1:** Downes Affidavit at ¶9; **Ex. 2:** Event Chronology; **Ex. 3:** CD containing three 911 calls for service.

## CLAIMS AGAINST THE EMERGENCY SERVICES DEFENDANTS

This is a negligence case. With respect to Williams and Wilder, plaintiff alleges that they owed her a duty to obtain information from callers regarding the accident and to initiate "an appropriate public safety response." Compl. ¶31. With respect to Downes and Meiman, plaintiff alleges that they were negligent in training Williams and Wilder. Compl. ¶31.

## ARGUMENT

### I. PLAINTIFF CANNOT ESTABLISH A *PRIMA FACIE* CASE OF NEGLIGENCE AGAINST THE EMERGENCY SERVICES DEFENDANTS.

Actionable negligence requires a plaintiff to establish:

- the defendant owed the plaintiff a duty of care;
- a breach of that duty; and
- consequent injury as a result thereof.

*Pathways, Inc. v. Hammons,* 113 S.W.3d 85, 88-89 (Ky. 2003). Proof of each element is absolutely necessary. *Com., Transportation Cabinet, Department of Highways v. Guffey,* 244 S.W.3d 79, 81 (Ky. 2008). The failure to prove any element is fatal to a negligence claim. *Illinois Cent. R.R. v. Vincent,* 412 S.W.2d 874, 876 (Ky. 1967).

This Court should, therefore, dismiss this case if the undisputed facts of the case demonstrate that the Emergency Services Defendants owed no duty to plaintiff, or alternatively that any breach of a duty to plaintiff was not a legal cause of her injuries. *Pathways* at 89.

### A. The Emergency Services Defendants Did Not Owe a Duty to Plaintiff.

Under Kentucky law, duty presents a pure question of law for the Court. *Fryman v. Harrison,* 896 S.W.2d 908, 910 (Ky. 1995). The question of whether a duty exists "is essentially [...] a policy determination. *Mullins v. Commonwealth Life Insurance Co.,* 839 S.W.2d 245, 248 (Ky. 1992).

Recently, the Kentucky Court of Appeals addressed the policy considerations of imposing a duty on a 911 operator in a negligence case. *McCuiston v. Butler,* 509 S.W.3d 76 (Ky.App. 2017). In *McCuiston,* Joyce McCuiston called 911 for the City of Henderson and spoke with 911 operator, William Butler. McCuiston called 911 to report a theft, but during the call she told Butler that she was dehydrated, unable to come to the door, and to instruct the responding deputy sheriff that she would "'holler' and say 'come in, the door's open'" when the deputy sheriff arrived. *McCuiston* at 77. However, Butler failed to relay that information to the deputy sheriff. *Id.*

When the deputy sheriff arrived at McCuiston's residence, she knocked loudly on the door, but no one answered. The deputy sheriff did not get any response or hear any noise from inside McCuiston's home. Three days later, McCuiston was found dead in her home. *Id.* McCuiston's estate filed a wrongful death lawsuit in which it alleged that Butler was negligent. *Id.* at 79.

In reversing the trial court's denial of Butler's motion for summary judgment, the Kentucky Court of Appeals held that the actions of Butler are protected "under the public duty doctrine," the legal significance of which is that "recovery from a public official in tort is possible ***only*** where the victim shows that the duty breached was owed to an individual, and was

not the breach of a general obligation owed to the public in general." *McCuiston* at 80. (emphasis added).

The Court went on to explain that in Kentucky "that duty is ***only*** established by the showing that the public official and the party were engaged in a special relationship." *Id.* (emphasis added). The "special relationship" test was explained in *Fryman v. Harrison,* 896 S.W.2d 908 (Ky. 1995). Specifically, "[p]ublic officials in an individual capacity or otherwise, cannot be expected to protect every individual whether known to them or not from any possible harm by third parties." *Fryman* at 909-910. "In order to establish an affirmative legal duty on public officials in the performance of their official duties, there must exist a special relationship between the victim and the public officials." *Id.* at 910.

The "special relationship" required to impose liability on public officials – such as the Emergency Services Defendants – is established where "the victim was in state custody or otherwise restrained by the state at the time in question," and "the violence or other offensive conduct was perpetrated by a state actor." *Fryman* at 910; *City of Florence v. Chipman,* 38 S.W.3d 387 (Ky. 2001). In applying this test, the *McCuiston* Court found no special relationship between McCuiston and Butler. Likewise, in the present case, neither prong of the test can be met based on the undisputed facts because plaintiff was never in custody and her alleged damages were not caused by the Emergency Services Defendants.

Kentucky case law is clear that the ordinary "universal duty" of care negligence principles do not apply to allegations of negligence against 911 operators. The Emergency Services Defendants did not establish a "special relationship" with plaintiff, and therefore, they "did not have a duty of care to her and [were] protected from liability by the public duty doctrine." *McCuiston* at 82. Without a "special relationship," the Emergency Services

Defendants simply do not owe a duty of care on which a claim of negligence can be maintained. *Id.* ("Without a special relationship, Butler's action fell under the 'public duty' doctrine, which does not make public officials guarantors of public safety with a universal duty of care to protect the general public from harm or accident.")

In summary, this Court should not impose a duty on the Emergency Services Defendants unless it determines – as a matter of law – that there was a "special relationship" between the Emergency Services Defendants and plaintiff. And in order to find a "special relationship," this Court must find – again as a matter of law – that "[plaintiff was] in state custody or otherwise restrained by the state at the time in question," and "the violence or other offensive conduct was perpetrated by a state actor." *Fryman* at 910. There is no proof, or even an allegation, in support of either prong of the "special relationship" test. The Emergency Services Defendants are therefore entitled to judgment as a matter of law on plaintiffs' claims against them.

**B. THE BREACH OF ANY DUTY BY THE EMERGENCY SERVICES DEFENDANTS WAS NOT THE CAUSE OF PLAINTIFF'S ALLEGED DAMAGES.**

As an additional basis, the Court should dismiss the claims against the Emergency Services Defendants because the breach of any duty was not the cause of plaintiff's damages. "Consequent injury" comprises two distinct elements: actual injury or harm to the plaintiff and legal causation between the defendant's breach and the plaintiff's injury. *Pathways* at 89. Legal causation presents a mixed question of law and fact, but where only one reasonable conclusion can be reached, a trial court may decide the issue of causation as a matter of law. *Lewis v. B&R Corp.,* 56 S.W.3d 432, 437-38 (Ky.App. 2001).

Kentucky has adopted Section 431 of the RESTATEMENT (SECOND) OF TORTS pertaining to legal causation. *Deutsch v. Shein,* 597 S.W.2d 141, 144 (Ky. 1980). It states in relevant part:

> The actor's negligent conduct is a legal cause of harm to another if (a) his conduct is a substantial factor in bringing about the harm, and (b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm.

RESTATEMENT (SECOND) OF TORTS, §431.

Section 433 of the RESTATEMENT (SECOND) OF TORTS outlines three factors relevant to the "substantial factor" analysis, among them, "whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible." RESTATEMENT (SECOND) OF TORTS, §433(b). This distinction is recognized under Kentucky law, which holds that "[w]hen the original negligence is remote and only furnishes the occasion of the injury, it is not the proximate cause thereof." *Estate of Wheeler v. Veal Realtors & Auctioneers, Inc.*, 997 S.W.2d 497, 499 (Ky.App. 1999); *See also, Pathways* at 93; *Comm., Dep't. of Highways v. Graham,* 410 S.W.2d 619, 620 (Ky. 1966); and *Peak v. Barlow Homes, Inc.*, 765 S.W.2d 577, 579 (Ky.App. 1988) ("A prior and remote cause creating a condition for an incident to occur in does not in and of itself create liability.")

The Emergency Services Defendants' actions or inactions simply were not a substantial factor in causing plaintiff's alleged damages. By her own admission, plaintiff was allegedly injured as a result of an accident in which another vehicle rear-ended the vehicle she was operating. There is no basis to conclude that the Emergency Services Defendants' negligence, if any, was a substantial factor in causing plaintiff's alleged damages. The Emergency Services Defendants are therefore entitled to judgment as a matter of law because the breach of any duty on their part was not the legal cause of plaintiff's alleged damages.

## II. The Emergency Services Defendants are Entitled to Qualified Official Immunity.

Qualified official immunity only applies when there has been a ***negligent*** performance of a discretionary act. *Rowan Co. v. Sloas,* 201 S.W.3d 469, 475-76 (Ky. 2006). Stated differently, a claim of qualified official immunity presupposes that a government official engaged in the ***negligent*** performance of a discretionary act. As set out above, the Emergency Services Defendants were not negligent as a matter of law so the Court should not even reach the qualified official immunity analysis.

If, however, the Court determines that the Emergency Services Defendants owed a legal duty to plaintiff and that the breach of that duty was the legal cause of the accident, the Emergency Services Defendants are entitled to qualified official immunity because any negligence stemmed from the performance of discretionary acts.

Under Kentucky law, public officials – such as the Emergency Services Defendants – are cloaked with qualified official immunity for the negligent performance of discretionary (i.e. involving personal deliberation, decisions, and judgment) acts made in good faith within the scope of their authority. *Sloas* at 475-76; *Yanero v. Davis,* 65 S.W.3d 510, 522 (Ky. 2001). The immunity is intended to protect governmental employees from liability for good faith judgment calls in a legally uncertain environment. *Id.*

### A. Williams and Wilder Enjoy Qualified Official Immunity.

Ruth Williams was the 911 operator who answered the first call for service. Courtney Wilder was the 911 operator who answered the second call for service. **Ex. 3:** CD containing three 911 calls for service. And set out on the attached CD, the caller who initiated the first call for service did not report that plaintiff was injured. Likewise, the caller who initiated the second call for service did not report any injuries. *Id.*

Whether an employee – such as Williams and Wilder – are entitled to qualified official immunity is a question of law for the court. *Sloas* at 475.

Qualified official immunity applies when the employee is performing a discretionary act or function, in good faith, and within the scope of the employee's authority. *Turner v. Nelson*, 342 S.W.3d 866, 874 f.n. 8 (Ky. 2011) citing to *Yanero* at 522. It is not the "status or title of the officer or employee, but the [act or] function performed" that determines the application of the defense. *Haney v. Monsky,* 311 S.W.3d 235, 240 citing *Yanero* at 521.

'"Discretionary acts are, generally speaking, 'those involving the exercise of discretion and judgment, or personal deliberation, decision and judgment.'" *Id.* "'It may also be added that discretionary acts or functions are those that necessarily require the exercise of reason in the adaptation of means to an end, and discretion in determining how or whether the act shall be done or the course pursued.'" *Turner* at 874 quoting *Haney* at 240. Ministerial acts "are those that require 'only obedience to the orders of others, or when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts." *Id.* "[I]n the final analysis, the decision as to whether a public official's acts are discretionary or ministerial must be determined by the facts of each particular case...." *Jerauld ex rel. Robinson v. Kroger*, 353 S.W.3d 636, 641 (Ky. App. 2011) quoting *Caneyville Volunteer Fire Dept. v. Green's Motorcycle Salvage, Inc.*, 286 S.W.3d 790, 809 (Ky. 2009).

Plaintiff has made no allegation that Williams and Wilder acted outside the scope of their employment or that they acted in bad faith. Therefore, the only element of qualified official immunity at issue is whether their actions were discretionary. As 911 call takers, both Williams and Wilder exercise discretion based on information provided by the caller to determine whether the call for service involves an injury accident. **Ex. 1:** Downes Affidavit at ¶8. Williams and

Wilder enjoy qualified official immunity for their discretionary acts and are therefore entitled to judgment in their favor.

### B. Downes and Meiman Enjoy Qualified Official Immunity.

Angela Downes was the Assistant Director of MetroSafe at the time of plaintiff's accident. **Ex. 1:** Downes Affidavit at ¶2. MetroSafe consists of approximately 180 employees working in multiple departments, including but not limited to Training & Quality Assurance, National Crime & Information Center, and the 911 Communication Center. **Ex. 1:** Downes Affidavit at ¶3. Each department at MetroSafe has either a manager or supervisor who oversees the MetroSafe employees in those respective departments and reports directly to Downes or her designee. **Ex. 1:** Downes Affidavit at ¶4. As the Assistant Director of MetroSafe, Downes oversees the implementation of MetroSafe's mission, goals, budgets, strategic planning, operations, and policies. **Ex. 1:** Downes Affidavit at ¶5. On a day to day basis, Downes is primarily engaged with communications with the Mayor's office, strategic planning, long-term financial planning, rather than the day-to-day operations of MetroSafe. **Ex. 1:** Downes Affidavit at ¶6. Downes is required to exercise discretion as to the best means necessary to ensure that MetroSafe carries out its mission and goals in an effective and efficient manner. **Ex. 1:** Downes Affidavit at ¶7.

Edward Meiman was the Executive Director of Emergency Services at the time of plaintiff's accident. **Ex. 4:** Meiman Affidavit at ¶2. Emergency Services consists of approximately 504 employees working in multiple departments, including but not limited to Louisville Metro Emergency Medical Services, MetroSafe, Emergency Management, and Metro Call. **Ex. 4:** Meiman Affidavit at ¶3. Each department at Emergency Services has either an Assistant Director or other appointed authority who oversees the employees in those respective

departments and reports directly to Meiman or his designee. **Ex. 4:** Meiman Affidavit at ¶4. As the Executive Director of Emergency Services, Meiman oversees the implementation of Emergency Services overall mission, goals, budgets, strategic planning, operations, and policies. **Ex. 4:** Meiman Affidavit at ¶5. On a day to day basis, Meiman is primarily engaged with communications with the Mayor's office, strategic planning, long-term financial planning, rather than the day-to-day operations of Emergency Services. **Ex. 4:** Meiman Affidavit at ¶6. Meiman is required to exercise discretion as to the best means necessary to ensure that Emergency Services carries out its mission and goals in an effective and efficient manner. **Ex. 4:** Meiman Affidavit at ¶7.

When asked to decide whether a director of another agency of Louisville/Jefferson County Metro Government enjoyed qualified official immunity, the Kentucky Court of Appeals held:

> As the director of public works, Pullen presided over a department with eight divisions and nearly 800 employees. As Director, Pullen testified that he was responsible for the direction of the department as a whole and that he ensured the implementation of Public Works' goals, budgets, and policies. He was also responsible for analyzing data on the effectiveness and efficiency of the programs and ensuring maximum utilization of available resources. We agree with the trial court that none of these duties involve obedience to the orders of others or the execution of any specific act, such that they are ministerial in nature. Thus, Pullen's duties were discretionary in nature under *Yanero.*

*Wales v. Pullen,* 390 S.W.3d 160, 167 (Ky.App. 2012).

Likewise, the duties of Downes and Meiman do not require obedience to the orders of others or the execution of any specific act. Rather, their duties are discretionary as they can be performed in more than one lawful way and it is left to Downes and Meiman to determine the best means to accomplish those duties based on the circumstances. *Haney* at 240. Downes and Meiman are therefore entitled to qualified official immunity.

Because plaintiffs' allegations of negligence against the Emergency Services Defendants are based on acts for which they enjoy qualified official immunity, the claims against them should be dismissed.

## CONCLUSION

As a matter of law, the Emergency Services Defendants owed no legal duty to plaintiff. What's more, the Emergency Services Defendants' actions or inactions was not the legal cause of plaintiff's alleged damages. And to the extent that the Court determines that the Emergency Services Defendants' conduct rises to the level of actionable negligence, they are shielded from liability by the doctrine of qualified official immunity.

For these reasons, the Emergency Services Defendants are entitled to judgment as a matter of law and the Court should dismiss all claims against them.

Respectfully Submitted,
MICHAEL J. O'CONNELL

Gregory Scott Gowen
Assistant Jefferson County Attorney
531 Court Place, Suite 900
Louisville, KY 40202
(502) 574-3337

*Counsel for Ruth Williams, Courtney Wilder, Angela Downes, and Edward Meiman*

**CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing was mailed on October 3, 2018, via first-class U.S. mail, postage prepaid to:

Mark K. Gray
Matthew L. White
GRAY & WHITE
713 East Market Street
Suite 200
Louisville, KY 40202
mgray@grayandwhitelaw.com
mwhite@grayandwhitelaw.com
*Counsel for Plaintiff, Jilianne Warner*

Patricia L. Harmeling
GWIN STEINMETZ & BAIRD, PLLC
401 W. Main Street, 10th Floor
Louisville, KY 40202
pharmeling@gsblegal.com
*Counsel for Defendant, Midnight Recovery, Inc.*

Gregory Scott Gowen

# EXHIBIT 1

NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY M. SHAW

JILIANNE WARNER — PLAINTIFF

vs.

MIDNIGHT RECOVERY, INC., *et al.* — DEFENDANTS

* * * * * * * *

**AFFIDAVIT OF ANGELA M. DOWNES**

Comes the affiant, Angela M. Downes, and after having been duly sworn, states as follows:

1. I am over the age of eighteen and have relevant knowledge regarding this matter.

2. I am employed by Louisville/Jefferson County Metro Government as the Assistant Director of the Louisville/Jefferson County Metro Emergency Services ("MetroSafe"), which is a division of Emergency Services.

3. MetroSafe consists of approximately 180 employees working in multiple departments, including but not limited to Training & Quality Assurance, National Crime & Information Center, and the 911 Communication Center.

4. Each department at MetroSafe has either a manager or supervisor who oversees the MetroSafe employees in those respective departments and reports directly to me or my designee.

5. As the Assistant Director of MetroSafe, it is my job to oversee the implementation of MetroSafe's mission, goals, budgets, strategic planning, operations, and policies, and monitor the effectiveness and efficiency of MetroSafe's programs and services to the public.

6. On a day to day basis, I am primarily engaged with communications with the Mayor's office, strategic planning, long-term financial planning, rather than the day-to-day operations of MetroSafe.

7. As the Assistant Director of MetroSafe, I am required to exercise discretion as to the best means necessary to ensure that MetroSafe carries out its mission and goals in an effective and efficient manner.

8. When a 911 call for service is made to the 911 Communication Center, the call taker must exercise discretion based on information provided by the caller to determine whether the call for service involves an injury accident.

9. I have reviewed the Event Chronology for the three calls for service made to the 911 Communication Center regarding the accident that is the subject of this lawsuit and listened to recordings of the three calls for service and determined that the first call for service was received at 10:25:41 and no injury was reported by the caller and the second call for service was received at 10:26:05 and no injury was reported by the caller. A third call for service was received at 10:33:52 during which the caller reported that it was an injury accident.

Further the affiant sayeth naught.

Angela M. Downes
Angela M. Downes

STATE OF KENTUCKY }
} SS:
COUNTY OF JEFFERSON }

Subscribed and sworn to before me by Angela M. Downes on this the 28th day of September, 2018.

Tonya R. Sangester
NOTARY PUBLIC, STATE AT LARGE
My commission expires: Oct 24, 2018

Tonya R. Sangester
Notary Public
State at Large, Kentucky
Notary ID 521816, Expires 10/24/2018

# EXHIBIT 2

**P17536599 - 1050 - INJURY ACCIDENT**
**GREENBELT HWY/GREENWOOD RD LVIL**

☐ System Comments Normal View

| Date/Time | Terminal | Operator | |
|---|---|---|---|
| 12/29/17 10:26:47 | 911ms108 | 13144 | EVENT CREATED - Type: 1049 - NON INJ ACCI, Location: GREENBELT HWY/GREENWOOD RD LVIL, Agency: LMPD, Group: 3, Beat: 331, Status: P, Priortiy: 3 |
| 12/29/17 10:26:47 | 911ms108 | 13144 | INITIAL CALL - Call Source: 2-PHONE, Caller Name: CHRISTIAN- INV, Caller Phone Number: , Caller Address: |
| 12/29/17 10:26:47 | 911ms108 | 13144 | EVENT REMARK - MIDNIGHT TOWING VS BLK VEH |
| 12/29/17 10:26:48 | 911ms108 | 13144 | EVENT UPDATED - First Viewed Time: 12/29/17 10:26:48, Rms Transfer Time: 12/29/17 10:26:48, |
| 12/29/17 10:27:04 | 911ms108 | 13144 | EVENT UPDATED - Common Event Revision Number: 2, |
| 12/29/17 10:27:04 | 911ms108 | 13144 | UPDATED/ADDITIONAL CALL - Call Source: 2-PHONE, Caller Name: CHRISTIAN- INV, Caller Phone Number: (812) 670-7206, Caller Address: |
| 12/29/17 10:27:19 | 911ms109 | 40686 | EVENT REMARK - ACFS-PM-502-303-7103 |
| 12/29/17 10:27:30 | 911ms141 | 4882 | EVENT UPDATED - Last Status Change Time: 12/29/17 10:27:30, Pending Alarm Time: 12/29/17 10:57:30, Rms Transfer Time: 12/29/17 10:27:30, Status Code: S, |
| 12/29/17 10:30:11 | 911ms141 | 4882 | EVENT UPDATED - Total Assigned Units: 1, |
| 12/29/17 10:30:11 | 911ms141 | 4882 | UNIT UPDATED - Unit: 311C, Status: DP, Location: GREENBELT HWY/GREENWOOD RD LVIL, Employees: 7090 |
| 12/29/17 10:30:12 | 911ms141 | 4882 | EVENT UPDATED - First Unit Dispatched Time: 12/29/17 10:30:11, Status Code: A, |
| 12/29/17 10:30:12 | 911ms141 | 4882 | EVENT UPDATED - |
| 12/29/17 10:30:21 | $311C | 7090 | EVENT UPDATED - First Unit Enrouted Time: 12/29/17 10:30:21, Rms Transfer Time: 12/29/17 10:30:21, |
| 12/29/17 10:30:21 | $311C | 7090 | UNIT UPDATED - Unit: 311C, Status: ER, Location: GREENBELT HWY/GREENWOOD RD LVIL, Employees: 7090 |
| 12/29/17 10:34:36 | 911ms103 | 39078 | EVENT UPDATED - Agency Event Type Code: 1050, Agency Event Type Code Desc: INJURY ACCIDENT, Common Event Revision Number: 3, Max Arrive Time: 20, Max Pending Time: 5, Pending Alarm Time: 12/29/17 10:32:30, Priority: 2, Priority Changed Time: 12/29/17 10:34:36, Rms Transfer Time: 12/29/17 10:34:36, |
| 12/29/17 10:34:57 | 911ms103 | 39078 | EVENT REMARK - COMP ADV F PT CANNOT FEEL HER LEGS |
| 12/29/17 10:35:15 | 911ms123 | 19361 | EVENT REMARK - 138-PRP8 |
| 12/29/17 10:35:51 | 911ms103 | 39078 | EVENT REMARK - COMP ADV PT ALSO HAVE NECK AND ARM PAIN |
| 12/29/17 10:38:21 | 911ms145 | 17645 | EVENT UPDATED - First Unit Arrived Time: 12/29/17 10:38:21, Primary Employee Id: 7090, Primary Unit Id: 311C, Rms Transfer Time: 12/29/17 10:38:21, |
| 12/29/17 10:38:21 | 911ms145 | 17645 | UNIT UPDATED - Unit: 311C, Status: AR, Location: GREENBELT HWY/GREENWOOD RD LVIL, Employees: 7090 |
| 12/29/17 10:39:45 | 911ms145 | 17645 | EVENT REMARK - CODE3 FOR EMS |
| 12/29/17 10:39:59 | 911ms145 | 17645 | EVENT UPDATED - Rms Transfer Time: 12/29/17 10:39:59, Total Assigned Units: 2, |
| 12/29/17 10:39:59 | 911ms145 | 17645 | UNIT UPDATED - Unit: 311A, Status: DP, Location: GREENBELT HWY/GREENWOOD RD LVIL, Employees: 7267 |
| 12/29/17 10:41:27 | 911ms123 | 19361 | EVENT REMARK - REQ FIRE FOR EXTRICATION |
| 12/29/17 10:42:14 | $311A | 7267 | UNIT UPDATED - Unit: 311A, Status: ER, Location: GREENBELT HWY/GREENWOOD RD LVIL, Employees: 7267 |
| 12/29/17 10:44:37 | 911ms145 | 17645 | EVENT UPDATED - Rms Transfer Time: 12/29/17 10:44:37, Total Assigned Units: 3, |
| 12/29/17 10:44:37 | 911ms145 | 17645 | UNIT UPDATED - Unit: 311D, Status: DP, Location: GREENBELT HWY/GREENWOOD RD LVIL, Employees: 7817 |
| | 911ms145 | 17645 | UNIT UPDATED - |

| | | | |
|---|---|---|---|
| 12/29/17 10:44:39 | | | Unit: 311D, Status: AR, Location: GREENBELT HWY/GREENWOOD RD LVIL, Employees: 7817 |
| 12/29/17 10:45:31 | 911ms145 | 17645 | EVENT REMARK - 311C SVC |
| 12/29/17 10:46:10 | 911ms120 | 32349 | EVENT REMARK - NO RESCUE |
| 12/29/17 10:46:21 | 911ms120 | 32349 | EVENT REMARK - ASSISTING EMS WITH IMMOBILIZING PT, F2253 CAN HANDLE |
| 12/29/17 10:46:57 | 911ms144 | 4383 | EVENT REMARK - BLACK SCION 94817925 994 7472 ATU |
| 12/29/17 10:47:18 | 911ms144 | 4383 | EVENT REMARK - ALL 4 TIRES DOWN |
| 12/29/17 10:47:36 | 911ms144 | 4383 | EVENT REMARK - SUBURBAN TOWING OK |
| 12/29/17 10:47:43 | 911ms146 | 4808 | EVENT REMARK - 311C REQ TRAFFIC UNIT CALL |
| 12/29/17 10:51:17 | 911ms144 | 4383 | EVENT REMARK - HOLD OFF ON THE TOW UNTIL TRAFFIC ADV |
| 12/29/17 10:52:25 | $311C | 7090 | UNIT UPDATED - Unit: 311C, Status: UC, Location: , Employees: 7090 |
| 12/29/17 10:52:25 | $311C | 7090 | UNIT UPDATED - Unit: 311C, Status: UC, Location: , Employees: 7090 |
| 12/29/17 10:56:19 | 911ms145 | 17645 | CASE NUMBER ASSIGNED - R8017105178 |
| 12/29/17 10:56:19 | 911ms145 | 17645 | DISPOSITION ASSIGNED - RPT |
| 12/29/17 10:56:31 | 911ms145 | 17645 | EVENT REMARK - 311C# |
| 12/29/17 10:58:21 | 911kzier101 | 0 | UNIT UPDATED - Unit: 311C, Status: ~, Location: GREENBELT HWY/GREENWOOD RD LVIL, Employees: 7090 |
| 12/29/17 10:59:18 | $311C | 7090 | UNIT UPDATED - Unit: 311C, Status: UC, Location: , Employees: 7090 |
| 12/29/17 10:59:18 | $311C | 7090 | UNIT UPDATED - Unit: 311C, Status: UC, Location: , Employees: 7090 |
| 12/29/17 11:00:11 | $311C | 7090 | UNIT UPDATED - Unit: 311C, Status: UC, Location: , Employees: 7090 |
| 12/29/17 11:00:11 | $311C | 7090 | UNIT UPDATED - Unit: 311C, Status: UC, Location: , Employees: 7090 |
| 12/29/17 11:00:32 | 911ms145 | 17645 | UNIT UPDATED - Unit: 311A, Status: AR, Location: GREENBELT HWY/GREENWOOD RD LVIL, Employees: 7267 |
| 12/29/17 11:00:58 | $311C | 7090 | UNIT UPDATED - Unit: 311C, Status: UC, Location: , Employees: 7090 |
| 12/29/17 11:00:58 | $311C | 7090 | UNIT UPDATED - Unit: 311C, Status: UC, Location: , Employees: 7090 |
| 12/29/17 11:01:18 | 911ms145 | 17645 | UNIT UPDATED - Unit: 311C, Status: CU, Location: GREENBELT HWY/GREENWOOD RD LVIL, Employees: 7090 |
| 12/29/17 11:02:41 | 911ms124 | 19358 | EVENT REMARK - HOSP 1 FOR UL DOC 146 |
| 12/29/17 11:04:36 | 911ms144 | 4383 | EVENT REMARK - 991 292XDX BLACK SCION 7472 94817196 |
| 12/29/17 11:04:39 | 911ms105 | 0 | UNIT UPDATED - Unit: 311D, Status: ~, Location: GREENBELT HWY/GREENWOOD RD LVIL, Employees: 7817 |
| 12/29/17 11:05:57 | 911ms144 | 4383 | EVENT REMARK - SUBURBAN TOWING OK AGAIN |
| 12/29/17 11:20:32 | 911ms109 | 0 | UNIT UPDATED - Unit: 311A, Status: ~, Location: GREENBELT HWY/GREENWOOD RD LVIL, Employees: 7267 |
| 12/29/17 11:22:44 | 911ms145 | 17645 | UNIT UPDATED - Unit: 311D, Status: CU, Location: GREENBELT HWY/GREENWOOD RD LVIL, Employees: 7817 |
| 12/29/17 11:22:52 | 911ms145 | 17645 | UNIT UPDATED - Unit: 311D, Status: CU, Location: GREENBELT HWY/GREENWOOD RD LVIL, Employees: 7817 |
| 12/29/17 11:38:42 | $311C | 7090 | UNIT UPDATED - Unit: 311C, Status: UC, Location: , Employees: 7090 |
| 12/29/17 11:38:42 | $311C | 7090 | UNIT UPDATED - Unit: 311C, Status: UC, Location: , Employees: 7090 |
| 12/29/17 11:38:43 | 911ms145 | 17645 | EVENT UPDATED - Common Event Revision Number: 4, Rms Transfer Time: 12/29/17 11:38:43, Total Assigned Units: 2, ZipCode: 40258, |

| | | | |
|---|---|---|---|
| 12/29/17 11:38:43 | 911ms145 | 17645 | UNIT UPDATED - Unit: 311A, Status: AV, Location: , Employees: 7267 |
| 12/29/17 11:51:55 | 911ms145 | 17645 | EVENT UPDATED - Rms Transfer Time: 12/29/17 11:51:55, Total Assigned Units: 1, |
| 12/29/17 11:51:55 | 911ms145 | 17645 | UNIT UPDATED - Unit: 311D, Status: AV, Location: , Employees: 7817 |
| 12/29/17 11:54:44 | $311C | 7090 | UNIT UPDATED - Unit: 311C, Status: UC, Location: , Employees: 7090 |
| 12/29/17 11:54:44 | $311C | 7090 | UNIT UPDATED - Unit: 311C, Status: UC, Location: , Employees: 7090 |
| 12/29/17 12:10:46 | 911ms145 | 17645 | UNIT UPDATED - Unit: 311C, Status: AV, Location: , Employees: 7090 |
| 12/29/17 12:10:47 | 911ms145 | 17645 | EVENT UPDATED - Total Assigned Units: 0, |
| 12/29/17 12:10:47 | 911ms145 | 17645 | EVENT CLOSED - |
| 12/29/17 12:10:47 | 911ms145 | 17645 | EVENT UPDATED - Closing Employee Id: 17645, Closing Terminal: 911ms145, Closing Time: 12/29/17 12:10:47, Is Open: False, Rms Transfer Time: 12/29/17 12:10:47, |

# EXHIBIT 3

This is a final and appealable Order and there is no just cause for delay.

______________________________
Honorable Mary M. Shaw
Jefferson Circuit Court, Division 5

Date:______________________________

Cc: Mark K. Gray/Matthew L. White, *Counsel for Plaintiff, Jilianne Warner*
Patricia L. Harmeling, *Counsel for Defendant, Midnight Recovery, Inc.*
Gregory Scott Gowen, *Counsel for Defendants, Ruth Williams, Courtney Wilder, Angela Downes, and Edward Meiman*

NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY M. SHAW

JILIANNE WARNER — PLAINTIFF

vs.

MIDNIGHT RECOVERY, INC., *et al.* — DEFENDANTS

* * * * * * * *

**ORDER DISMISSING ALL CLAIMS AGAINST DEFENDANTS, RUTH WILLIAMS, COURTNEY WILDER, ANGELA DOWNES, AND EDWARD MEIMAN**

This matter having come before the Court on a Motion to Dismiss filed on behalf of defendants, Ruth Williams, Courtney Wilder, Angela Downes, and Edward Meiman ("Emergency Services Defendants), and the Court having considered the memoranda and arguments of counsel and being otherwise sufficiently advised;

**IT IS ORDERED** that the Motion to Dismiss filed on behalf of the Emergency Services Defendants is **GRANTED** because:

1. As a matter of law, the Court finds that the Emergency Services Defendants owed no legal duty to plaintiff.
2. As a matter of law, the Court finds that the Emergency Services Defendants' actions or inactions was not the legal cause of plaintiff's alleged damages.
3. To the extent that the Emergency Services Defendants' conduct rises to the level of actionable negligence, they are shielded from liability by the doctrine of qualified official immunity.

Filed 18-CI-003622 09/27/2018 David L. Nicholson, Jefferson Circuit Clerk

CASE NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY SHAW

JILIANNE WARNER PLAINTIFF

v.

**NOTICE-MOTION-ORDER**
***Electronically Filed***

MIDNIGHT TOWING & RECOVERY, et al. DEFENDANTS

*** *** ***

**NOTICE**

Please take notice that on **Monday, October 1, 2018, at the hour of 10:45 a.m.**, or as soon thereafter as counsel may be heard at the convenience of the Division Five (5) Court, the undersigned counsel for Plaintiff, Jilianne Warner, will make the following Motion and tender the attached Order.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 402**

Pursuant to Jefferson County Circuit Court Local Rule 402, the undersigned counsel hereby certifies that he has conferred with opposing counsel, that counsel for the parties involved are unable to reconcile their differences and, further, that undersigned counsel has otherwise exhausted all extrajudicial means in an effort to reconcile said differences with opposing counsel.

**MOTION TO COMPEL DISCOVERY RESPONSES**

Plaintiff, Jilianne Warner ("Plaintiff"), by counsel, respectfully moves this Court to compel Defendant, Midnight Towing & Recovery ("Defendant"), to provide answers to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. In support of the present Motion, Plaintiff states as follows:

COM : 000001 of 000004

Filed 18-CI-003622 09/27/2018 David L. Nicholson, Jefferson Circuit Clerk

Filed 18-CI-003622 09/27/2018 David L. Nicholson, Jefferson Circuit Clerk

On June 22, 2018, Plaintiff filed her Complaint against Defendant alleging negligence stemming from an automobile collision in which Plaintiff's vehicle was struck by a tow truck owned and operated by Defendant, Midnight Towing and Recovery. As a result of Defendant's negligence, Plaintiff suffered catastrophic injuries and is now a quadriplegic.

Plaintiff, through counsel, propounded her First Set of Interrogatories and Request for Production of Documents along with her Complaint. Defendant's responses to same were originally due on August 6, 2018. On August 7, 2018, a day after Defendant's responses were due under the Civil Rules, at Defendant's request, ***Plaintiff gave Defendant a forty-six (46) day extension*** to provide these responses, with an agreed upon due date of September 21, 2018. See Exhibit #1. Defendant's deadline to provide discovery responses having passed, on September 24, 2018 undersigned counsel sent Defense counsel an email asking when Plaintiff may expect to receive Defendant's discovery responses. See Exhibit #1. To date, Defense counsel has not responded to this communication or produced responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents.

At present, Defendant's discovery responses are overdue and despite the undersigned's extrajudicial efforts, Plaintiff has been unable to obtain same. Therefore, Plaintiff regrettably seeks the assistance of this Court and respectfully requests an Order compelling Defendant to respond to Plaintiff's First Set of Interrogatories and Requests for Production of Documents.

Although this matter is in its infancy, it is clear Defendant does not want to comply with its discovery obligations. Plaintiff filed a separate Motion to Compel last week because Defendant refused to provide discovery deposition dates or respond to multiple requests for same. The Court took that motion under submission. Defendant also repaired the tow truck involved in the collision

Filed 18-CI-003622 09/27/2018 David L. Nicholson, Jefferson Circuit Clerk

COM : 000002 of 000004

and placed it back in service, despite Plaintiff's written request to preserve this truck for purposes of litigation.

Defendant's failure to provide discovery responses after Plaintiff granted Defendant an extension to provide same is yet another dilatory act to delay and frustrate Plaintiff's efforts to advance this matter. Accordingly, Plaintiff requests this Court award attorney's fees and costs for this Motion.

WHEREFORE, Plaintiff respectfully request this Court grant the pending Motion and enter the attached Order compelling Defendant, Midnight Towing & Recovery, to serve responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents within seven (7) days of entry of said Order. Plaintiff also respectfully requests this Court award Plaintiff costs for this Motion.

*Respectfully submitted,*

/s/ Terrance L. Massey Jr.
Mark K. Gray
Matthew L. White
Terrance L. Massey Jr.
GRAY AND WHITE LAW
713 E. Market Street
Louisville, KY 40202
Ph: (502) 805-1800
mgray@grayandwhitelaw.com
mwhite@grayandwhitelaw.com
tjmassey@grayandwhitelaw.com
*Counsel for Plaintiff*

Filed 18-CI-003622 09/27/2018 David L. Nicholson, Jefferson Circuit Clerk

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing was filed with the above court electronically via the Kentucky CourtNet 2.0 E-filing system, on Thursday, September 27, 2018, before 12:00 p.m. Electronic filers will receive service by CourtNet. A copy has been mailed/emailed to current non-filers.

Patricia Harmeling, Esq.
GWIN STEINMETZ & BAIRD, PLLC
401 W. Main St., 10th Floor
Louisville, KY 40202
Phone: (502) 618-5717
Fax: (502) 618-5701
Email Address: pharmeling@gsblegal.com
*Attorney For: Midnight Towing & Recovery*

Scott Gowen
Fultz Maddox Dickens PLC
101 South Fifth St., 27th Floor
Louisville, KY 40202
Phone: (502) 992-5030
Email Address: sgowen@fmdlegal.com
*Attorney For: Christian Worley*

/s/ Terrance L. Massey Jr.
*Counsel for Plaintiff*

4

Filed 18-CI-003622 09/27/2018 David L. Nicholson, Jefferson Circuit Clerk

COM : 000004 of 000004

**TJ Massey**

**From:** Matthew White
**Sent:** Wednesday, September 26, 2018 5:21 PM
**To:** TJ Massey
**Subject:** Fwd: Warner / Midnight

Matthew L. White
Gray & White
713 E. Market St.
Suite 200
Louisville, KY 40202
502-805-1800
800-228-5874 (toll free)
www.grayandwhitelaw.com
mwhite@grayandwhitelaw.com

CONFIDENTIALITY - This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message. Unauthorized interception of this e-mail is a violation of federal law.

Sent from my iPhone

Begin forwarded message:

> **From:** Matthew White <MWhite@grayandwhitelaw.com>
> **Date:** September 24, 2018 at 11:25:56 AM EDT
> **To:** "Patricia L. Harmeling" <pharmeling@gsblegal.com>
> **Subject: Re: Warner / Midnight**
>
> Where are your discovery responses?
>
> Matthew L. White
> Gray & White
> 713 E. Market St.
> Suite 200
> Louisville, KY 40202
> 502-805-1800
> 800-228-5874 (toll free)
> www.grayandwhitelaw.com
> mwhite@grayandwhitelaw.com

CONFIDENTIALITY - This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message. Unauthorized interception of this e-mail is a violation of federal law.

Sent from my iPhone

On Aug 7, 2018, at 4:06 PM, Patricia L. Harmeling <pharmeling@gsblegal.com> wrote:

Matt:

The Answer on behalf of Midnight Recovery is being e-filed today, as Midnight Recovery was served recently. Mr. Worley has not been served and I certainly did not agree to accept service on either defendant's behalf. I did not and do not have permission to do so. I don't see Answers from any other defendants on Courtnet, but let me know if you have received any yet.

Also, Midnight Recovery is in the process of moving and is currently in a temporary office. Most of their records are in storage and it is going to take quite some time to find what we need to respond to your discovery requests. I know that Rob Hickey provided a few things to you prior to suit being filed, so that's a start. Are you willing to provide me with an extension to respond to discovery requests until September 21st? Please let me know so that I may file a motion if I need to do so.

Thanks in advance,

Patti Harmeling
GWIN STEINMETZ & BAIRD, PLLC
401 West Main Street, Suite 1000
Louisville, Kentucky 40202
Phone: (502) 618-5700
Direct: (502) 618-5717
Email: pharmeling@gsblegal.com

-----Original Message-----
From: Matthew White [mailto:MWhite@grayandwhitelaw.com]

Sent: Monday, August 06, 2018 10:09 AM

To: Patricia L. Harmeling <pharmeling@gsblegal.com>

Subject: Re: Warner / Midnight

Haven't seen a filed Answer yet. I was informed your firm would accept service which would start the clock on June 22, 2018.

Let me know if we will be receiving it this week.

Thx

Matt

Matthew L. White

Gray & White

713 E. Market St.

Suite 200

Louisville, KY 40202

502-805-1800

800-228-5874 (toll free)

www.grayandwhitelaw.com

mwhite@grayandwhitelaw.com

CONFIDENTIALITY - This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message. Unauthorized interception of this e-mail is a violation of federal law.

Sent from my iPhone

CASE NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY SHAW

JILIANNE WARNER PLAINTIFF

v.

**ORDER**
***Electronically Filed***

MIDNIGHT TOWING & RECOVERY, et al. DEFENDANTS

*** *** ***

On the Motion of Plaintiff, Jilianne Warner, by counsel, for an Order compelling Defendant, Midnight Towing & Recovery, serve responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, and this Court having considered the arguments of the parties and being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** Plaintiff's Motion is GRANTED and Defendant, Midnight Towing & Recovery, shall provide full and complete responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents within ~~seven (7)~~ 14 days of this Order.

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK
OCT 01 2018
BY ______ DEPUTY CLERK

______________________________
JUDGE, CIRCUIT COURT

DATE: ______________________

COPIES TO:

All attorneys of record

TD : 000001 of 000001

CASE NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY SHAW

JILIANNE WARNER PLAINTIFF

v.

**NOTICE-MOTION-ORDER**
***Electronically Filed***

MIDNIGHT TOWING & RECOVERY, et al. DEFENDANTS

*** *** ***

**NOTICE**

Please take notice that on **Monday, September 24, 2018, at the hour of 10:45 a.m.**, or as soon thereafter as counsel may be heard at the convenience of the Division Five (5) Court, the undersigned counsel for Plaintiff, Jilianne Warner will make the following Motion and tender the attached Order.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 402**

Pursuant to Jefferson County Circuit Court Local Rule 402, the undersigned counsel hereby certifies that he has conferred with opposing counsel, that counsel for the parties involved are unable to reconcile their differences and, further, that undersigned counsel has otherwise exhausted all extrajudicial means in an effort to reconcile said differences with opposing counsel.

**MOTION TO COMPEL DISCOVERY DEPOSITION DATES**

Comes the Plaintiff, Jilianne Warner ("Plaintiff"), by counsel, and pursuant to Civil Rule 37.01, respectfully moves this Court to compel Defendant, Midnight Towing & Recovery ("Defendant"), to provide discovery deposition dates. In support of the present motion, Plaintiff states as follows:

**BACKGROUND**

On July 24, 2018, Plaintiff filed her Complaint against Defendant alleging negligence associated with Defendant's motor vehicle negligence. Specifically, on December 29, 2017, Plaintiff's vehicle was struck by a tow truck owned and operated by Defendant, Midnight Towing and Recovery. As a result of Defendant's negligence, Plaintiff suffered catastrophic injuries and is now a quadriplegic.

After filing suit, Plaintiff's counsel began working to secure available deposition dates for defense fact witnesses to avoid future scheduling conflicts which might delay deposition discovery. Plaintiff's counsel attempted to contact defense counsel by email and phone on August 7th, 13th and 17th to discuss deposition dates for several defendant employees and persons most knowledgeable on various relevant topics. Defense counsel did not respond to these communications. Plaintiff's counsel followed-up on these unanswered communications by letter dated August 27, 2018, requesting available deposition dates for the president of Midnight Towing and Recovery as well as persons most knowledgeable on specific topics. A copy of this communication is attached as Exhibit 1. Defense counsel responded via email on August 28, 2018. Defense counsel did not provide deposition dates as requested and simply informed Plaintiff's counsel she would, "be back in touch soon to discuss additional activities." Exhibit 2.

Importantly, this incident is not the first time Defendant has failed to comply with a reasonable discovery request. At the outset of this case, Plaintiff's counsel sent a spoliation letter to Defendant requesting Defendant preserve the tow truck involved in the collision. In lieu of preserving the evidence, Defendant repaired the truck and placed it back in service.

COM : 000002 of 000005

To date, Defense counsel has not provided deposition dates as requested. Undersigned counsel's extra-judicial efforts having failed, Plaintiff regrettably seeks the assistance of this Court.

**LAW AND ARGUMENT**

After commencement of an action, "***any party may take the testimony of any person, including a party***, by deposition upon oral examination." CR 30.01 (emphasis added). The Civil Rules also make clear, unless the Court orders otherwise, "methods of discovery may be used in any sequence." CR 26.04. Further, "the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery." *Id.*

Absent specific conditions inapplicable here, a party's right to commence discovery by deposition is absolute. Plaintiff has asserted the right to take the depositions of Defendant's employees, including Midnight Towing's corporate representative(s). Plaintiff's discovery practice is not contingent upon or governed by Defendant's discovery practice. The ability of one party to commence deposition discovery has no bearing on the actions or inactions of the adverse party. To hold otherwise would run afoul with the Civil Rules.

Discovery and the taking of discovery depositions can, and often do, occur simultaneously. Moreover, to allow Defendant to avoid providing deposition dates any longer would be unduly prejudicial and unfair to Plaintiff as witnesses' memories fade and all too frequently key witnesses relocate to other communities. In short, Defendant's failure to comply with Plaintiff's reasonable requests for deposition dates has effectively halted this proceeding, placed an unnecessary hardship on Plaintiff and if allowed to proceed, will result in an inappropriately drawn out litigation process for both parties and this Court.

COM : 000003 of 000005

**CONCLUSION**

For the above-stated reasons, Plaintiff respectfully requests this Court compel Defendant to provide deposition dates for the witnesses outlined in Plaintiff's communication of August 27, 2018, attached hereto as Exhibit 1, within seven (7) days, with said depositions to be noticed for a date within sixty (60) days of this Court rendering the attached Order.

*Respectfully submitted,*

/s/ Terrance L. Massey Jr.

Mark K. Gray
Matthew L. White
Terrance L. Massey Jr.
GRAY AND WHITE LAW
713 E. Market Street
Louisville, KY 40202
Ph: (502) 805-1800
mgray@grayandwhitelaw.com
mwhite@grayandwhitelaw.com
tjmassey@grayandwhitelaw.com
*Counsel for Plaintiff*

CCM : 000004 of 000005

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing was filed with the above court electronically via the Kentucky CourtNet 2.0 E-filing system, on Thursday, September 20, 2018, before 12:00 p.m. Electronic filers will receive service by CourtNet. A copy has been mailed/emailed to current non-filers.

Patricia Harmeling, Esq.
GWIN STEINMETZ & BAIRD, PLLC
401 W. Main St., 10th Floor
Louisville, KY 40202
Phone: (502) 618-5717
Fax: (502) 618-5701
Email Address: pharmeling@gsblegal.com
*Attorney For: Midnight Towing & Recovery*

Scott Gowen
Fultz Maddox Dickens PLC
101 South Fifth St., 27th Floor
Louisville, KY 40202
Phone: (502) 992-5030
Fax:
Email Address: sgowen@fmdlegal.com
*Attorney For: Christian Worley*

/s/ Terrance L. Massey Jr.
*Counsel for Plaintiff*

COM : 000005 of 000005

CASE NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY SHAW

JILIANNE WARNER PLAINTIFF

v.

**ORDER**
***Electronically Filed***

MIDNIGHT TOWING & RECOVERY, et al. DEFENDANTS

*** *** ***

On the Motion of Plaintiff, Jilianne Warner, by counsel, for an Order compelling Defendant, Midnight Towing and Recovery, to provide deposition dates, and this Court having considered the arguments of the parties and being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** Plaintiff's Motion is GRANTED and Defendant, Midnight Towing & Recovery, shall provide deposition dates for the witnesses outlined in Plaintiff's communication of August 27, 2018, attached as Exhibit 1 to Plaintiff's Motion, within seven (7) days, with said depositions to be noticed for a date within sixty (60) days of this Order.

____________________________________
JUDGE, CIRCUIT COURT

DATE:______________________________

COPIES TO:

All attorneys of record

EXH : 000001 of 000001

GRAY & WHITE

COMPLEX LITIGATION

713 East Market Street
Second Floor
Louisville, KY 40202
T 502.805.1800
800.228.5874
F 502.618.4059

Mark K. Gray
Matthew L. White
Doris A. Kim*
Terrance L. Massey, Jr.
*ADMITTED IN KY AND NY

Affiliated Firm
Goldberg Simpson
9301 Day Flower St.
Prospect, KY 40059
T 502.589.4440

Monday, August 27, 2018

**VIA CERTIFIED AND SIGNATURE CONFIRMAITON**
**VIA FACSIMILE: 502-618-5701**
Patricia Harmeling, Esq.
GWIN STEINMETZ & BAIRD, PLLC
401 W. Main St., 10th Floor
Louisville, KY 40202

***RE: Warner, Jilianne v. Midnight Towing & Recovery, et al.***
***Jefferson Circuit Court/Case No: 18-CI-003622***

Dear Patti:

I am following up on my emails and phone calls of August 7th, 13th, and 17th. I am not sure why you have not responded. I hope you are okay.

As previously stated, we are glad to give you an extension until September 21, 2018, to answer our first set of discovery.

Also, please provide us dates to take the depositions of the following employees/agents of Midnight Recovery:

1. President of Midnight Recovery.
2. All dispatchers working in December 2017 including, but not limited to, the dispatcher that communicated with Christian Worley on the day of the collision.
3. Christian Worley.
4. All persons who performed maintenance and/or repairs on the vehicle involved in the collision with Plaintiff.
5. All persons involved in contracting with Geico including, but not limited to, Geico's roadside assistance program.
6. All persons who were present at the scene of the collision with Plaintiff's vehicle on the day of the collision.
7. All persons who performed any type of investigation of the collision with Plaintiff's vehicle.
8. The head of safety .
9. The head of maintenance.
10. Individual(s) involved in hiring Christian Worley.

EXH : 000001 of 000002

11. All persons involved in training Christian Worley.

If you are objecting to producing any of these individuals, let us know us know immediately.

We wish to take these individuals no later than November 30th of this year which will schedule them after your discovery answers are due on September 21, 2018.

Sincerely yours,

Matthew L. White
mwhite@grayandwhitelaw.com

MLW/km

**TJ Massey**

**From:** Matthew White
**Sent:** Thursday, September 20, 2018 9:36 AM
**To:** TJ Massey
**Subject:** Fwd: Regarding: Warner, Jilianne v. Midnight Towing & Recovery
**Attachments:** image002.jpg; ATT00001.htm; image001.png; ATT00002.htm; Warner-ltr to OC re discovery extsn & depo dates.pdf; ATT00003.htm

**Follow Up Flag:** Follow up
**Flag Status:** Completed

Matthew L. White
Gray & White
713 E. Market St.
Suite 200
Louisville, KY 40202
502-805-1800
800-228-5874 (toll free)
www.grayandwhitelaw.com
mwhite@grayandwhitelaw.com

CONFIDENTIALITY - This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message. Unauthorized interception of this e-mail is a violation of federal law.

Sent from my iPhone

Begin forwarded message:

> **From:** "Patricia L. Harmeling" <pharmeling@gsblegal.com>
> **Date:** August 28, 2018 at 10:45:33 AM EDT
> **To:** Matthew White <MWhite@grayandwhitelaw.com>
> **Subject: FW: Regarding: Warner, Jilianne v. Midnight Towing & Recovery**
>
> Matt:
>
> I have received your messages. I'm not ignoring you, I've just been absolutely slammed and with the extension on the written discovery, this case has not been at the top of my list. I'll be back in touch soon to discuss additional activities. I need to get discovery requests out to your client as well, which I will do as soon as I can breathe.
>
> Thanks for your patience.

EXH : 000001 of 000002

Patti Harmeling
GWIN STEINMETZ & BAIRD, PLLC
401 West Main Street, Suite 1000
Louisville, Kentucky 40202
Phone: (502) 618-5700
Direct: (502) 618-5717
Email: pharmeling@gsblegal.com

EXH : 000002 of 000002

CASE NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY SHAW

JILIANNE WARNER PLAINTIFF

v.

**ORDER**
***Electronically Filed***

MIDNIGHT TOWING & RECOVERY, et al. DEFENDANTS

*** *** ***

On the Motion of Plaintiff, Jilianne Warner, by counsel, for an Order compelling Defendant, Midnight Towing and Recovery, to provide deposition dates, and this Court having considered the arguments of the parties and being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** Plaintiff's Motion is GRANTED and Defendant, Midnight Towing & Recovery, shall provide deposition dates for the witnesses outlined in Plaintiff's communication of August 27, 2018, attached as Exhibit 1 to Plaintiff's Motion, within seven (7) days, with said depositions to be noticed for a date within sixty (60) days of this Order.

______________________________
JUDGE, CIRCUIT COURT

DATE:__________________________

COPIES TO:

All attorneys of record

TD : 000001 of 000001



FILED IN CLERK'S OFF
JEFFERSON CIRCUIT CT
2018 SEP 17 AM 11:10
CLERK
D.C

Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

July 3, 2018

COURTNEY WILDER
410 SOUTH 5TH ST.
LOUISVILLE, KY 40202

FROM: SUMMONS DIVISION
SECRETARY OF STATE

RE: CASE NO: 18-CI-003622

COURT: Circuit Court Clerk
Jefferson County
700 West Jefferson St.
Louisville, KY 40202
Phone: (502) 595-3055

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

**(1) Your attorney, or**
**(2) The attorney filing this suit whose name should appear on the last page of the complaint, or**
**(3) The court or administrative agency in which the suit is filed at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **18-CI-003622**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

*Plantiff,* **WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL**, *Defendant*

TO: **COURTNEY WILDER**
**410 SOUTH 5TH ST.**
**LOUISVILLE, KY 40202**

RECEIVED
JUN 29 2018
SECRETARY OF STATE

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **06/22/2018**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ______________, 20______ ______________________
Served By

______________________
Title

Summons ID: 10763017895042@00000871872
CIRCUIT: 18-CI-003622 Long Arm Statute – SOS - Restricted Delivery
WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL

eFiled

Presiding Judge: HON. MARY SHAW (630277)
Package : 000002 of 000121

FILED IN CLERK'S OFFICE
JEFFERSON CIRCUIT CT
2018 SEP -7

Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

July 3, 2018

CHRISTIAN WORLEY
2916 EDWARDSVILLE GALENA RD
GEORGETOWN, IN 47122

FROM: SUMMONS DIVISION
SECRETARY OF STATE

RE: CASE NO: 18-CI-003622

COURT: Circuit Court Clerk
Jefferson County
700 West Jefferson St.
Louisville, KY 40202
Phone: (502) 595-3055

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

**(1) Your attorney, or**
**(2) The attorney filing this suit whose name should appear on the last page of the complaint, or**
**(3) The court or administrative agency in which the suit is filed at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **18-CI-003622**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

*Plantiff,* **WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL**, *Defendant*

TO: **CHRISTIAN WORLEY**
**2916 EDWARDSVILLE GALENA RD**
**GEORGETOWN, IN 47122**

RECEIVED
JUN 29 2018
SECRETARY OF STATE

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **06/22/2018**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: 10763017895040@00000871870
CIRCUIT: 18-CI-003622 Long Arm Statute – SOS - Restricted Delivery
WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL

eFiled

Package: 000002 of 000121

Presiding Judge: HON. MARY SHAW (630277)

Package : 000002 of 000121



Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718
Phone: (502) 564-3490
Fax: (502) 564-5687

CK

Circuit Court Clerk
Jefferson County
700 West Jefferson St.
Louisville, KY 40202

FROM: SUMMONS DIVISION
SECRETARY OF STATE

RE: CASE NO: 18-CI-003622

DEFENDANT: **COURTNEY WILDER**

DATE: August 22, 2018

The Office of the Secretary of State was served with a summons and accompanying documents for the captioned defendant on

July 3, 2018

This office served the defendant by sending a copy of the summons and accompanying documents via certified mail, return receipt requested, on

July 3, 2018

To date, this office has received neither the postal return receipt card, nor the undelivered letter. Should we receive either, a supplemental return to the court will be made.



Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718
Phone: (502) 564-3490
Fax: (502) 564-5687

Circuit Court Clerk
Jefferson County
700 West Jefferson St.
Louisville, KY 40202

FROM: SUMMONS DIVISION
SECRETARY OF STATE

RE: CASE NO: 18-CI-003622

DEFENDANT: **CHRISTIAN WORLEY**

DATE: August 22, 2018

The Office of the Secretary of State was served with a summons and accompanying documents for the captioned defendant on

July 3, 2018

This office served the defendant by sending a copy of the summons and accompanying documents via certified mail, return receipt requested, on

July 3, 2018

To date, this office has received neither the postal return receipt card, nor the undelivered letter. Should we receive either, a supplemental return to the court will be made.

David L. Nicholson, Jefferson Circuit Clerk
600 West Jefferson Street
Louisville, KY 40202-4731

WILLIAMS, RUTH
410 SOUTH 5TH ST.
LOUISVILLE, KY 40202

# KCOJ eFiling Cover Sheet

Case Number: 18-CI-003622

Envelope Number: 1121542

Package Retrieval Number: 11215428197546@00000874738

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 16.81

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Generated: 7/20/2018 8:27:07 AM

Package:000001 of 000121

Presiding Judge: HON. MARY SHAW (630277)

Package : 000001 of 000121

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **18-CI-003622**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

*Plantiff,* **WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL,** *Defendant*

TO: **WILLIAMS, RUTH**
**410 SOUTH 5TH ST.**
**LOUISVILLE, KY 40202**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **07/19/2018**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: 11215428197546@00000874738
CIRCUIT: 18-CI-003622 Certified Mail
WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL

eFiled

Package:000002 of 000121

Presiding Judge: HON. MARY SHAW (630277)

Package : 000002 of 000121



David L. Nicholson, Jefferson Circuit Clerk
600 West Jefferson Street
Louisville, KY 40202-4731

MEIMAN, EDWARD JODY
410 SOUTH 5TH ST.
LOUISVILLE, KY 40202

Package:000001 of 000121

# KCOJ eFiling Cover Sheet

Case Number: 18-CI-003622

Envelope Number: 1121627

Package Retrieval Number: 11216278197573@00000874744

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 16.81

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Presiding Judge: HON. MARY SHAW (630277)

Package : 000001 of 000121

Generated: 7/20/2018 8:29:26 AM

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice Courts.ky.gov

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **18-CI-003622**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

*Plantiff*, **WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL**, *Defendant*

TO: **MEIMAN, EDWARD JODY**
**410 SOUTH 5TH ST.**
**LOUISVILLE, KY 40202**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **07/19/2018**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______ ______________________________
Served By

______________________________
Title

Summons ID: 11216278197573@00000874744
CIRCUIT: 18-CI-003622 Certified Mail
WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL

eFiled

Package:000002 of 000121

Presiding Judge: HON. MARY SHAW (630277)

Package : 000002 of 000121

David L. Nicholson, Jefferson Circuit Clerk
600 West Jefferson Street
Louisville, KY 40202-4731

WILDER, COURTNEY
410 SOUTH 5TH ST.
LOUISVILLE, KY 40202

Package:000001 of 000121

# KCOJ eFiling Cover Sheet

Case Number: 18-CI-003622

Envelope Number: 1121602

Package Retrieval Number: 11216028197555@00000874740

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 16.81

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Presiding Judge: HON. MARY SHAW (630277)

Package : 000001 of 000121

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

## CIVIL SUMMONS

Case #: **18-CI-003622**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

*Plantiff,* **WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL**, *Defendant*

TO: **WILDER, COURTNEY**
**410 SOUTH 5TH ST.**
**LOUISVILLE, KY 40202**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **07/19/2018**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: 11216028197555@00000874740
CIRCUIT: 18-CI-003622 Certified Mail
WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL

eFiled

Package:000002 of 000121

Presiding Judge: HON. MARY SHAW (630277)

Package : 000002 of 000121

David L. Nicholson, Jefferson Circuit Clerk
600 West Jefferson Street
Louisville, KY 40202-4731

DOWNES, ANGELA
410 SOUTH 5TH ST.
LOUISVILLE, KY 40202

# KCOJ eFiling Cover Sheet

Case Number: 18-CI-003622

Envelope Number: 1121614

Package Retrieval Number: 11216148197564@00000874742

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 16.81

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Generated: 7/20/2018 8:28:32 AM

Package:000001 of 000121

Presiding Judge: HON. MARY SHAW (630277)

Package : 000001 of 000121

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **18-CI-003622**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

*Plantiff,* **WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL,** *Defendant*

TO: **DOWNES, ANGELA**
**410 SOUTH 5TH ST.**
**LOUISVILLE, KY 40202**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **07/19/2018**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: 11216148197564@00000874742
CIRCUIT: 18-CI-003622 Certified Mail
WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL

eFiled

Package:000002 of 000121

Presiding Judge: HON. MARY SHAW (630277)

Package : 000002 of 000121

Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718
Phone: (502) 564-3490
Fax: (502) 564-5687

Circuit Court Clerk
Jefferson County
700 West Jefferson St.
Louisville, KY 40202

FROM: SUMMONS DIVISION
SECRETARY OF STATE

RE: CASE NO: 18-CI-003622

DEFENDANT: **MIDNIGHT RECOVERY, INC**

DATE: July 24, 2018

The Office of the Secretary of State was served with a summons and accompanying documents for the captioned defendant on

July 3, 2018

This office served the defendant by sending a copy of the summons and accompanying documents via certified mail, return receipt requested, on

July 3, 2018

...confirming receipt of summons.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: 7/3/2018 18-CI-003622

**MIDNIGHT RECOVERY, INC**
TODD HOOKER
1235 A BRINGHAM DR.
SELLERSBURG, IN 47172

9590 9402 3984 8079 9457 98

2. Article Number (Transfer from service label) 253393
70180680000007764-2163

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) Lindsay Hooker
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

7/24/2018

PS Form 3811, July 2015 PSN 7530-02-000-9053

CASE NO:18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY M. SHAW

JILIANNE WARNER PLAINTIFF

v.

MIDNIGHT TOWING & RECOVERY, et. Al DEFENDANTS

*************************

**ENTRY OF APPEARANCE**
*(Electronically Filed)*

Please take notice Terrance L. Massey Jr., of the law firm of Gray and White, 713 E. Market Street, Louisville, Kentucky 40202, tjmassey@grayandwhitelaw.com, hereby enters an appearance as counsel of record on behalf of Plaintiff, Jilianne Warner. Mark K. Gray and Matthew L. White shall continue to remain on the pleadings as Plaintiff's counsel. The undersigned counsel respectfully requests the Clerk amend the case record accordingly and counsel be included on any and all future correspondence, e-mails and pleadings in the above-styled matter at the address indicated above.

Respectfully submitted,

/s/ Terrance L. Massey Jr.
Mark K. Gray
Matthew L. White
Terrance L. Massey Jr.
GRAY AND WHITE LAW
713 E. Market Street
Louisville, KY 40202
Ph: (502) 805-1800
mgray@grayandwhitelaw.com
mwhite@grayandwhitelaw.com
tjmassey@grayandwhitelaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing was filed with the above court electronically via the Kentucky CourtNet 2.0 E-filing system, on Wednesday, August 8, 2018. Electronic filers will receive service by CourtNet. A copy has been mailed/emailed to current non-filers.

Patricia Harmeling, Esq.
GWIN STEINMETZ & BAIRD, PLLC
Attorney For: Midnight Towing & Recovery
401 W. Main St., 10th Floor
Louisville, KY 40202
Phone: (502) 618-5717
Fax: (502) 618-5701
Email Address: pharmeling@gsblegal.com

/s/ Terrance L. Massey Jr.
*Counsel for Plaintiff(s)*

CASE NO:18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY M. SHAW

***ELECTRONICALLY FILED***

JILIANNE WARNER — PLAINTIFF

v.

**NOTICE OF CR 5.02(2) ELECTION TO EFFECTUATE AND RECEIVE SERVICE VIA ELECTRONIC MEANS TO AND FROM ALL OTHER ATTORNEYS OR PARTIES**

MIDNIGHT TOWING & RECOVERY, et. Al — DEFENDANTS

*** *** ***

Comes now the electing attorneys, Matthew L. White and Terrance L. Massey Jr., of the Gray and White Law Firm, and hereby give notice of their election to effectuate and receive service via email to and from all other attorneys or parties. The electing attorneys request all pleadings be served via email to:

mwhite@grayandwhitelaw.com;

tjmassey@grayandwhitelaw.com;

cjones@grayandwhitelaw.com; and,

kmadaj@grayandwhitelaw.com

Pursuant to CR 5.02(2) all Parties must promptly provide the electing attorney with the email address or fax number where each of them desires to receive service and must immediately begin serving the undersigned at the email address set forth herein.

NF : 000001 of 000002

Respectfully submitted,

/s/ Terrance L. Massey Jr.

Mark K. Gray
Matthew L. White
Terrance L. Massey Jr.
GRAY AND WHITE LAW
713 E. Market Street
Louisville, KY 40202
Ph: (502) 805-1800
mgray@grayandwhitelaw.com
mwhite@grayandwhitelaw.com
tjmassey@grayandwhitelaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing was filed with the above court electronically via the Kentucky CourtNet 2.0 E-filing system, on Wednesday, August 8, 2018. Electronic filers will receive service by CourtNet. A copy has been mailed/emailed to current non-filers.

Patricia Harmeling, Esq.
GWIN STEINMETZ & BAIRD, PLLC
Attorney For: Midnight Towing & Recovery
401 W. Main St., 10th Floor
Louisville, KY 40202
Phone: (502) 618-5717
Fax: (502) 618-5701
Email Address: pharmeling@gsblegal.com

/s/ Terrance L. Massey, Jr.
*Counsel for Plaintiff*

NF : 000002 of 000002

CASE NO:18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY M. SHAW

***ELECTRONICALLY FILED***

JILIANNE WARNER PLAINTIFF

v.

MIDNIGHT TOWING & RECOVERY, et. Al DEFENDANTS

---

**NOTICE OF WITHDRAWAL OF COUNSEL**

---

Come before the Court the Plaintiff, Jilianne Warner, by counsel, and provides notice to this Honorable Court and the parties that Jacob E. Levy, Esq. is no longer with the law firm of Gray and White Law and can be removed from the service list. The Court and all parties are asked to provide copies of all correspondence, pleadings, discovery, and other documents to the following:

Mark K. Gray
Matthew L. White
Terrance L. Massey Jr.
GRAY AND WHITE LAW
713 E. Market Street
Louisville, KY 40202
(502) 805-1800
tjmassey@grayandwhitelaw.com

Respectfully submitted,

/s/ Terrance L. Massey Jr.

Mark K. Gray
Matthew L. White
Terrance L. Massey Jr.
GRAY AND WHITE LAW
713 E. Market Street
Louisville, KY 40202
Ph: (502) 805-1800
mgray@grayandwhitelaw.com
mwhite@grayandwhitelaw.com
tjmassey@grayandwhitelaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing was filed with the above court electronically via the Kentucky CourtNet 2.0 E-filing system, on Wednesday, August 8, 2018. Electronic filers will receive service by CourtNet. A copy has been mailed/emailed to current non-filers.

Patricia Harmeling, Esq.
GWIN STEINMETZ & BAIRD, PLLC
Attorney For: Midnight Towing & Recovery
401 W. Main St., 10th Floor
Louisville, KY 40202
Phone: (502) 618-5717
Fax: (502) 618-5701
Email Address: pharmeling@gsblegal.com

/s/ Terrance L. Massey, Jr.
*Counsel for Plaintiff*

Filed 18-CI-003622 08/07/2018 David L. Nicholson, Jefferson Circuit Clerk

CIVIL ACTION NO. 18-CI-003622

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY SHAW

*Filed Electronically*

JILIANNE WARNER PLAINTIFF

v.

ANSWER OF MIDNIGHT RECOVERY, INC.

MIDNIGHT RECOVERY, INC.,
CHRISTIAN WORLEY, RUTH WILLIAMS,
COURTNEY WILDER, ANGELA DOWNES, and
EDWARD JODY MEIMAN DEFENDANTS

** ** ** ** **

Comes the Defendant, Midnight Recovery, Inc. (hereinafter "Midnight Recovery"), by counsel, and for its Answer to the Complaint filed herein state as follows:

1. Midnight Recovery is without sufficient knowledge or information to admit or deny the allegations and averments contained in Paragraph No. 1 of the Complaint and therefore denies same.

2. Midnight Recovery admits the averments contained in Paragraph No. 2 of the Complaint.

3. Midnight Recovery admits so much of Paragraph No. 3 that Defendant Worley was acting as an employee of Midnight Recovery at the time of the subject motor vehicle accident on December 29, 2017, but is without sufficient knowledge or information to admit or deny the remaining allegations and averments contained in Paragraph No. 3 of the Complaint and therefore denies same.

4. Midnight Recovery is without sufficient knowledge or information to admit or deny the allegations and averments contained in Paragraph No. 4, 5, 6 and 7 of the Complaint and therefore denies same as they relate to it.

ANS : 000001 of 000005

Filed 18-CI-003622 08/07/2018 David L. Nicholson, Jefferson Circuit Clerk

5. Midnight Recovery denies the allegations and averments contained in Paragraphs No. 8 and 9 to the extent that they asset legal conclusions.

6. With regard to Paragraphs No. 10, 11 and 12, Midnight Recovery admits that a motor vehicle accident occurred on or about December 29, 2017 in Jefferson County, Kentucky. However, Midnight Recovery denies the remainder of the allegations and averments in said paragraphs.

7. Midnight Recovery is without sufficient knowledge or information to admit or deny the allegations and averments contained in Paragraphs No. 13, 14, 15 and 16 of the Complaint and therefore denies same to the extent that they may relate to Midnight Recovery.

8. Midnight Recovery denies the allegations and averments contained in Paragraph No. 17 of the Complaint.

9. Midnight Recovery denies the allegations and averments referenced in Paragraph No. 18 to the extent that they are otherwise denied herein.

10. Midnight Recovery denies the allegations and averments contained in Paragraphs No. 19, 20 and 21 as they assert legal conclusions.

11. Midnight Recovery denies the allegations and averments contained in Paragraphs No. 22, 23, 24, 25 and 26 of the Complaint.

12. Midnight Recovery denies the allegations and averments referenced in Paragraph No. 27 to the extent that they are otherwise denied herein.

13. Midnight Recovery is without sufficient knowledge or information to admit or deny the allegations and averments contained in Paragraphs No. 28, 29, 30, 31, 32 and 33 of the Complaint and therefore denies same to the extent that they may relate to Midnight Recovery.

ANS : 000002 of 000005

14. Plaintiff's claim for punitive damages is barred by the prohibition against excessive fines contained in the Eighth Amendment of the United States Constitution, by the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and by Sections 2 and 14 of the Kentucky Constitution.

15. The Complaint fails to set forth allegations sufficient to support a claim of punitive damages under existing law.

16. Plaintiff's claim for punitive damages fails to establish the central elements of fraud, oppression or malice as required by KRS 411.184, and Plaintiff is therefore not entitled to punitive damages as a matter of law.

17. Furthermore, Midnight Recovery denies that the Plaintiff is entitled to the relief prayed for in the Complaint.

18. All allegations, averments and Paragraphs in the Complaint not herein specifically admitted are hereby expressly denied.

19. To the extent supported by proof at trial, the claims of the Plaintiff are barred, in whole or in part, but the failure to mitigate the claimed damages.

20. All defenses, terms, provisions, and limitations contained in the Kentucky Motor Vehicle Reparations Act at KRS 304.39-010, et. seq., are hereby adopted, incorporated, and pled by reference herein.

21. Midnight Recovery affirmatively states that Plaintiff's injuries or damages were caused by a person or entity for which Midnight Recovery is not liable, and Kentucky's comparative fault laws apply.

ANS : 000003 of 000005

22. The Complaint fails to state a claim against Midnight Recovery due to, or to the extent of any defenses and affirmative defenses set forth in CR 8.03 and/or CR 12.02, all of which are adopted herein by reference.

23. To the extent that Plaintiff claims damages for past or future medical costs, health care, life care or other economic losses or benefits that are offered or provided under or in connection with the Patient Protection and Affordable Care Act, recovery for those damages is prohibited.

24. Midnight Recovery reserves the right to assert further affirmative defenses, as discovery in this matter continues.

**WHEREFORE**, the Defendant, Midnight Recovery, Inc., by counsel, respectfully demands and prays as follows:

1. Dismissal of all claims against it, with prejudice;
2. Its costs herein expensed;
3. Trial by jury on all issues so triable; and
4. Any and all other relief, legal or equitable, to which it appears entitled.

Respectfully submitted,

/s/ Patricia L. Harmeling
PATRICIA L. HARMELING
KY BAR #88906
GWIN STEINMETZ & BAIRD, PLLC
401 W. Main St., 10th Floor
Louisville, KY 40202
pharmeling@gsblegal.com
(502) 618-5717 (telephone)
(502) 618-5701 (fax)
*Counsel for Defendant Midnight Recovery, Inc.*

ANS : 000004 of 000005

Filed 18-CI-003622 08/07/2018 David L. Nicholson, Jefferson Circuit Clerk

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was filed electronically on the 7th day of August, 2018 which will provide service copies to counsel listed below:

Hon. Mark K. Gray
Hon. Matthew L. White
Hon. Jacob E. Levy
GRAY & WHITE
713 East Market Street, Suite 200
Louisville, Kentucky 40202

And served via U.S. mail, postage prepaid, on 7th day of August, 2018 to:

Ruth Williams
MetroSafe 911
410 S. 5th Street
Louisville, Kentucky 40202

Courtney Wilder
MetroSafe 911
410 S. 5th Street
Louisville, Kentucky 40202

Angela Downes
MetroSafe 911
410 S. 5th Street
Louisville, Kentucky 40202

Edward Jody Meiman
MetroSafe 911
410 S. 5th Street
Louisville, Kentucky 40202

/s/ Patricia L. Harmeling
PATRICIA L. HARMELING

ANS : 000005 of 000005

5

Filed 18-CI-003622 08/07/2018 David L. Nicholson, Jefferson Circuit Clerk



Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718
Phone: (502) 564-3490
Fax: (502) 564-5687

Circuit Court Clerk
Jefferson County
700 West Jefferson St.
Louisville, KY 40202

FILED
JEFFERSON CIRCUIT COURT
AUG 03
DAVID
BY

FROM: SUMMONS DIVISION
SECRETARY OF STATE

RE: CASE NO: 18-CI-003622

DEFENDANT: **MIDNIGHT RECOVERY, INC**

DATE: July 24, 2018

The Office of the Secretary of State was served with a summons and accompanying documents for the captioned defendant on

July 3, 2018

This office served the defendant by sending a copy of the summons and accompanying documents via certified mail, return receipt requested, on

July 3, 2018

ns.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: 7/3/2018 18-CI-003622

Y, INC
1235
SELLERSBU , IN 47172

9590 9402 3984 8079 9458 04

2. Article Number (Transfer from service label) 253394

7018068000007764-2170

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) Lindsay Haker  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☒ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

7/24/2018

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

| | | |
|---|---|---|
| AOC-E-105 Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | Case #: **18-CI-003622**<br>Court: **CIRCUIT**<br>County: **JEFFERSON Circuit** |

*Plantiff*, **WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL**, *Defendant*

TO: **DOWNES, ANGELA**
**410 SOUTH 5TH ST.**
**LOUISVILLE, KY 40202**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **07/19/2018**

Presiding Judge: HON. MARY SHAW (630277)

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiatir

To: ______________________

☐ Not Served because: ______________________

Date: ______________, 20____

Summons ID: @00000874742
CIRCUIT: 18-CI-003622 Certified Mail
WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL

Page 1 of 1

7017 3040 0000 9170 4830

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here

*Sent To*
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4®*

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **18-CI-003622**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

*Plantiff*, **WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL**, *Defendant*

TO: **MEIMAN, EDWARD JODY**
**410 SOUTH 5TH ST.**
**LOUISVILLE, KY 40202**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **07/19/2018**

Presiding Judge: HON. MARY SHAW (630277)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiatin

To: ______________________

☐ Not Served because: ______________________

Date: ______________, 20____

Summons ID: @00000874744
CIRCUIT: 18-CI-003622 Certified Mail
WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL

Page 1 of 1

7017 3040 0000 9170 4823

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark
Here

*Sent To*
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4®*

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **18-CI-003622**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

*Plantiff,* **WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL**, *Defendant*

TO: **WILDER, COURTNEY**
**410 SOUTH 5TH ST.**
**LOUISVILLE, KY 40202**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **07/19/2018**

Presiding Judge: HON. MARY SHAW (630277)

## Proof of Servi...

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiati...

To: ______________________

☐ Not Served because: ______________________

Date: ______________, 20____

Summons ID: @00000874740
CIRCUIT: 18-CI-003622 Certified Mail
WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL

Page 1 of 1

7017 3040 0000 9170 4847

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark
Here

*Sent To*
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4®*

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice Courts.ky.gov

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **18-CI-003622**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

*Plantiff,* **WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL**, *Defendant*

TO: **WILLIAMS, RUTH**
**410 SOUTH 5TH ST.**
**LOUISVILLE, KY 40202**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **07/19/2018**

Presiding Judge: HON. MARY SHAW (630277)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiati

To: ______________________

☐ Not Served because: ______________________

Date: ____________, 20____

Summons ID: @00000874738
CIRCUIT: 18-CI-003622 Certified Mail
WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL

Page 1 of 1

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

7017 3040 0000 9170 4854

Certified Mail Fee
$
Extra Services & Fees (*check box, add fee as appropriate*)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here

*Sent To* R Williams
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4®*

See Reverse for Instructions



Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Legal Division
PO BOX 718
Frankfort, KY 40602-0718
Phone: (502) 564-3490
Fax: (502) 564-5687

Circuit Court Clerk
Jefferson County
700 West Jefferson St.
Louisville, KY 40202

Received
7-25-18

FROM: LEGAL DIVISION, SECRETARY OF STATE

RE: SUMMONS
Defendant: ANGELA DOWNES
Case #: 18-CI-003622

We are unable to process this Summons due to the following reason(s):

- Kentucky defendants are not served through this office.

If the Office of the Secretary of State can be of further assistance, please do not hesitate to call. For general information, you may reach us at our web site: http://sos.ky.gov.

For internal use:
Date Received In Office: 7/23/2018
Internal Secretary of State ID: 253991
Return Letter ID: 15115

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice Courts.ky.gov

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **18-CI-003622**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

*Plantiff*, **WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL**, *Defendant*

TO: **ANGELA DOWNES**
**410 SOUTH 5TH ST.**
**LOUISVILLE, KY 40202**

RECEIVED
JUL 13 2018
SECRETARY OF STATE

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **06/22/2018**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ____________________

☐ Not Served because: ____________________

Date: ______________, 20____ ____________________
Served By

____________________
Title

Summons ID: 10763017895043@00000871873
CIRCUIT: 18-CI-003622 Long Arm Statute – SOS - Restricted Delivery
WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL

eFiled

Presiding Judge: HON. MARY SHAW (630277)
Package : 000002 of 000121



FILED IN CLERKS OFF
JEFFERSON CIRCUIT CT
2018 JUL 23 AM 11:56
CLERK'S
D.C.

Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718
Phone: (502) 564-3490
Fax: (502) 564-5687

Circuit Court Clerk
Jefferson County
700 West Jefferson St.
Louisville, KY 40202

FROM: SUMMONS DIVISION
SECRETARY OF STATE

RE: CASE NO: 18-CI-003622

DEFENDANT: **RUTH WILLIAMS**

DATE: July 18, 2018

The Office of the Secretary of State was served with a summons and accompanying documents for the captioned defendant on

July 3, 2018

This office served the defendant by sending a copy of the summons and accompanying documents via certified mail, return receipt requested, on

July 3, 2018

... receipt of summons.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: 7/3/2018 18-CI-003622

**RUTH WILLIAMS**

410 SOUTH 5TH ST.
LOUISVILLE, KY 40202

9590 9402 3984 8079 9458 28

2. Article Number *(Transfer from service label)* 253397

7018068000007764-2194

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by *(Printed Name)* Ruth M Williams
C. Date of Delivery 7-13-18

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

RESTRICTED DELIVERY

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☒ Signature Confirmation™
- ☒ Signature Confirmation Restricted Delivery

7/18/2018

Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

485

1. Article Addressed to:

Angela Downes

SECRETARY OF STATE
PO BOX 718
FRANKFORT, KY 40602

18CI003622

9590 9402 3080 7124 5097 11

565

2. Article Number (Transfer from service label)

7018 0040 0000 4817 9610

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

BRIAN HOWARD

JUL 02 2018

3. Service Type

- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- Mail Restricted Delivery (0)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

FILED IN CLERK'S OFF

OJH

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. 595

1. Article Addressed to: Edward Jody Meiman

SECRETARY OF STATE
PO BOX 718
FRANKFORT, KY 40602

18CI003622

9590 9402 3080 7124 5025 14 565

2. Article Number (Transfer from service label)

7018 0040 0000 4817 9627

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

BRIAN HOWARD

JUL 02 2018

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
Mail Restricted Delivery
00)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

2018 JUL -3 2:20

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece or on the front if space permits.

185

1. Article Addressed to:

Courtney Wilder

SECRETARY OF STATE
PO BOX 718
FRANKFORT, KY 40602

18CI003622

9590 9402 3080 7124 5097 04

565

2. Article Number (Transfer from service label)

7018 0040 0000 4817 9603

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X BRIAN HOWARD

☐ Agent
☐ Addressee

B. Received by (Printed Name) JUN 29 2018

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

2018 JUL -3 PM 2:20

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: Midnight Recovery, Inc.

SECRETARY OF STATE
PO BOX 718
FRANKFORT, KY 40602

18CI003622

9590 9402 3080 7124 4832 19

2. Article Number (Transfer from service label)

7018 0040 0000 4817 9559

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (Printed Name) BRIAN HOWARD

C. Date of Delivery JUN 29 2018

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Mail
Mail Restricted Delivery
)00)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

2018 JUL -3 PM 2:20

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ruth Williams
SECRETARY OF STATE
PO BOX 718
FRANKFORT, KY 40602

18CI003622

9590 9402 3080 7124 5096 98

2. Article Number (Transfer from service label)

7018 0040 0000 4817 9597

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name) BRIAN HOWARD

C. Date of Delivery

JUN 29 2018

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- Restricted Delivery
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

2018 JUL -3 PM 2:20

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Midnight Recovery, Inc.

1 of 2

SECRETARY OF STATE
PO BOX 718
FRANKFORT, KY 40602

18CI003622

9590 9402 3080 7124 5096 67

SOS

2. Article Number (Transfer from service label)

7018 0040 0000 4817 9566

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X BRIAN HOWARD

☐ Agent
☐ Addressee

B. Received by (Printed Name) JUN 29 2018

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

3 of 5

1. Article Addressed to:

Christian Worley

SECRETARY OF STATE
PO BOX 718
FRANKFORT, KY 40602

18CI003622

9590 9402 3080 7124 5096 81

565

2. Article Number (Transfer from service label)

7018 0040 0000 4817 9580

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X BRIAN HOWARD

☐ Agent
☐ Addressee

B. Received by (Printed Name) JUN 29 2018

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
Mail Restricted Delivery
500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

Filed 18-CI-0036. 06/22/2018 David L. Nichols Jefferson Circuit Clerk

NO. ___________

JEFFERSON CIRCUIT COURT
DIVISION ______

JILIANNE WARNER

PLAINTIFF

vs.

**COMPLAINT**

MIDNIGHT RECOVERY, INC.

JURY FEE PAID

Serve: KENTUCKY SECRETARY OF STATE
Mail to: MIDNIGHT RECOVERY, INC. c/o TODD HOOKER
1235 A Bringham Dr.
Sellersburg, IN 47172

-And-

CHRISTIAN WORLEY

Serve: KENTUCKY SECRETARY OF STATE
Mail to: CHRISTIAN WORLEY
2916 Edwardsville Galena Rd.
Georgetown, IN 47122

-And-

RUTH WILLIAMS, in her individual capacity
410 South 5th Street
Louisville, KY 40202

-And-

COURTNEY WILDER, in her individual capacity
410 South 5th Street
Louisville, KY 40202

-And-

ANGELA DOWNES, in her individual capacity
410 South 5th Street
Louisville, KY 40202

-And-

Presiding Judge: HON. MARY SHAW (630277)

COM : 000001 of 000007

Filed 18-CI-003622 06/22/2018 David L. Nicholson, Jefferson Circuit Clerk

EDWARD JODY MEIMAN, in his individual capacity
410 South 5th Street
Louisville, KY 40202

DEFENDANTS

* * * * * * * *

Comes the Plaintiff Jilianne Warner, by and through her undersigned counsel, and in support of her complaint against the Defendants Midnight Recovery, Inc. and Christian Worley (collectively "Wrecker Defendants"); and Operator Ruth Williams, Operator Courtney Wilder, Angela Downes, and Jody Meiman (collectively "MetroSafe 911 Defendants") states as follows:

**PARTIES**

1. At all times relevant hereto, Plaintiff Jilianne Warner ("Warner"), was a resident of Jefferson County, Kentucky.

2. At all times relevant hereto, Defendant Midnight Recovery, Inc. ("Midnight Recovery") was an Indiana Corporation organized and existing under the laws of the State of Indiana and doing business in Kentucky, and it is subject to the jurisdiction of this Court.

3. At all times relevant hereto, Defendant Christian Worley ("Worley") was a resident of Indiana with an address of 2916 Edwardsville Galena Rd. Georgetown, IN 47122. At all times relevant hereto, Defendant Worley was acting individually and as an agent, servant, employee, or ostensible agent of Defendant Midnight Recovery.

4. Upon information and belief, at all times relevant hereto, Defendant Ruth Williams ("Operator Williams"), individually, was an employee of Louisville Emergency Services, working as a MetroSafe 911 operator, and a resident of Jefferson County, Kentucky.

5. Upon information and belief, at all times relevant hereto, Defendant Courtney Wilder ("Operator Wilder"), individually, was an employee of Louisville Emergency Services, working as a MetroSafe 911 operator, and a resident of Jefferson County, Kentucky.

Presiding Judge: HON. MARY SHAW (630277)

COM : 000002 of 000007

6. Upon information and belief, at all times relevant hereto, Defendant Angela Downes ("Downes"), individually, was an employee of Louisville Emergency Services, working as a director of MetroSafe, and a resident of Jefferson County, Kentucky.

7. Upon information and belief, at all times relevant hereto, Defendant Edward Jody Meiman ("Meiman"), individually, was the director and an employee of Louisville Emergency Services and a resident of Jefferson County, Kentucky.

## JURISDICTION

8. Jurisdiction is proper as Plaintiff is seeking damages in excess of the minimum amount necessary to meet the jurisdictional requirements of this Court, and Defendants Worley and Midnight Recovery are subject to jurisdiction of this Court pursuant to KRS 454.210.

9. Venue is proper as the cause of action, which is the subject of this complaint, arose in Jefferson County, Kentucky.

## FACTS

10. On or about December 29, 2017, Plaintiff Warner was stopped at a red light on the Greenbelt Highway in Jefferson County Kentucky, when a wrecker owned and operated by Midnight Recovery, and being driven by Worley, collided with the back of Warner's vehicle at an extremely high rate of speed (the "Crash").

11. The violent impact of the Crash caused permanent, catastrophic injuries to Plaintiff Warner.

12. Shortly after the Crash, Defendant Worley called MetroSafe 911 and spoke with Operator Williams. Operator Williams failed to obtain all basic information regarding the Crash from Worley, including failing to determine the severity of the Crash and that the Crash resulted

Presiding Judge: HON. MARY SHAW (630277)

COM : 000003 of 000007

in injuries. Operator Williams incorrectly classified the event as a non-injury accident. Operator Williams also failed to dispatch an ambulance to the scene.

13. Less than a minute after Worley's call, an unidentified individual called MetroSafe 911 and spoke with Operator Wilder. Operator Wilder failed to obtain additional pertinent information regarding the Crash, including failing to determine the severity of the Crash and that the Crash resulted in injuries. Operator Wilder failed to properly classify or re-classify the event as an injury accident. Operator Wilder also failed to dispatch an ambulance to the scene.

14. Not until a third individual called MetroSafe 911 was the event properly classified as an injury accident and an ambulance dispatched to the scene.

15. Upon information and belief, on the date of the Crash and at all times relevant hereto, Defendants Downes and Meiman supervised Operator Williams and Operator Wilder in their work as 911 Operators. Upon information and belief, Defendants Downes and Meiman were responsible for training Operator Williams and Operator Wilder to comply with their duties as 911 Operators.

16. The delay in dispatching an ambulance and otherwise providing prompt medical care caused and exacerbated the permanent, catastrophic injuries to Plaintiff Warner.

17. At some date after the collision, the Wrecker Defendants willfully spoliated evidence by repairing the wrecker and placing it back into service despite receipt of litigation hold letters, an awareness of the severity of the injuries sustained by Plaintiff Warner, and the stated desire of Plaintiff Warner to inspect the wrecker before any repairs.

Presiding Judge: HON. MARY SHAW (630277)

COM : 000004 of 000007

## CAUSES OF ACTION

### I. Negligence of the Wrecker Defendants

18. Plaintiff Warner realleges and incorporates by reference all allegations above.

19. In operating the wrecker, Defendant Worley owed a duty to exercise reasonable care for the safety of other drivers, including but not limited to duties to avoid collisions with other drivers, to keep a lookout ahead, to drive at a reasonable and prudent speed, to have his vehicle under reasonable control, and to obey traffic signals.

20. Defendants Midnight Recovery and Worley both owed duties to exercise reasonable care in checking, inspecting, and maintaining all systems of the wrecker in proper working order, including but not limited to the braking system.

21. Defendant Midnight Recovery had a duty to properly supervise and train Defendant Worley.

22. Worley breached his duties by failing to ensure that the wrecker was in proper working order before operating it and by driving in such a manner as to cause the wrecker to collide with Plaintiff Warner's vehicle.

23. Midnight Recovery breached its duties by failing to adequately train and supervise Worley and by failing to ensure that the wrecker was in proper working order before allowing Worley to operating the wrecker.

24. Midnight Recovery, due to its relationship with Worley, is vicariously liable for Defendant Worley's negligence.

25. As a direct and proximate result of the negligence of Midnight Recovery and Worley, Plaintiff Warner has suffered and will continue to suffer severe injuries, past and future

Presiding Judge: HON. MARY SHAW (630277)

COM : 000005 of 000007

Filed 18-CI-00362 06/22/2018 David L. Nicholso Jefferson Circuit Clerk

mental and physical pain and suffering, past and future medical expenses, lost time and wages, permanent disfigurement, and loss of her power to labor and earn money.

26. At all times herein mentioned, the acts and omissions of the Wrecker Defendants were wanton, grossly negligent, malicious, reckless, oppressive, and/or demonstrated a disregard or reckless indifference to the rights and welfare of Plaintiff Warner in particular and the public in general.

**II. Negligence of the MetroSafe 911 Defendants**

27. Plaintiff Warner realleges and incorporates by reference all allegations above.

28. In answering 911 calls, Operator Williams and Operator Wilder owed duties to exercise reasonable and ordinary care to obtain all basic information from callers, including the type of emergency and hazards involved, and to initiate an appropriate public safety response. These are ministerial duties.

29. In answering redundant 911 calls, or repeat calls on the same incident, Operator Williams and Operator Wilder owed duties to exercise reasonable and ordinary care to obtain any additional pertinent information regarding the emergency. These are ministerial duties.

30. In supervising MetroSafe's 911 Operators, Defendants Downes and Meiman owed duties to exercise reasonable and ordinary care to properly train all MetroSafe 911 Operators to adhere to the duties of 911 Operators. These are ministerial duties.

31. Operator Williams and Operator Wilder breached their duties by failing to obtain all basic information regarding the Crash, including the type of emergency and hazards involved, and by failing to dispatch an ambulance to the scene and failing to otherwise initiate an appropriate public safety response.

Presiding Judge: HON. MARY SHAW (630277)

COM : 000006 of 000007

Filed 18-CI-003622 06/22/2018 David L. Nicholson, Jefferson Circuit Clerk

32. Defendants Downes and Meiman breached their duties by failing to properly train Operator Williams and Operator Wilder to adhere to the duties of 911 Operators.

33. As a direct and proximate result of the negligence of the MetroSafe 911 Defendants, Plaintiff Warner has suffered and will continue to suffer severe injuries, past and future mental and physical pain and suffering, past and future medical expenses, lost time and wages, permanent disfigurement, and loss of her power to labor and earn money.

**WHEREFORE**, the Plaintiff Jilianne Warner demands judgment against all Defendants, as follows:

1. For compensatory damages in an amount that is fair and reasonable;
2. For punitive damages in an amount to be determined by the jury;
3. For a trial by jury of all issues triable as of right by a jury;
4. For attorney's fees and costs herein expended;
5. For prejudgment interest from the date of injury until paid; and
6. For any and all further relief to which Plaintiff may appear entitled.

Respectfully submitted,

/s/ Jacob Levy
Mark K. Gray
Matthew L. White
Jacob E. Levy
GRAY & WHITE
713 East Market Street
Suite 200
Louisville, Kentucky 40202

*Counsel for Plaintiff*

Presiding Judge: HON. MARY SHAW (630277)

COM : 000007 of 000007

CIVIL ACTION NO.

JEFFERSON CIRCUIT COURT
DIVISION ____________
HON. ________________

JILIANNE WARNER PLAINTIFF

v. **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO CHRISTIAN WORLEY**

MIDNIGHT RECOVERY, INC. et al. DEFENDANTS

* * * * * * * * * * * * * * * *

Comes the Plaintiff, and propounds upon the Defendant Christian Worley ("Worley"), the following first set of Interrogatories, Requests for Admission and Requests for Production of Documents. Unless a shorter time for compliance is ordered by the Court, your Answers to these Interrogatories and Requests are due within thirty (30) days after the date of service of these requests.

These Interrogatories, Requests for Admission, and Request for Production of Documents shall be deemed continuing, and supplemental answers and production shall be required of you pursuant to CR 26.05 if you or your counsel directly or indirectly obtain further information of the nature sought herein after the time the answers are served and the documents are produced.

**DEFINITIONS AND INSTRUCTIONS**

A. In answering the following interrogatories, the following instructions apply:

(1) Answer each interrogatory separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection must be stated in lieu of answer.

(2) An evasive or incomplete answer is deemed to be a failure to answer under Rule 37.01(c).

(3) You are under a continuing duty to seasonably supplement your response with

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000001 of 000018

Filed 18-CI-00362 06/22/2018 David L. Nicholson Jefferson Circuit Clerk

respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, and the identity of each person expected to be called as an expert witness at trial and the subject matter on which he is expected to testify. Furthermore you are under a similar duty to supplement your response with respect to any question to which additional information is later discovered or to which later information becomes relevant. Additionally, you are under a duty to correct any incorrect response when you later learn that it is incorrect.

B. When used in these Interrogatories and Requests, the following terms shall have the following meanings:

(1) **"Agent"** means any individual or person who has by mutual consent, whether formally or informally, expressly, impliedly, or inherently, undertaken to act on your behalf, including, but not limited to, your employees, independent contractors, attorneys, their agents and employees, and insurance company, its agents and employees;

(2) **"Any"** shall also mean "all" and vice versa;

(3) **"Claim"** means a demand or assertion, whether oral or written, formal or informal, by any person for monetary payment, the undertaking of action, the cessation of action, redress, remedy, restoration or compensation;

(4) **"Custodian"** refers to the person or individual having possession, custody or control of any writing, record or physical evidence;

(5) **"Defendant"** means Christian Worley;

(6) **"Document"** means any kind of written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including, but not limited to, originals, copies and drafts and both sides thereof, and including

Presiding Judge: HON. MARY SHAW (630277)

RPD 000002 of 000018

Filed 18-CI-003622 06/22/2018 David L. Nicholson, Jefferson Circuit Clerk

but not limited to: papers, books, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, drawings, blueprints, and tape recordings of any type or size, and recordings of telephone or other conversations, or of interviews, conferences, or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical reports, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output, microfilms, and all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, however denominated;

(7) **"Incident in question"** means the injury that occurred on or about December 29, 2017 to Jilianne Warner.

(8) **"Individual"** means a person, his/her agents and employees, including, but not limited to, his/her attorney, their agents and employees, investigators, their agents and employees, insurance company, their agents and employees and anyone else acting on behalf of the individual or his/her said agents and employees;

(9) **"In the last ten years"** refers to the time period of ten (10) years immediately preceding the period in question;

(10) **"Occurrence"** refers to the events, acts, omissions that occurred on or around December 29, 2017 through the present;

(11) **"Or"** means "and/or;" also, the word **"and"** means "and/or."

(12) **"Oral communication"** means both telephone and face-to-face communication;

(13) **"Period in question"** refers to the time period dating from December 29, 2017 through

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000003 of 000018

the date of service of these Interrogatories and Requests;

(14) **"Person"** means a natural person, corporation, association, partnership, sole proprietorship, or public entity and every other type of organizations or entity;

(15) **"Relating to"** means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or actual connection with the matter discussed;

(16) **"Statement or Recorded Interview"** means any written or oral communication, formal or informal, with any person or individual, including, but not limited to, video recordings, electronic recordings, sound recordings, transcriptions, written recordings, notes, affidavits, memoranda, or other documents;

(17) **"Writing"** means any and all handwritten material, typewritten material, printed material, photocopies, photographs, and every other means of recording upon any tangible thing, including but not limited to, electronic mediums, together with any form of communication or other representation, which would constitute a writing within the meaning of the KRE 1001;

(18) **"Written communication"** means, without limitation, correspondence, letters, and telegrams whether received or not;

(19) **"You," "Your" and "yourself"** refer to the party to whom to the following requests are addressed and includes your agents, employees, insurance company, their agents and employees, your attorneys, their agents and employees, investigators and anyone else acting on your or their behalf.

C. **"Identify"** means:

Presiding Judge: HON. MARY SHAW (630277)

IRPD : 000004 of 000018

1. In regards to any individual or person, it is intended that the answer will state the following information with respect to each such individual:

(a) His or her full name;

(b) Current home address and telephone number;

(c) Current business address, telephone number, and company affiliation;

(d) Current or other relevant employment classification or job title and job description; and

(e) His or her education and/or certification, including dates of that education and/or certification and any person or entity providing such education and/or certification.

2. In regards to any document or writing mentioned, referred to, or utilized in the answers to the following interrogatories, provide in your answer a statement of:

(a) its nature, i.e., contract, memorandum, report, recording, transcription, etc.;

(b) its title, if any;

(c) the date it was prepared;

(d) the identity of each person who prepared it, participated in its preparation and/or signed it;

(e) who each of the persons referred to in (d) purported to represent;

(f) its subject matter; and

(g) the name and last known address of the person who presently has custody of it.

3. In regards to any "written communication" mentioned, referred to, or utilized in the answers to the following interrogatories, provide in your answer a statement of:

(a) its nature, i.e., letter, memorandum, etc.;

(b) the date it was signed or sent;

Presiding Judge: HON. MARY SHAW (630277)

RFD : 000005 of 000018

(c) the date it was received;

(d) the identity of the person to whom it was sent;

(e) the identity of any person sent a copy;

(f) who each such person purported to represent;

(g) the subject matter of the communication;

(h) the name and last known address of the person who presently has custody of it.

4. In regards to any "oral communication" mentioned or referred to in the answer, a statement of

(a) the persons or individuals involved;

(b) the date on which it occurred;

(c) where it occurred or if a telephone conversation, the place at which each person involved was located;

(d) what was said by each person involved.

5. In regards to any claim, case or suit referred to, mentioned, or utilized in answering the following interrogatories:

(a) the date the claim or the suit was made;

(b) the forum and/or the court in which the claim/suit was made, including address;

(c) the claim or case number;

(d) the nature of the claim or controversy;

(e) the ultimate resolution of the claim/suit;

(f) the name of the insurance company and claims representative and/or attorney who represented you and his/her firm at the time the claim, case or suit was initiated; and

(g) the name of the entity(ies) who brought the claim or filed the suit; and

Presiding Judge: HON. MARY SHAW (630277)

IRFO : 000006 of 000018

(h) the parties involved.

D. If any document is withheld under a claim of privilege, furnish a list, which identifies each document for which a privilege is claimed, including the following information:

(1) The date of the document;

(2) The sender;

(3) The recipient;

(4) The person to whom copies were furnished along with his job title and position;

(5) The subject matter of the document;

(6) The basis upon which the privilege is claimed; and

(7) The paragraph of these Interrogatories to which said documents respond.

**REQUESTS FOR ADMISSION**

1. Please admit Plaintiff was injured after Defendant's vehicle collided with her vehicle on December 29, 2017 during the incident in question.

   Response:

2. Please admit Defendant Christian Worley was an employee of Defendant Midnight at the time of the incident in question.

   Response:

3. Please admit Defendant caused injury to Plaintiff on or about December 29, 2017.

   Response:

4. Please admit Defendant Christian Worley was not following all applicable federal, state, and local regulations concerning the operation of his vehicle during and immediately prior to the incident in question.

   Response:

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000007 of 000018

5. Please admit Defendant Christian Worley was not following all applicable policies and procedures of Defendant Midnight during and immediately prior to the incident in question.

   Response:

6. Please admit Defendant Christian Worley was blood/urine/hair tested following the incident in question.

   Response:

7. Please admit Defendant Christian Worley was not properly operating the vehicle he was driving during the incident in question.

   Response:

8. Please admit Defendant Christian Worley was using his phone (including but not limited to, viewing the screen, talking, texting, typing, searching the internet, and/or any interfacing with his telecommunications device in any manner whatsoever) immediately prior to the incident in question.

   Response:

9. Please admit Defendant Christian Worley was using his phone (including but not limited to, viewing the screen, talking, texting, typing, searching the internet, and/or any interfacing with his telecommunications device in any manner whatsoever) at the time of the incident in question.

   Response:

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000008 of 000018

**INTERROGATORIES**

**INTERROGATORY NO. 1**: State the name, address, and title of all persons answering

or assisting in any way in responding to these discovery requests.

**ANSWER:**

**INTERROGATORY NO. 2:** Identify each individual known to Defendant (including, but not limited to, Defendant's attorney) to be a witness to any of the events involved in this action, including without limitation any and all persons who have knowledge of the facts about the claim presented by the Plaintiff, or events leading up to the incident or following the incident.

**ANSWER:**

**INTERROGATORY NO. 3:** If you contend that the conduct of any persons, firms or entities, including Plaintiff or her family, in any way caused or contributed to cause the occurrence in question or the injuries to Plaintiff, set forth as fully and completely as possible each such act, identifying fully each such person or entity with the information requested and stating how each such person or entity caused or contributed to cause the occurrence in question and upon what you base your contention that these were the causes of Plaintiff's injuries.

**ANSWER:**

**INTERROGATORY NO. 4:** List the name, address, phone number, and a short summary testimony of each witness you intend to call at the trial of this matter.

**ANSWER:**

**INTERROGATORY NO. 5:** Provide the following information for each policy of insurance which may cover the injury in question:

a. the type and the amount of coverage;

b. The property the policy covers;

b. the name and address of the insurance company;

c. the name, address, and telephone number of each named insured;

d. the policy number and the policy period;

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000009 of 000018

Filed 18-CI-00362 06/22/2018 David L. Nicholson, Jefferson Circuit Clerk

e. the limits of coverage for each type of coverage contained in the policy;

f. whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company, and, if so, what it is;

g. the name, address, and telephone number of the custodian of the policy;

h. identify the agent handling the claim;

i. identify the individual(s) having full authority to settle this claim.

j. state the nature, date, result, reason for, and claim number for any claim made under said policy; and

k. state if there is declining coverage.

**ANSWER**:

**INTERROGATORY NO. 6**: Identify each person whom you intend to call as an expert witness at trial and please provide all information required under CR 26.02, as well as:

a) a list of all cases reviewed by said individual in the last five (5) years, including the case style, facts, lawyers and/or agencies and/or companies associated with each case;

b) the percentage of cases reviewed by said individual that were for plaintiffs and for defendants, when said individual reviewed his first case for purposes of litigation and why he reviewed said case or cases;

c) the average number of cases said individual reviews in a given year;

d) whether said individual advertises his or her services;

e) list any articles, books, text books, written in whole or in part by said individual, and any books, periodicals, textbooks in said individuals library and or office; include any medical-related publications and/or periodicals subscribed to by said individual and the length of time for which said individual has had said subscriptions;

f) has said individual's testimony or opinion ever been challenged, e.g. Daubert hearings,

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000010 of 000018

Filed 18-CI-003622 06/22/2018 David L. Nicholson, Jefferson Circuit Clerk

briefs from a medical association, etc;

g) has said individual ever been involved in any other litigation, and the name(s) and nature of said litigation.

**ANSWER:**

**INTERROGATORY NO. 7:** List the title, date and publication of each document, article, exhibit, report, paper, treatise, journal, abstract, statistic, literature, book, textbook, videotape, film or other material of any nature whatsoever, which Defendant, Defendant's attorney(s) and/or any expert identified in answer to interrogatory number eight (8) will use or rely upon at the trial of this action.

**ANSWER:**

**INTERROGATORY NO. 8:** Has Defendant ever been charged with, convicted of, or plead guilty to a violation of any law, statute, ordinance, rule or regulation? If so, state the nature of each violation, the date of the charge, conviction or plea, the name and address of the court, including number, street, city and state, the name of each lawyer that represented you, and the disposition of the charge, including any plea conditions or conditions for dismissal.

**ANSWER:**

**INTERROGATORY NO. 9**: Please describe in detail any and all repairs in the last five years that have been undertaken on the vehicle involved in the incident in question.

**ANSWER:**

**INTERROGATORY NO. 10:** Please list all citations, violations of statute, violations of regulation, or violations of safety rules/policies/procedures received and/or incurred by Defendant within the last fifteen (15) years.

**ANSWER:**

**INTERROGATORY NO. 11:** Please list all companies, individuals and/or independent

Presiding Judge: HON. MARY SHAW (630277)

IRPD : 000011 of 000018

contractors responsible for any maintenance of any of Defendant's vehicles including, but not limited to, the vehicle involved in the incident in question.

**ANSWER:**

**INTERROGATORY NO. 12:** Has a legal claim ever been made against Defendant and/or has Defendant ever been sued? If the answer is in the affirmative, provide the requested information in the definitions and instructions.

**ANSWER:**

**INTERROGATORY NO. 13:** Please identity all polices and procedures concerning the vehicle involved in the incident in question. If you have any written policies please produce them.

**ANSWER:**

**INTERROGATORY NO. 14**: Please give a concise statement of facts as to how you contend the motor vehicle collision involving Plaintiff as well Plaintiff's injuries took place.

**ANSWER:**

**INTERROGATORY NO. 15**: If you (including any agent of yours) and the Plaintiff had any conversation after the injury, please state the substance of any such conversation.

**ANSWER:**

**INTERROGATORY NO. 16:** Please describe all non-privileged communications you have had regarding this lawsuit, the event underlying it and/or subsequent remedial measures.

**ANSWER:**

**INTERROGATORY NO. 17:** Please identify all roadside assistance programs Defendant is or has had any involvement with within the past 10 years.

**ANSWER:**

**INTERROGATORY NO. 18:** Please describe why Defendant's vehicle was on the road at the time of the incident in question including, but not limited to, when Defendant's vehicle was

Presiding Judge: HON. MARY SHAW (630277)

IRPD : 000012 of 000018

dispatched, by whom, the location to which it was directed and its intended destination prior to the incident in question.

**ANSWER:**

**INTERROGATORY NO. 19:** Please describe the chain of command at Defendant's business including, but not limited to, the immediate boss or supervisor of Defendant Christian Worley.

**ANSWER:**

**INTERROGATORY NO. 20:** Identify and, where applicable, produce documents regarding the following information concerning the vehicle being operated by Defendant Christian Worley at the time of the incident in question:

A. Make

B. Model

C. Year purchased

D. Year Manufactured

E. Maintenance log

**ANSWER:**

**INTERROGATORY NO. 21:** Please identify the person or entity who owned the vehicle that was being operated by Defendant Christian Worley immediately before the incident in question.

**ANSWER:**

**INTERROGATORY NO. 22:** Identify all people present and witnessing the incident in question or its aftermath.

**ANSWER:**

Presiding Judge: HON. MARY SHAW (630277)

RFD : 000013 of 000018

**INTERROGATORY NO. 23:** Identify all business assets of Defendant, including, but not limited to, vehicles, buildings, land, equipment, contracts, securities, intellectual property, and judgments.

**ANSWER:**

**INTERROGATORY NO. 24:** Identify anything Defendant was doing at the time of the incident in question which violated Federal, State, or local regulations or Defendant's own policies and procedures.

**ANSWER:**

**INTERROGATORY NO. 25:** Identify anything Defendant Christian Worley was doing at the time of the incident in question which violated Federal, State, or local regulations or Defendant's own policies and procedures.

**ANSWER:**

**INTERROGATORY NO. 26:** Please state the results of any impairment testing done on Defendant Christian Worley.

**ANSWER:**

**INTERROGATORY NO. 27:** Please identify all previous employers and the dates you were employed with them.

**ANSWER:**

**INTERROGATORY NO. 28:** Please identify all governmental actions taken against your driver's license or CDL (such as suspension or revocation), the date of said action, the reason for said action, and the disposition of said action.

**ANSWER:**

**INTERROGATORY NO. 29:** Please list all medications you were on for the six months prior to the incident in question, the prescribing physician, and the pharmacy where obtained.

Presiding Judge: HON. MARY SHAW (630277)

IRPD : 000014 of 000018

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** All documents identified, directly or indirectly, in your answers to Interrogatories.

**RESPONSE:**

**REQUEST NO. 2:** All written, recorded, or signed statements of any party, including the Plaintiff, Defendant, witnesses, investigators, or agent, representative or employee of the parties concerning the subject matter of this action.

**RESPONSE:**

**REQUEST NO. 3:** Produce a current, legible curriculum vitae of each expert witness who may testify in the trial of this action. Please have each expert witness denote on the CV produced any article(s), abstract(s), treatise(s), study(ies) or any other material listed, which he/she believes is relevant to the subject case.

**RESPONSE:**

**REQUEST NO. 4:** Please produce all photos or videos of the Plaintiff and/or the incident in question.

**RESPONSE:**

**REQUEST NO. 5:** Please produce all photos, measurements, videos, etc. of the location of the incident in question.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000015 of 000018

**REQUEST NO. 6:** Please produce all records/documents related to code, statute, safety, or regulation violations/citations directed to, levied against and/or received by Defendant within the past fifteen years.

**RESPONSE:**

**REQUEST NO. 7:** Please produce all contracts between Defendant and any individual, independent contractor and/or employee responsible for operating any of Defendant's vehicles.

**RESPONSE:**

**REQUEST NO. 8:** Please produce all documents related to any policy or procedure in place for operating Defendant's vehicles.

**RESPONSE:**

**REQUEST NO. 9:** Please produce any non-privileged communications between Defendant and anyone else regarding this lawsuit, the event underlying it or subsequent remedial measures.

**RESPONSE:**

**REQUEST NO. 10:** Please produce any training manuals regarding the vehicle that was involved in the incident in question.

**RESPONSE:**

**REQUEST NO. 11:** Please produce your shift logs for the month proceeding the incident in question through the incident in question.

**RESPONSE:**

**REQUEST NO. 12:** Please produce your time cards for or the month proceeding the incident in question through the incident in question.

**RESPONSE:**

**REQUEST NO. 13:** Please produce Defendant Christian Worley's employee file.

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000015 of 000018

**RESPONSE:**

**REQUEST NO. 14:** Please produce any and all documents resulting from any governmental entities inspection of the Defendant's business including, but not limited to, vehicles and equipment.

**RESPONSE:**

**REQUEST NO. 15:** Please produce any and all documents resulting from any OSHA inspection of Defendant.

**RESPONSE:**

**REQUEST NO. 16:** Please produce any and all documents evidencing repairs, maintenance and/or modifications made to Defendant's vehicle involved in the incident in question.

**RESPONSE:**

**REQUEST NO. 17:** Please produce Defendant Christian Worley's CDL and all other licenses held by Defendant Christian Worley.

**RESPONSE:**

**REQUEST NO. 18**: Please produce all documents evidencing any and all contracts, agreements, relationships, conditions or requirements for a continued relationship or involvement between Defendant and any roadside assistance provider/ program(s).

**RESPONSE:**

**REQUEST NO. 19:** Produce all documents evidencing any and all agreements, contracts,. relationships, conditions or requirements for a continued relationship or involvement whatsoever between Defendant and GEICO including, but not limited to, GEICO Roadside Assistance, and/or Berkshire Hathaway.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000017 of 000018

**REQUEST NO. 20:** Please produce any and all recordings evidencing anything to do with the incident in question including, but not limited to, the dispatch of the vehicle involved in the incident in question and any and all calls or communications involving Defendant on December 29, 2017.

**RESPONSE:**

**REQUEST NO. 21:** Produce each and every policy of insurance that may cover Defendant for acts and omissions pled in Plaintiff's Complaint.

**RESPONSE:**

Respectfully Submitted,

/s/ Jacob Levy
Mark K. Gray
Matthew L. White
Jacob E. Levy
Gray & White
713 E. Market St. #200
Louisville, KY 40202

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 22nd day of June, 2018, the forgoing was served as an exhibit to the Complaint to be served with the Complaint.

/s/ Jacob Levy
Gray & White

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000018 of 000018

Filed 18-CI-0036 06/22/2018 David L. Nichols , Jefferson Circuit Clerk

CIVIL ACTION NO.

JEFFERSON CIRCUIT COURT
DIVISION ______________
HON. ____________________

JILIANNE WARNER PLAINTIFF

v. **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO MIDNIGHT RECOVERY, INC.**

MIDNIGHT RECOVERY, INC. et al. DEFENDANTS

* * * * * * * * * * * * * * * * *

Comes the Plaintiff, and propounds upon the Defendant Midnight Recovery, Inc. ("Midnight"), the following first set of Interrogatories, Requests for Admission and Requests for Production of Documents. Unless a shorter time for compliance is ordered by the Court, your Answers to these Interrogatories and Requests are due within thirty (30) days after the date of service of these requests.

These Interrogatories, Requests for Admission, and Request for Production of Documents shall be deemed continuing, and supplemental answers and production shall be required of you pursuant to CR 26.05 if you or your counsel directly or indirectly obtain further information of the nature sought herein after the time the answers are served and the documents are produced.

**DEFINITIONS AND INSTRUCTIONS**

A. In answering the following interrogatories, the following instructions apply:

(1) Answer each interrogatory separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection must be stated in lieu of answer.

(2) An evasive or incomplete answer is deemed to be a failure to answer under Rule 37.01(c).

(3) You are under a continuing duty to seasonably supplement your response with

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000001 of 000022

Filed 18-CI-003622 06/22/2018 David L. Nicholson, Jefferson Circuit Clerk

respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, and the identity of each person expected to be called as an expert witness at trial and the subject matter on which he is expected to testify. Furthermore you are under a similar duty to supplement your response with respect to any question to which additional information is later discovered or to which later information becomes relevant. Additionally, you are under a duty to correct any incorrect response when you later learn that it is incorrect.

B. When used in these Interrogatories and Requests, the following terms shall have the following meanings:

(1) **"Agent"** means any individual or person who has by mutual consent, whether formally or informally, expressly, impliedly, or inherently, undertaken to act on your behalf, including, but not limited to, your employees, independent contractors, attorneys, their agents and employees, and insurance company, its agents and employees;

(2) **"Any"** shall also mean "all" and vice versa;

(3) **"Claim"** means a demand or assertion, whether oral or written, formal or informal, by any person for monetary payment, the undertaking of action, the cessation of action, redress, remedy, restoration or compensation;

(4) **"Custodian"** refers to the person or individual having possession, custody or control of any writing, record or physical evidence;

(5) **"Defendant"** means Midnight Recovery, Inc.;

(6) **"Document"** means any kind of written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including, but not limited to, originals, copies and drafts and both sides thereof, and including

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000002 of 000022

but not limited to: papers, books, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, drawings, blueprints, and tape recordings of any type or size, and recordings of telephone or other conversations, or of interviews, conferences, or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical reports, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output, microfilms, and all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, however denominated;

**(7)** **"Incident in question"** means the injury that occurred on or about December 29, 2017 to Jilianne Warner.

(8) **"Individual"** means a person, his/her agents and employees, including, but not limited to, his/her attorney, their agents and employees, investigators, their agents and employees, insurance company, their agents and employees and anyone else acting on behalf of the individual or his/her said agents and employees;

(9) **"In the last ten years"** refers to the time period of ten (10) years immediately preceding the period in question;

(10) **"Occurrence"** refers to the events, acts, omissions that occurred on or around December 29, 2017 through the present;

(11) **"Or"** means "and/or;" also, the word **"and"** means "and/or."

(12) **"Oral communication"** means both telephone and face-to-face communication;

(13) "**Period in question**" refers to the time period dating from December 29, 2017 through

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000003 of 000022

the date of service of these Interrogatories and Requests;

(14) **"Person"** means a natural person, corporation, association, partnership, sole proprietorship, or public entity and every other type of organizations or entity;

(15) **"Relating to"** means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or actual connection with the matter discussed;

(16) **"Statement or Recorded Interview"** means any written or oral communication, formal or informal, with any person or individual, including, but not limited to, video recordings, electronic recordings, sound recordings, transcriptions, written recordings, notes, affidavits, memoranda, or other documents;

(17) **"Writing"** means any and all handwritten material, typewritten material, printed material, photocopies, photographs, and every other means of recording upon any tangible thing, including but not limited to, electronic mediums, together with any form of communication or other representation, which would constitute a writing within the meaning of the KRE 1001;

(18) **"Written communication"** means, without limitation, correspondence, letters, and telegrams whether received or not;

(19) **"You," "Your" and "yourself"** refer to the party to whom to the following requests are addressed and includes your agents, employees, insurance company, their agents and employees, your attorneys, their agents and employees, investigators and anyone else acting on your or their behalf.

C. **"Identify"** means:

Presiding Judge: HON. MARY SHAW (630277)

IRPD : 000004 of 000022

1. In regards to any individual or person, it is intended that the answer will state the following information with respect to each such individual:

(a) His or her full name;

(b) Current home address and telephone number;

(c) Current business address, telephone number, and company affiliation;

(d) Current or other relevant employment classification or job title and job description; and

(e) His or her education and/or certification, including dates of that education and/or certification and any person or entity providing such education and/or certification.

2. In regards to any document or writing mentioned, referred to, or utilized in the answers to the following interrogatories, provide in your answer a statement of:

(a) its nature, i.e., contract, memorandum, report, recording, transcription, etc.;

(b) its title, if any;

(c) the date it was prepared;

(d) the identity of each person who prepared it, participated in its preparation and/or signed it;

(e) who each of the persons referred to in (d) purported to represent;

(f) its subject matter; and

(g) the name and last known address of the person who presently has custody of it.

3. In regards to any "written communication" mentioned, referred to, or utilized in the answers to the following interrogatories, provide in your answer a statement of:

(a) its nature, i.e., letter, memorandum, etc.;

(b) the date it was signed or sent;

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000005 of 000022

Filed 18-CI-00362 06/22/2018 David L. Nichols. Jefferson Circuit Clerk

(c) the date it was received;

(d) the identity of the person to whom it was sent;

(e) the identity of any person sent a copy;

(f) who each such person purported to represent;

(g) the subject matter of the communication;

(h) the name and last known address of the person who presently has custody of it.

4. In regards to any "oral communication" mentioned or referred to in the answer, a statement of

(a) the persons or individuals involved;

(b) the date on which it occurred;

(c) where it occurred or if a telephone conversation, the place at which each person involved was located;

(d) what was said by each person involved.

5. In regards to any claim, case or suit referred to, mentioned, or utilized in answering the following interrogatories:

(a) the date the claim or the suit was made;

(b) the forum and/or the court in which the claim/suit was made, including address;

(c) the claim or case number;

(d) the nature of the claim or controversy;

(e) the ultimate resolution of the claim/suit;

(f) the name of the insurance company and claims representative and/or attorney who represented you and his/her firm at the time the claim, case or suit was initiated; and

(g) the name of the entity(ies) who brought the claim or filed the suit; and

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000006 of 000022

Filed 18-CI-003622 06/22/2018 David L. Nicholson, Jefferson Circuit Clerk

(h) the parties involved.

D. If any document is withheld under a claim of privilege, furnish a list, which identifies each document for which a privilege is claimed, including the following information:

(1) The date of the document;

(2) The sender;

(3) The recipient;

(4) The person to whom copies were furnished along with his job title and position;

(5) The subject matter of the document;

(6) The basis upon which the privilege is claimed; and

(7) The paragraph of these Interrogatories to which said documents respond.

## REQUESTS FOR ADMISSION

1. Please admit Plaintiff was injured after Defendant's vehicle collided with her vehicle on December 29, 2017 during the incident in question.

Response:

2. Please admit Defendant Christian Worley was an employee of Defendant Midnight at the time of the incident in question.

Response:

3. Please admit Defendant caused injury to Plaintiff on or about December 29, 2017.

Response:

4. Please admit Defendant was not following all applicable federal, state, and local regulations concerning the operation of his vehicle during and immediately prior to the incident in question.

Response:

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000007 of 000022

5. Please admit Defendant Christian Worley was not following all applicable federal, state, and local regulations concerning the operation of his vehicle during and immediately prior to the incident in question.

   Response:

6. Please admit Defendant Christian Worley was not following all applicable policies and procedures of Defendant Midnight during and immediately prior to the incident in question.

   Response:

7. Please admit Defendant Christian Worley was blood/urine/hair tested following the incident in question.

   Response:

8. Please admit Defendant Christian Worley was not properly operating the vehicle he was driving during the incident in question.

   Response:

9. Please admit Defendant Christian Worley was using his phone (including but not limited to, viewing the screen, talking, texting, typing, searching the internet, and/or any interfacing with his telecommunications device in any manner whatsoever) immediately prior to the incident in question.

   Response:

10. Please admit Defendant Christian Worley was using his phone (including but not limited to, viewing the screen, talking, texting, typing, searching the internet, and/or any interfacing with his telecommunications device in any manner whatsoever) at the time of the incident in question.

   Response:

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000008 of 000022

11. Admit Defendant's vehicle, involved in the incident in question, was repaired prior to inspection by Plaintiff and/or Plaintiff's representative(s).

    Response:

12. Admit Defendant's vehicle involved in the incident in question was placed back into service prior to being inspected by Plaintiff and/or Plaintiff's representative(s).

    Response:

## INTERROGATORIES

**INTERROGATORY NO. 1**: State the name, address, and title of all persons answering or assisting in any way in responding to these discovery requests.

**ANSWER:**

**INTERROGATORY NO. 2:** Identify each individual known to Defendant (including, but not limited to, Defendant's attorney) to be a witness to any of the events involved in this action, including without limitation any and all persons who have knowledge of the facts about the claim presented by the Plaintiff, or events leading up to the incident or following the incident.

**ANSWER:**

**INTERROGATORY NO. 3:** If you contend that the conduct of any persons, firms or entities, including Plaintiff or her family, in any way caused or contributed to cause the occurrence in question or the injuries to Plaintiff, set forth as fully and completely as possible each such act, identifying fully each such person or entity with the information requested and stating how each such person or entity caused or contributed to cause the occurrence in question and upon what you base your contention that these were the causes of Plaintiff's injuries.

**ANSWER:**

Presiding Judge: HON. MARY SHAW (653277)

RPD : 000009 of 000022

**INTERROGATORY NO. 4:** List the name, address, phone number, and a short summary testimony of each witness you intend to call at the trial of this matter.

**ANSWER:**

**INTERROGATORY NO. 5:** Provide the following information for each policy of insurance which may cover the injury in question:

a. the type and the amount of coverage;

b. The property the policy covers;

c. the name and address of the insurance company;

d. the name, address, and telephone number of each named insured;

e. the policy number and the policy period;

f. the limits of coverage for each type of coverage contained in the policy;

g. whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company, and, if so, what it is;

h. the name, address, and telephone number of the custodian of the policy;

i. identify the agent handling the claim;

j. identify the individual(s) having full authority to settle this claim.

k. state the nature, date, result, reason for, and claim number for any claim made under said policy; and

l. state if there is declining coverage.

**ANSWER:**

**INTERROGATORY NO. 6:** Identify each person whom you intend to call as an expert witness at trial and please provide all information required under CR 26.02, as well as:

a) a list of all cases reviewed by said individual in the last five (5) years, including the case style, facts, lawyers and/or agencies and/or companies associated with each case;

Presiding Judge: HON. MARY SHAW (630277)

IRPD : 000010 of 000022

b) the percentage of cases reviewed by said individual that were for plaintiffs and for defendants, when said individual reviewed his first case for purposes of litigation and why he reviewed said case or cases;

c) the average number of cases said individual reviews in a given year;

d) whether said individual advertises his or her services;

e) list any articles, books, text books, written in whole or in part by said individual, and any books, periodicals, textbooks in said individuals library and or office; include any medical-related publications and/or periodicals subscribed to by said individual and the length of time for which said individual has had said subscriptions;

f) has said individual's testimony or opinion ever been challenged, e.g. Daubert hearings, briefs from a medical association, etc;

g) has said individual ever been involved in any other litigation, and the name(s) and nature of said litigation.

**ANSWER:**

**INTERROGATORY NO. 7:** List the title, date and publication of each document, article, exhibit, report, paper, treatise, journal, abstract, statistic, literature, book, textbook, videotape, film or other material of any nature whatsoever, which Defendant, Defendant's attorney(s) and/or any expert identified in answer to interrogatory number eight (8) will use or rely upon at the trial of this action.

**ANSWER:**

**INTERROGATORY NO. 8:** Has Defendant ever been charged with, convicted of, or plead guilty to a violation of any law, statute, ordinance, rule or regulation? State the nature of the violation, the date of the charge, conviction or plea, the name and address of the court, including number, street, city and state, the name of each lawyer that represented you, and the

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000011 of 000022

disposition of the charge, including any plea conditions or conditions for dismissal.

**ANSWER:**

**INTERROGATORY NO. 9**: Please describe in detail any and all repairs in the last five years that have been undertaken on the vehicle involved in the incident in question.

**ANSWER:**

**INTERROGATORY NO. 10:** Please list all citations, violations of statute, violations of regulation, or violations of safety rules/policies/procedures received and/or incurred by Defendant within the last(15) fifteen years.

**ANSWER:**

**INTERROGATORY NO. 11:** Please list all companies, individuals and/or independent contractors responsible for any maintenance of any of Defendant's vehicles including, but not limited to, the vehicle involved in the incident in question.

**ANSWER:**

**INTERROGATORY NO. 12:** Has a legal claim ever been made against Defendant and/or has Defendant ever been sued? If the answer is in the affirmative, provide the requested information in the definitions and instructions.

**ANSWER:**

**INTERROGATORY NO. 13:** Please identity all polices and procedures concerning the vehicle involved in the incident in question. If you have any written policies please produce them.

**ANSWER:**

**INTERROGATORY NO. 14**: Please give a concise statement of facts as to how you contend the motor vehicle collision involving Plaintiff as well Plaintiff's injuries took place.

**ANSWER:**

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000012 of 000022

**INTERROGATORY NO. 15**: If you (including any agent of yours) and the Plaintiff had any conversation after the injury, please state the substance of any such conversation.

**ANSWER:**

**INTERROGATORY NO. 16:** Please describe all non-privileged communications you have had regarding this lawsuit, the event underlying it and/or subsequent remedial measures.

**ANSWER:**

**INTERROGATORY NO. 17:** Please identify all roadside assistance programs Defendant is or has had any involvement with within the past 10 years.

**ANSWER:**

**INTERROGATORY NO. 18:** Please describe why Defendant's vehicle was on the road at the time of the incident in question including, but not limited to, when Defendant's vehicle was dispatched, by whom, the location to which it was directed and its intended destination prior to the incident in question.

**ANSWER:**

**INTERROGATORY NO. 19:** Please describe the chain of command at Defendant's business including, but not limited to, the immediate boss or supervisor of Defendant Christian Worley.

**ANSWER:**

**INTERROGATORY NO. 20:** Identify and, where applicable, produce documents regarding the following information concerning the vehicle being operated by Defendant Christian Worley at the time of the incident in question:

A. Make

B. Model

C. Year purchased

Presiding Judge: HON. MARY SHAW (630277)

IRPO . 000013 of 000022

D. Year Manufactured

E. Maintenance log

**ANSWER:**

**INTERROGATORY NO. 21:** Please identify the person or entity who owned the vehicle that was being operated by Defendant Christian Worley immediately before the incident in question.

**ANSWER:**

**INTERROGATORY NO. 22:** Identify the person or persons most knowledgeable on the following topics related to the vehicle involved in the incident in question:

A. Maintenance

B. Local, state, federal violations received

C. Vehicle operation training including any federal, state, or locally required training

D. Inspections

E. Purchase

F. Storage

G. Fleet Safety

H. Any and all repairs and/or modifications made to vehicle proceeding the incident in question

I. Photos, videos, and/or any and all recordings made of vehicle proceeding the incident in question.

J. Any and all repairs and/or modifications made to vehicle subsequent to incident in question

K. Photos, videos, and/or any and all recordings made of vehicle subsequent to incident in question.

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000014 of 000022

L. Any and all engine data downloads

M. Safety record of Defendant including, but not limited to, all safety inspections and evaluations made by government entities.

**ANSWER:**

**INTERROGATORY NO. 23:** Identify all people present and witnessing the incident in question or its aftermath.

**ANSWER:**

**INTERROGATORY NO. 24:** Identify all business assets of Defendant, including, but not limited to, vehicles, buildings, land, equipment, contracts, securities, intellectual property, and judgments.

**ANSWER:**

**INTERROGATORY NO. 25:** Identify anything Defendant was doing at the time of the incident in question which violated Federal, State, or local regulations or Defendant's own policies and procedures.

**ANSWER:**

**INTERROGATORY NO. 26:** Identify anything Defendant Christian Worley was doing at the time of the incident in question which violated Federal, State, or local regulations or Defendant's own policies and procedures.

**ANSWER:**

**INTERROGATORY NO. 27:** Please state the results of any impairment testing done on Defendant Christian Worley.

**ANSWER:**

**INTERROGATORY NO. 28:** Please identity all employees working at the time of incident in question.

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000015 of 000022

**ANSWER:**

**INTERROGATORY NO. 29:** Identify whether any entity with which Defendant has a contractual relationship ever did an inspection of Defendant's facility and substance of said inspection and the results of said inspection.

**ANSWER:**

**INTERROGATORY NO. 30:** Identify all payments and/or compensation received as a result of any runs, dispatches, service calls, etc. earned on December 29, 2017, involving Defendant's vehicle involved in the incident in question.

**ANSWER:**

**INTERROGATORY NO. 31:** Identify all payments and/or compensation received as a result of any runs, dispatches, service calls, etc. earned on December 29, 2017, involving Defendant Worley.

**ANSWER:**

**REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:** All documents identified, directly or indirectly, in your answers to Interrogatories.

**RESPONSE:**

**REQUEST NO. 2:** All written, recorded, or signed statements of any party, including the Plaintiff, Defendant, witnesses, investigators, or agent, representative or employee of the parties concerning the subject matter of this action.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

RPD 000016 of 000022

**REQUEST NO. 3:** Produce a current, legible curriculum vitae of each expert witness who may testify in the trial of this action. Please have each expert witness denote on the CV produced any article(s), abstract(s), treatise(s), study(ies) or any other material listed, which he/she believes is relevant to the subject case.

**RESPONSE:**

**REQUEST NO. 4:** Please produce all photos or videos of the Plaintiff and/or the incident in question.

**RESPONSE:**

**REQUEST NO. 5:** Please produce all photos, measurements, videos, etc. of the location of the incident in question.

**RESPONSE:**

**REQUEST NO. 6:** Please produce all records/documents related to code, statute, safety, or regulation violations/citations directed to, levied against and/or received by Defendant within the past fifteen years.

**RESPONSE:**

**REQUEST NO. 7:** Please produce all contracts between Defendant and any individual, independent contractor and/or employee responsible for operating any of Defendant's vehicles.

**RESPONSE:**

**REQUEST NO. 8:** Please produce all documents related to any policy or procedure in place for operating Defendant's vehicles.

**RESPONSE:**

**REQUEST NO. 9:** Please produce any non-privileged communications between Defendant and anyone else regarding this lawsuit, the event underlying it or subsequent remedial measures.

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000017 of 000022

**RESPONSE:**

**REQUEST NO. 10:** Please produce any training manuals regarding the vehicle that was involved in the incident in question.

**RESPONSE:**

**REQUEST NO. 11:** Please produce any and all shift logs for all employees working during the incident in question.

**RESPONSE:**

**REQUEST NO. 12:** Please produce any and all time cards for employees working during the incident in question.

**RESPONSE:**

**REQUEST NO. 13:** Please produce any and all documents describing the staffing of Defendant.

**RESPONSE:**

**REQUEST NO. 14:** Please produce any and all documents describing the chain of command of Defendant.

**RESPONSE:**

**REQUEST NO. 15:** Please produce Defendant Christian Worley's employee file, Driver's qualification file, tracking information, and sudden stop reports.

**RESPONSE:**

**REQUEST NO. 16:** Please produce any and all documents resulting from any governmental entities inspection of the Defendant's business including, but not limited to, vehicles and equipment.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000018 of 000022

Filed 18-CI-00362 06/22/2018 David L. Nichols Jefferson Circuit Clerk

**REQUEST NO. 17:** Please produce any and all documents resulting from any OSHA inspection of Defendant.

**RESPONSE:**

**REQUEST NO. 18:** Please produce any and all documents evidencing repairs, maintenance and/or modifications made to Defendant's vehicle involved in the incident in question.

**RESPONSE:**

**REQUEST NO. 19:** Please produce Defendant Christian Worley's CDL and all other licenses or certificates held by Defendant Christian Worley.

**RESPONSE:**

**REQUEST NO. 20**: Please produce all documents evidencing any and all contracts, agreements, relationships, conditions or requirements for a continued relationship or involvement between Defendant and any roadside assistance provider/ program(s).

**RESPONSE:**

**REQUEST NO. 21:** Produce all documents evidencing any and all agreements, contracts, relationships, conditions or requirements for a continued relationship or involvement whatsoever between Defendant and GEICO including, but not limited to, GEICO Roadside Assistance, and/or Berkshire Hathaway.

**RESPONSE:**

**REQUEST NO. 22:** Produce all documents evidencing polices, procedures, protocols, and/or any written or documented routine whatsoever concerning:

(A) Maintenance of vehicles

(B) Accidents

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000019 of 000022

Filed 18-CI-003622 06/22/2018 David L. Nicholson, Jefferson Circuit Clerk

(C) Dispatching of Defendant's vehicles

(D) Roadside assistance programs

(E) Safety training

(F) Employee background checks

(G) Compliance with government regulations

(H) Storage of vehicles

(I) Drug testing

(J) Competency testing/ evaluation of employees

(K) Call logs

(L) Driver logs

(M) Shift logs

(N) Vehicle signage

(O) Bookkeeping

(P) Accident reporting

(Q) Collisions

(R) Traffic violations

(S) Vehicle citations

(T) OSHA

(U) Cellular and mobile devices

(V) Vehicle tracking

(W) Engine data recovery

(X) Out of service designations

(Y) Employee out of pocket reimbursements

(Z) Service run documentation

Presiding Judge: HON. MARY SHAW (630277)

RPC 000020 of 000022

**RESPONSE:**

**REQUEST NO. 23:** Please produce any and all recordings evidencing anything to do with the incident in question including, but not limited to, the dispatch of the vehicle involved in the incident in question and any and all calls or communications involving Defendant on December 29, 2017.

**RESPONSE:**

**REQUEST NO. 24:** Please produce all documents related to any and all inspections of Defendant's facility performed by any entity with which is maintains a contractual relationship.

**RESPONSE:**

**REQUEST NO. 25:** Produce each and every policy of insurance that may cover any Defendant for acts and omissions pled in Plaintiff's Complaint.

**RESPONSE:**

**REQUEST NO. 26:** Produce all drug test results for Christian Worley in the possession of the Defendant, including, but not limited to, all documented refusals.

**RESPONSE:**

**REQUEST NO. 27:** Produce data regarding any collision mitigation system installed on Defendant's vehicle involved in the incident in question, as well as all other vehicles owned by Defendant.

**RESPONSE:**

**REQUEST NO. 28:** Produce Defendant's employee handbook.

**RESPONSE:**

**REQUEST NO. 29:** Produce all vehicle inspection reports for Defendant's vehicle involved in the incident in question.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

IRPD : 000021 of 000022

**REQUEST NO. 30:** Produce documentation of any disciplinary actions taken against Christian Worley.

**RESPONSE:**

Respectfully Submitted,

/s/ Jacob Levy
Mark K. Gray
Matthew L. White
Jacob E. Levy
Gray & White
713 E. Market St. #200
Louisville, KY 40202

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 22nd day of June, 2018, the forgoing was served as an exhibit to the Complaint to be served with the Complaint.

/s/ Jacob Levy
Gray & White

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000022 of 000022

CIVIL ACTION NO.

JEFFERSON CIRCUIT COURT
DIVISION ____________
HON. ____________________

JILIANNE WARNER PLAINTIFF

v. **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO ANGELA DOWNES**

MIDNIGHT RECOVERY, INC. et al. DEFENDANTS

*********************************

Comes the Plaintiff, Jilianne Warner, by and through undersigned counsel and propounds upon the Defendant, Angela Downes, the following First Set of Interrogatories and Requests for Production of Documents. Unless a shorter time for compliance is ordered by the Court, your Answers to these Interrogatories and Requests are due within thirty (30) days after the date of service of these requests.

These Interrogatories and Request for Production of Documents shall be deemed continuing, and supplemental answers and production shall be required of you pursuant to CR 26.05 if you or your counsel directly or indirectly obtain further information of the nature sought herein after the time the answers are served and the documents are produced.

**DEFINITIONS AND INSTRUCTIONS**

A. In answering the following interrogatories, the following instructions apply:

(1) Answer each interrogatory separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection must be stated in lieu of answer.

(2) An evasive or incomplete answer is deemed to be a failure to answer under Rule 37.01(c).

(3) You are under a continuing duty to seasonably supplement your response with

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000001 of 000018

respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, and the identity of each person expected to be called as an expert witness at trial and the subject matter on which he is expected to testify. Furthermore you are under a similar duty to supplement your response with respect to any question to which additional information is later discovered or to which later information becomes relevant. Additionally, you are under a duty to correct any incorrect response when you later learn that it is incorrect.

B. When used in these Interrogatories and Requests, the following terms shall have the following meanings:

(1) **"Agent"** means any individual or person who has by mutual consent, whether formally or informally, expressly, impliedly, or inherently, undertaken to act on your behalf, including, but not limited to, your employees, independent contractors, attorneys, their agents and employees, and insurance company, its agents and employees;

(2) **"Any"** shall also mean "all" and vice versa;

(3) **"Claim"** means a demand or assertion, whether oral or written, formal or informal, by any person for monetary payment, the undertaking of action, the cessation of action, redress, remedy, restoration or compensation;

(4) **"Custodian"** refers to the person or individual having possession, custody or control of any writing, record or physical evidence;

(5) **"Defendant"** means Angela Downes;

(6) **"Document"** means any kind of written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither,

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000002 of 000018

including, but not limited to, originals, copies and drafts and both sides thereof, and including but not limited to: papers, books, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, drawings, blueprints, and tape recordings of any type or size, and recordings of telephone or other conversations, or of interviews, conferences, or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical reports, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output, microfilms, and all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, however denominated;

(7) **"Individual"** means a person, his/her agents and employees, including, but not limited to, his/her attorney, their agents and employees, investigators, their agents and employees, insurance company, their agents and employees and anyone else acting on behalf of the individual or his/her said agents and employees;

(8) **"In the last ten years"** refers to the time period of ten (10) years immediately preceding the period in question;

(9) **"Medical license"** shall mean any regular license, limited license, fellowship training license, provisional permit, and temporary permit;

(10) **"Occurrence"** refers to the events, acts, omissions that occurred on December 29, 2017 relating to a motor vehicle wreck involving Jilianne Warner and the resulting emergency response;

(11) **"Or"** means "and/or;" also, the word **"and"** means "and/or."

Presiding Judge: HON. MARY SHAW (630277)

IRPC : 000003 of 000018

(12) **"Oral communication"** means both telephone and face-to-face communication;

(13) "**Period in question**" refers to the time period dating from December 29, 2017 through the date of service of these Interrogatories and Requests;

(14) **"Person"** means a natural person, corporation, association, partnership, sole proprietorship, or public entity and every other type of organizations or entity;

(15) **"Relating to"** means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or actual connection with the matter discussed;

(16) **"Statement or Recorded Interview"** means any written or oral communication, formal or informal, with any person or individual, including, but not limited to, video recordings, electronic recordings, sound recordings, transcriptions, written recordings, notes, affidavits, memoranda, or other documents;

(17) **"Writing"** means any and all handwritten material, typewritten material, printed material, photocopies, photographs, and every other means of recording upon any tangible thing, including but not limited to, electronic mediums, together with any form of communication or other representation, which would constitute a writing within the meaning of the KRE 1001;

(18) **"Written communication"** means, without limitation, correspondence, letters, and telegrams whether received or not;

(19) **"You," "Your" and "yourself"** refer to the party to whom to the following requests are addressed and includes your agents, employees, insurance company, their agents and employees, your attorneys, their agents and employees, investigators and anyone

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000004 of 000018

else acting on your or their behalf.

C. **"Identify"** means:

1. In regards to any individual or person, it is intended that the answer will state the following information with respect to each such individual:

(a) His or her full name;

(b) Current home address and telephone number;

(c) Current business address, telephone number, and company affiliation;

(d) Immediate past business address, company affiliation, job title and job description;

(e) Current or other relevant employment classification or job title and job description;

(f) His or her social security number; and

(g) His or her education and/or certification, including dates of that education and/or certification and any person or entity providing such education and/or certification.

2. In regards to any document or writing mentioned, referred to, or utilized in the answers to the following interrogatories, provide in your answer a statement of:

(a) its nature, i.e., contract, memorandum, report, recording, transcription, etc.;

(b) its title, if any;

(c) the date it was prepared;

(d) the identity of each person who prepared it, participated in its preparation and/or signed it;

(e) who each of the persons referred to in (d) purported to represent;

(f) its subject matter; and

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000005 of 000018

(g) the name and last known address of the person who presently has custody of it.

3. In regards to any "written communication" mentioned, referred to, or utilized in the answers to the following interrogatories, provide in your answer a statement of:

(a) its nature, i.e., letter, memorandum, etc.;

(b) the date it was signed or sent;

(c) the date it was received;

(d) the identity of the person to whom it was sent;

(e) the identity of any person sent a copy;

(f) who each such person purported to represent;

(g) the subject matter of the communication;

(h) the name and last known address of the person who presently has custody of it.

4. In regards to any "oral communication" mentioned or referred to in the answer, a statement of

(a) the persons or individuals involved;

(b) the date on which it occurred;

(c) where it occurred or if a telephone conversation, the place at which each person involved was located;

(d) what was said by each person involved.

5. In regards to any claim, case or suit referred to, mentioned, or utilized in answering the following interrogatories:

(a) the date the claim or the suit was made;

(b) the forum and/or the court in which the claim/suit was made, including address;

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000006 of 000018

(c) the claim or case number;

(d) the nature of the claim or controversy;

(e) the ultimate resolution of the claim/suit;

(f) the name of the insurance company and claims representative and/or attorney who represented you and his/her firm at the time the claim, case or suit was initiated; and

(g) the name of the entity(ies) who brought the claim or filed the suit; and

(h) the parties involved.

D. If any document is withheld under a claim of privilege, furnish a list, which identifies each document for which a privilege is claimed, including the following information:

(1) The date of the document;

(2) The sender;

(3) The recipient;

(4) The person to whom copies were furnished along with his job title and position;

(5) The subject matter of the document;

(6) The basis upon which the privilege is claimed; and

(7) The paragraph of these Interrogatories to which said documents respond.

**INTERROGATORIES**

1. Identify by name, address, employer and job title each and every individual that responded or aided in responding to these Interrogatories.

**RESPONSE:**

2. Is there any policy of insurance through which Defendant or any of Defendant's agents, or employees might be insured in any manner for the damages, claims or actions that

Presiding Judge: HON. MARY SHAW (630277)

IRPD : 000007 of 000018

have arisen out of the claim brought in this lawsuit? If more than one policy, provide the following information for each policy:

a. the type and the amount of coverage;

b. the name and address of the insurance company;

c. the name, address, and telephone number of each named insured;

d. the policy number and the policy period;

e. the limits of coverage for each type of coverage contained in the policy;

f. whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company, and, if so, what it is;

g. the name, address, and telephone number of the custodian of the policy;

h. the amount of the deductible for each policy, if applicable;

i. is the deductible cumulative or individual;

j. Are there any additional types of insurance, including, but not limited to, an umbrella insurance policy that may be applicable to this lawsuit? If so, please state the name and address of the insurance company, along with the policy number and policy limits;

k. what is the deductible/self-retained coverage;

l. identify the agent handling the claim;

m. identify the individual(s) having full authority to settle this claim.

n. state the nature, date, result, reason for, and claim number for any claim made under said policy; and

o. state if there is declining coverage.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000008 of 000018

3. Identify by name, address and phone number each and every individual employee and/or agent of Louisville Emergency Services and/or Louisville Emergency Services and/or MetroSafe 911 that responded to any call regarding Jilianne Warner during or after the occurrence in question.

**RESPONSE:**

4. With respect to each individual employee, servant and/or agent identified in your response to Interrogatory number three (3), state whether he or she is currently employed with Louisville Emergency Services and/or MetroSafe 911.

**RESPONSE:**

5. Was an investigation conducted or an incident report, occurrence report, sentinel event report, inter-office communiqué, root cause analysis, peer review documents, anecdotal note, verbal communication or any other report prepared and/or made concerning the response to the emergency call concerning Jilianne Warner? If so, state the following:

a. the name, address, and title of the person conducting said investigation or preparing such report, inter-office communiqué, anecdotal note or verbal communication;

b. the date the investigation, report, inter-office communiqué, anecdotal note or verbal communication was conducted or made;

c. the substance of the investigation, report, inter-office communiqué, anecdotal note or verbal communication;

d. the name, address, and title of the person having custody of such report, inter-office communiqué, anecdotal note or verbal communication; and

e. to whom the report, inter-office communiqué, anecdotal note or verbal communication was made.

Presiding Judge: HON. MARY SHAW (630277)

IRPD : 000009 of 000018

**RESPONSE:**

6. Identify and describe with specificity each and every complaint whether written or verbal received by Louisville Emergency Services and/or MetroSafe 911 from any source which in any way concerns or relates to Louisville Emergency Services and/or MetroSafe 911 and/or its agents, servants and/or employees' failure to adequately respond to calls, and/or supervise Louisville Emergency Services and/or MetroSafe 911 employees.

**RESPONSE:**

7. Identify all Louisville Emergency Services and/or MetroSafe 911 employees who received any form of discipline or adverse employment action as a result of the occurrence in question.

**RESPONSE:**

8. Identify by name, address and telephone number each and every witness Defendant expects to call at the trial of this case.

**RESPONSE:**

9. State each and every fact that Defendant contends supports each and every defense asserted in its Answer to Plaintiff's Complaint.

**RESPONSE:**

10. State whether any Defendant contends that they are not named properly in Plaintiff's Complaint or that the correct party is not named in Plaintiff's Complaint for Damages. If Defendant so contends, state with specificity how the Defendant(s) should be named and/or state with specificity the identities of any individuals or entities that Defendant contends should be named in Plaintiff's Complaint for Damages for acts and/or omissions complained of therein.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000010 of 000018

11. Identify each person whom you intend to call as an expert witness at trial and please provide all information required under CR 26.02, as well as:

a) a list of all cases reviewed by said individual in the last five (5) years, including the case style, facts, lawyers and/or agencies and/or companies associated with each case;

b) the percentage of cases reviewed by said individual that were for plaintiffs and for defendants, when said individual reviewed his first case for purposes of litigation and why he reviewed said case or cases;

c) the average number of cases said individual reviews in a given year;

d) whether said individual advertises his or her services;

e) list any articles, books, text books, written in whole or in part by said individual, and any books, periodicals, textbooks in said individuals library and or office; include any medical-related publications and/or periodicals subscribed to by said individual and the length of time for which said individual has had said subscriptions;

f) has said individual's testimony or opinion ever been challenged, e.g. Daubert hearings, briefs from a medical association, etc;

g) has said individual ever been involved in any other litigation, and the name(s) and nature of said litigation.

**RESPONSE:**

12. List the title, date and publication of each document, article, exhibit, report, paper, treatise, journal, abstract, statistic, literature, book, textbook, videotape, film or other material of any nature whatsoever, which Defendant, Defendant's attorney(s) and/or any expert identified in answer to interrogatory number eleven (11) will use or rely upon at the trial of this action.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

NPD : 000011 of 000018

Filed 18-CI-003622 06/22/2018 David L. Nicholson, Jefferson Circuit Clerk

13. Please list all individuals who responded and/or supervised the response in any way to an emergency event involving Plaintiff during the occurrence in question who were not employees and/or agents of Louisville Emergency Services and/or MetroSafe 911.

**RESPONSE:**

**REQUESTS FOR PRODUCTION**

1. Produce a copy of all medical records of Jilianne Warner in the possession of Defendant that were created by any other healthcare provider or obtained on behalf of Defendant or by its lawyers or other representatives.

**RESPONSE:**

2. Produce any and all business records of Louisville Emergency Services and/or MetroSafe 911 which in any way concern or relate to Jilianne Warner.

**RESPONSE:**

3. Produce any and all statements of witnesses that in any way concern the response to the occurrence in question. If some statements are held under a claim of privilege please state this and produce all responsive non-privileged documents as well as a privilege log for all claimed privileged statements.

**RESPONSE:**

4. Produce any and all documents generated or created by any expert consulted by any Defendant in connection with this lawsuit.

**RESPONSE:**

5. Produce any and all documents which in any way evidence each and every complaint whether written or verbal received by Louisville Emergency Services and/or MetroSafe 911 from any source which in any way concerns or relates to Defendants' failure to

Presiding Judge: HON. MARY SHAW (630277)

IPPD : 000012 of 000018

Filed 18-CI-003622 06/22/2018 David L. Nicholson, Jefferson Circuit Clerk

adequately respond to calls, and/or supervise Louisville Emergency Services and/or MetroSafe 911's employees.

**RESPONSE:**

6. Produce any and all documents that in any way relate to or concern Louisville Emergency Services and/or MetroSafe 911's policies, procedures and protocols that were in effect on the date of the occurrence in question and for one (1) year preceding the occurrence, regarding emergency response, including, but not limited to the following:

a. Handling calls;

b. Dispatching emergency services;

c. Prioritizing calls or responses;

d. Training;

e. Orientation;

f. Reprimands;

g. Classification of calls;

h. Reporting improperly logged calls;

i. Competency assessments/evaluations;

j. Record keeping;

k. Staffing;

l. Information to be gathered during a call;

m. Oversight/monitoring of calls;

n. Standardized forms

o. Documentation used during and after calls

p. Continuing education requirements;

Presiding Judge: HON. MARY SHAW (630277)

IRPO : 000013 of 000018

q. Job requirements;

r. Supervision of calls;

s. Job descriptions;

t. Incident reporting

**RESPONSE:**

7. Produce any and all documents including training manuals, textbooks, videotapes, audio-tapes and any other documents or things that in any way relate to or concern the training of Louisville Emergency Services and/or MetroSafe 911's personnel during the occurrence in questions and for one (1) year preceding the occurrence.

**RESPONSE:**

8. Produce any and all notes, minutes, transcripts or any other written record of meetings of any team, committee, or group that in any way concerns, pertains to or relates to reviewing Louisville Emergency Services and/or MetroSafe 911's response to calls/emergencies, generally, and the response to the occurrence in question, specifically.

**RESPONSE:**

9. Produce any and all documents of any nature whatsoever relating to any investigation conducted or any incident report, occurrence report, sentinel event report, inter-office communiqué, peer-review documents, anecdotal note or verbal communication prepared concerning Defendant and/or Louisville Emergency Services and/or MetroSafe 911's response to the occurrence in question.

**RESPONSE:**

10. Produce any and all complaints or concerns including, but not limited to, complaints or concerns made by Louisville Emergency Services and/or MetroSafe 911's agents,

Presiding Judge: HON. MARY SHAW (630277)

IRPO : 000014 of 000018

Filed 18-CI-003622 06/22/2018 David L. Nicholson, Jefferson Circuit Clerk

servants and/or employees concerning Louisville Emergency Services and/or MetroSafe 911's staffing levels, response times, and response classification/prioritization, for one year preceding the occurrence in question to the present.

**RESPONSE:**

11. Produce the personnel file for Angela Downs.

**RESPONSE:**

12. Produce the job descriptions for Angela Downs for her job on the date of the occurrence in question as well as her current position.

**RESPONSE:**

13. Produce any and all documents that evidence any agreement for indemnity between any of the Defendants and/or any Defendant and/or Louisville Emergency Services and/or MetroSafe 911 and any third party against any lawsuit, proceeding, complaint, grievance or claim of any kind whatever.

**RESPONSE:**

14. Produce each and every policy of insurance that may cover any Defendant for acts and omissions pled in Plaintiff's Complaint.

**RESPONSE:**

15. Produce the financial budget and profit/loss statements of Louisville Emergency Services and/or MetroSafe 911 for the calendar and fiscal periods of 2014-2018.

**RESPONSE:**

16. Produce the staffing budget of Louisville Emergency Services and/or MetroSafe 911 for the calendar and fiscal periods of 2014-2018.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000015 of 000018

Filed 18-CI-003622 06/22/2018 David L. Nicholson, Jefferson Circuit Clerk

Filed 18-CI-003622 06/22/2018 David L. Nicholson, Jefferson Circuit Clerk

17. Produce all documents and tangible things reviewed, referenced, or utilized in preparation of or containing information referenced in your answers to the Interrogatories propounded to you herein.

**RESPONSE:**

18. Produce a current, legible curriculum vitae of each expert witness who may testify in the trial of this action. Please have each expert witness denote on the CV produced any article(s), abstract(s), treatise(s), study(ies) or any other material listed, which he/she believes is relevant to the subject case.

**RESPONSE:**

19. Produce copies or a list of each document, report, paper, article, treatise, abstract, book, textbook, statistic, literature, videotape, film or other material of any nature whatsoever, upon which Defendant, Defendant's attorney(s) or any of Defendant's expert witnesses, will base his or her opinion on or will rely upon or use at the trial of this action.

**RESPONSE:**

20. Produce a privilege log for all documents held under claim of privilege.

**RESPONSE:**

21. Produce all standardized forms utilized by Louisville Emergency Services and/or MetroSafe 911 in responding, categorizing, and prioritizing calls received.

**RESPONSE:**

22. Produce any and all standardized documentation utilized by Louisville Emergency Services and/or MetroSafe 911 during and/or after calls are received.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000016 of 000018

Filed 18-CI-003622 06/22/2018 David L. Nicholson, Jefferson Circuit Clerk

23. Produce any and all documentation evidencing any and all continuing education requirements of Louisville Emergency Services and/or MetroSafe 911.

**RESPONSE:**

24. Produce any and all documentation related to Defendant's Louisville Emergency Services and/or MetroSafe 911 job requirements.

**RESPONSE:**

25. All documentation in any format whatsoever concerning all calls related to Jilianne Warner and/or the occurrence at issue on December 29, 2017.

**RESPONSE:**

26. Produce all documentation evidencing any and all completed training of Defendant in emergency response, any other skills utilized during employment with Louisville Emergency Services and/or MetroSafe 911, and/or any training required to be completed by Louisville Emergency Services and/or MetroSafe 911 employees.

**RESPONSE:**

Respectfully Submitted,

/s/ Jacob E. Levy

Mark K. Gray
Matthew L. White
Jacob E. Levy
Gray & White
713 E. Market St.
Suite 200
Louisville, Kentucky 40202
*Counsel for Plaintiffs*

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000017 of 000018

Filed 18-CI-00362 06/22/2018 David L. Nichols Jefferson Circuit Clerk

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 22nd day of June, 2018, the forgoing was served as an exhibit to the Complaint to be served with the Complaint.

/s/ Jacob Levy
Gray & White

Presiding Judge: HON. MARY SHAW (630277)

IRPD : 000018 of 000018

Filed 18-CI-003622 06/22/2018 18 David L. Nicholson, Jefferson Circuit Clerk

CIVIL ACTION NO.

JEFFERSON CIRCUIT COURT
DIVISION ____________
HON. ________________

JILIANNE WARNER PLAINTIFF

v.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO COURTNEY WILDER**

MIDNIGHT RECOVERY, INC. et al. DEFENDANTS

***********************************

Comes the Plaintiff, Jilianne Warner, by and through undersigned counsel and propounds upon the Defendant, Courtney Wilder, the following First Set of Interrogatories and Requests for Production of Documents. Unless a shorter time for compliance is ordered by the Court, your Answers to these Interrogatories and Requests are due within thirty (30) days after the date of service of these requests.

These Interrogatories and Request for Production of Documents shall be deemed continuing, and supplemental answers and production shall be required of you pursuant to CR 26.05 if you or your counsel directly or indirectly obtain further information of the nature sought herein after the time the answers are served and the documents are produced.

**DEFINITIONS AND INSTRUCTIONS**

A. In answering the following interrogatories, the following instructions apply:

(1) Answer each interrogatory separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection must be stated in lieu of answer.

(2) An evasive or incomplete answer is deemed to be a failure to answer under Rule 37.01(c).

(3) You are under a continuing duty to seasonably supplement your response with

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000001 of 000018

respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, and the identity of each person expected to be called as an expert witness at trial and the subject matter on which he is expected to testify. Furthermore you are under a similar duty to supplement your response with respect to any question to which additional information is later discovered or to which later information becomes relevant. Additionally, you are under a duty to correct any incorrect response when you later learn that it is incorrect.

B. When used in these Interrogatories and Requests, the following terms shall have the following meanings:

(1) **"Agent"** means any individual or person who has by mutual consent, whether formally or informally, expressly, impliedly, or inherently, undertaken to act on your behalf, including, but not limited to, your employees, independent contractors, attorneys, their agents and employees, and insurance company, its agents and employees;

(2) **"Any"** shall also mean "all" and vice versa;

(3) **"Claim"** means a demand or assertion, whether oral or written, formal or informal, by any person for monetary payment, the undertaking of action, the cessation of action, redress, remedy, restoration or compensation;

(4) **"Custodian"** refers to the person or individual having possession, custody or control of any writing, record or physical evidence;

(5) "**Defendant"** means Courtney Wilder;

(6) **"Document"** means any kind of written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither,

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000002 of 000018

including, but not limited to, originals, copies and drafts and both sides thereof, and including but not limited to: papers, books, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, drawings, blueprints, and tape recordings of any type or size, and recordings of telephone or other conversations, or of interviews, conferences, or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical reports, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output, microfilms, and all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, however denominated;

(7) **"Individual"** means a person, his/her agents and employees, including, but not limited to, his/her attorney, their agents and employees, investigators, their agents and employees, insurance company, their agents and employees and anyone else acting on behalf of the individual or his/her said agents and employees;

(8) "**In the last ten years**" refers to the time period of ten (10) years immediately preceding the period in question;

(9) **"Medical license"** shall mean any regular license, limited license, fellowship training license, provisional permit, and temporary permit;

(10) **"Occurrence"** refers to the events, acts, omissions that occurred on December 29, 2017 relating to a motor vehicle wreck involving Jilianne Warner and the resulting emergency response;

(11) **"Or"** means "and/or;" also, the word **"and"** means "and/or."

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000003 of 000018

(12) **"Oral communication"** means both telephone and face-to-face communication;

(13) **"Period in question"** refers to the time period dating from December 29, 2017 through the date of service of these Interrogatories and Requests;

(14) **"Person"** means a natural person, corporation, association, partnership, sole proprietorship, or public entity and every other type of organizations or entity;

(15) **"Relating to"** means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or actual connection with the matter discussed;

(16) **"Statement or Recorded Interview"** means any written or oral communication, formal or informal, with any person or individual, including, but not limited to, video recordings, electronic recordings, sound recordings, transcriptions, written recordings, notes, affidavits, memoranda, or other documents;

(17) **"Writing"** means any and all handwritten material, typewritten material, printed material, photocopies, photographs, and every other means of recording upon any tangible thing, including but not limited to, electronic mediums, together with any form of communication or other representation, which would constitute a writing within the meaning of the KRE 1001;

(18) **"Written communication"** means, without limitation, correspondence, letters, and telegrams whether received or not;

(19) **"You," "Your" and "yourself"** refer to the party to whom to the following requests are addressed and includes your agents, employees, insurance company, their agents and employees, your attorneys, their agents and employees, investigators and anyone

Presiding Judge: HON. MARY SHAW (630277)

IRPD : 000004 of 000018

else acting on your or their behalf.

C. **"Identify"** means:

1. In regards to any individual or person, it is intended that the answer will state the following information with respect to each such individual:

(a) His or her full name;

(b) Current home address and telephone number;

(c) Current business address, telephone number, and company affiliation;

(d) Immediate past business address, company affiliation, job title and job description;

(e) Current or other relevant employment classification or job title and job description;

(f) His or her social security number; and

(g) His or her education and/or certification, including dates of that education and/or certification and any person or entity providing such education and/or certification.

2. In regards to any document or writing mentioned, referred to, or utilized in the answers to the following interrogatories, provide in your answer a statement of:

(a) its nature, i.e., contract, memorandum, report, recording, transcription, etc.;

(b) its title, if any;

(c) the date it was prepared;

(d) the identity of each person who prepared it, participated in its preparation and/or signed it;

(e) who each of the persons referred to in (d) purported to represent;

(f) its subject matter; and

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000005 of 000018

(g) the name and last known address of the person who presently has custody of it.

3. In regards to any "written communication" mentioned, referred to, or utilized in the answers to the following interrogatories, provide in your answer a statement of:

(a) its nature, i.e., letter, memorandum, etc.;

(b) the date it was signed or sent;

(c) the date it was received;

(d) the identity of the person to whom it was sent;

(e) the identity of any person sent a copy;

(f) who each such person purported to represent;

(g) the subject matter of the communication;

(h) the name and last known address of the person who presently has custody of it.

4. In regards to any "oral communication" mentioned or referred to in the answer, a statement of

(a) the persons or individuals involved;

(b) the date on which it occurred;

(c) where it occurred or if a telephone conversation, the place at which each person involved was located;

(d) what was said by each person involved.

5. In regards to any claim, case or suit referred to, mentioned, or utilized in answering the following interrogatories:

(a) the date the claim or the suit was made;

(b) the forum and/or the court in which the claim/suit was made, including address;

Presiding Judge: HON. MARY SHAW (630277)

IRPD : 000006 of 000018

(c) the claim or case number;

(d) the nature of the claim or controversy;

(e) the ultimate resolution of the claim/suit;

(f) the name of the insurance company and claims representative and/or attorney who represented you and his/her firm at the time the claim, case or suit was initiated; and

(g) the name of the entity(ies) who brought the claim or filed the suit; and

(h) the parties involved.

D. If any document is withheld under a claim of privilege, furnish a list, which identifies each document for which a privilege is claimed, including the following information:

(1) The date of the document;

(2) The sender;

(3) The recipient;

(4) The person to whom copies were furnished along with his job title and position;

(5) The subject matter of the document;

(6) The basis upon which the privilege is claimed; and

(7) The paragraph of these Interrogatories to which said documents respond.

## INTERROGATORIES

1. Identify by name, address, employer and job title each and every individual that responded or aided in responding to these Interrogatories.

**RESPONSE:**

2. Is there any policy of insurance through which Defendant or any of Defendant's agents, or employees might be insured in any manner for the damages, claims or actions that

Presiding Judge: HON. MARY SHAW (630277)

IRPD : 000007 of 000018

have arisen out of the claim brought in this lawsuit? If more than one policy, provide the following information for each policy:

a. the type and the amount of coverage;

b. the name and address of the insurance company;

c. the name, address, and telephone number of each named insured;

d. the policy number and the policy period;

e. the limits of coverage for each type of coverage contained in the policy;

f. whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company, and, if so, what it is;

g. the name, address, and telephone number of the custodian of the policy;

h. the amount of the deductible for each policy, if applicable;

i. is the deductible cumulative or individual;

j. Are there any additional types of insurance, including, but not limited to, an umbrella insurance policy that may be applicable to this lawsuit? If so, please state the name and address of the insurance company, along with the policy number and policy limits;

k. what is the deductible/self-retained coverage;

l. identify the agent handling the claim;

m. identify the individual(s) having full authority to settle this claim.

n. state the nature, date, result, reason for, and claim number for any claim made under said policy; and

o. state if there is declining coverage.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000008 of 000018

3. Identify by name, address and phone number each and every individual employee and/or agent of Louisville Emergency Services and/or Louisville Emergency Services and/or MetroSafe 911 that responded to any call regarding Jilianne Warner during or after the occurrence in question.

**RESPONSE:**

4. With respect to each individual employee, servant and/or agent identified in your response to Interrogatory number three (3), state whether he or she is currently employed with Louisville Emergency Services and/or MetroSafe 911.

**RESPONSE:**

5. Was an investigation conducted or an incident report, occurrence report, sentinel event report, inter-office communiqué, root cause analysis, peer review documents, anecdotal note, verbal communication or any other report prepared and/or made concerning the response to the emergency call concerning Jilianne Warner? If so, state the following:

a. the name, address, and title of the person conducting said investigation or preparing such report, inter-office communiqué, anecdotal note or verbal communication;

b. the date the investigation, report, inter-office communiqué, anecdotal note or verbal communication was conducted or made;

c. the substance of the investigation, report, inter-office communiqué, anecdotal note or verbal communication;

d. the name, address, and title of the person having custody of such report, inter-office communiqué, anecdotal note or verbal communication; and

e. to whom the report, inter-office communiqué, anecdotal note or verbal communication was made.

Presiding Judge: HON. MARY SHAW (630277)

RPD 000009 of 000018

**RESPONSE:**

6. Identify and describe with specificity each and every complaint whether written or verbal received by Louisville Emergency Services and/or MetroSafe 911 from any source which in any way concerns or relates to Louisville Emergency Services and/or MetroSafe 911 and/or its agents, servants and/or employees' failure to adequately respond to calls, and/or supervise Louisville Emergency Services and/or MetroSafe 911 employees.

**RESPONSE:**

7. Identify all Louisville Emergency Services and/or MetroSafe 911 employees who received any form of discipline or adverse employment action as a result of the occurrence in question.

**RESPONSE:**

8. Identify by name, address and telephone number each and every witness Defendant expects to call at the trial of this case.

**RESPONSE:**

9. State each and every fact that Defendant contends supports each and every defense asserted in its Answer to Plaintiff's Complaint.

**RESPONSE:**

10. State whether any Defendant contends that they are not named properly in Plaintiff's Complaint or that the correct party is not named in Plaintiff's Complaint for Damages. If Defendant so contends, state with specificity how the Defendant(s) should be named and/or state with specificity the identities of any individuals or entities that Defendant contends should be named in Plaintiff's Complaint for Damages for acts and/or omissions complained of therein.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000010 of 000018

11. Identify each person whom you intend to call as an expert witness at trial and please provide all information required under CR 26.02, as well as:

a) a list of all cases reviewed by said individual in the last five (5) years, including the case style, facts, lawyers and/or agencies and/or companies associated with each case;

b) the percentage of cases reviewed by said individual that were for plaintiffs and for defendants, when said individual reviewed his first case for purposes of litigation and why he reviewed said case or cases;

c) the average number of cases said individual reviews in a given year;

d) whether said individual advertises his or her services;

e) list any articles, books, text books, written in whole or in part by said individual, and any books, periodicals, textbooks in said individuals library and or office; include any medical-related publications and/or periodicals subscribed to by said individual and the length of time for which said individual has had said subscriptions;

f) has said individual's testimony or opinion ever been challenged, e.g. Daubert hearings, briefs from a medical association, etc;

g) has said individual ever been involved in any other litigation, and the name(s) and nature of said litigation.

**RESPONSE:**

12. List the title, date and publication of each document, article, exhibit, report, paper, treatise, journal, abstract, statistic, literature, book, textbook, videotape, film or other material of any nature whatsoever, which Defendant, Defendant's attorney(s) and/or any expert identified in answer to interrogatory number eleven (11) will use or rely upon at the trial of this action.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

IRPD : 000011 of 000018

13. Please list all individuals who responded and/or supervised the response in any way to an emergency event involving Plaintiff during the occurrence in question who were not employees and/or agents of Louisville Emergency Services and/or MetroSafe 911.

**RESPONSE:**

**REQUESTS FOR PRODUCTION**

1. Produce a copy of all medical records of Jilianne Warner in the possession of Defendant that were created by any other healthcare provider or obtained on behalf of Defendant or by its lawyers or other representatives.

**RESPONSE:**

2. Produce any and all business records of Louisville Emergency Services and/or MetroSafe 911 which in any way concern or relate to Jilianne Warner.

**RESPONSE:**

3. Produce any and all statements of witnesses that in any way concern the response to the occurrence in question. If some statements are held under a claim of privilege please state this and produce all responsive non-privileged documents as well as a privilege log for all claimed privileged statements.

**RESPONSE:**

4. Produce any and all documents generated or created by any expert consulted by any Defendant in connection with this lawsuit.

**RESPONSE:**

5. Produce any and all documents which in any way evidence each and every complaint whether written or verbal received by Louisville Emergency Services and/or MetroSafe 911 from any source which in any way concerns or relates to Defendants' failure to

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000012 of 000018

adequately respond to calls, and/or supervise Louisville Emergency Services and/or MetroSafe 911's employees.

**RESPONSE:**

6. Produce any and all documents that in any way relate to or concern Louisville Emergency Services and/or MetroSafe 911's policies, procedures and protocols that were in effect on the date of the occurrence in question and for one (1) year preceding the occurrence, regarding emergency response, including, but not limited to the following:

a. Handling calls;

b. Dispatching emergency services;

c. Prioritizing calls or responses;

d. Training;

e. Orientation;

f. Reprimands;

g. Classification of calls;

h. Reporting improperly logged calls;

i. Competency assessments/evaluations;

j. Record keeping;

k. Staffing;

l. Information to be gathered during a call;

m. Oversight/monitoring of calls;

n. Standardized forms

o. Documentation used during and after calls

p. Continuing education requirements;

Presiding Judge: HON. MARY SHAW (630277)

IRPC : 000013 of 000018

q. Job requirements;

r. Supervision of calls;

s. Job descriptions;

t. Incident reporting

**RESPONSE:**

7. Produce any and all documents including training manuals, textbooks, videotapes, audio-tapes and any other documents or things that in any way relate to or concern the training of Louisville Emergency Services and/or MetroSafe 911's personnel during the occurrence in questions and for one (1) year preceding the occurrence.

**RESPONSE:**

8. Produce any and all notes, minutes, transcripts or any other written record of meetings of any team, committee, or group that in any way concerns, pertains to or relates to reviewing Louisville Emergency Services and/or MetroSafe 911's response to calls/emergencies, generally, and the response to the occurrence in question, specifically.

**RESPONSE:**

9. Produce any and all documents of any nature whatsoever relating to any investigation conducted or any incident report, occurrence report, sentinel event report, inter-office communiqué, peer-review documents, anecdotal note or verbal communication prepared concerning Defendant and/or Louisville Emergency Services and/or MetroSafe 911's response to the occurrence in question.

**RESPONSE:**

10. Produce any and all complaints or concerns including, but not limited to, complaints or concerns made by Louisville Emergency Services and/or MetroSafe 911's agents,

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000014 of 000018

Filed 18-CI-0036: 06/22/2018 David L. Nichol: Jefferson Circuit Clerk

servants and/or employees concerning Louisville Emergency Services and/or MetroSafe 911's staffing levels, response times, and response classification/prioritization, for one year preceding the occurrence in question to the present.

**RESPONSE:**

11. Produce the personnel file for Courtney Wilder.

**RESPONSE:**

12. Produce the job descriptions for Courtney Wilder for her job on the date of the occurrence in question as well as her current position.

**RESPONSE:**

13. Produce any and all documents that evidence any agreement for indemnity between any of the Defendants and/or any Defendant and/or Louisville Emergency Services and/or MetroSafe 911 and any third party against any lawsuit, proceeding, complaint, grievance or claim of any kind whatever.

**RESPONSE:**

14. Produce each and every policy of insurance that may cover any Defendant for acts and omissions pled in Plaintiff's Complaint.

**RESPONSE:**

15. Produce the financial budget and profit/loss statements of Louisville Emergency Services and/or MetroSafe 911 for the calendar and fiscal periods of 2014-2018.

**RESPONSE:**

16. Produce the staffing budget of Louisville Emergency Services and/or MetroSafe 911 for the calendar and fiscal periods of 2014-2018.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000015 of 000018

17. Produce all documents and tangible things reviewed, referenced, or utilized in preparation of or containing information referenced in your answers to the Interrogatories propounded to you herein.

**RESPONSE:**

18. Produce a current, legible curriculum vitae of each expert witness who may testify in the trial of this action. Please have each expert witness denote on the CV produced any article(s), abstract(s), treatise(s), study(ies) or any other material listed, which he/she believes is relevant to the subject case.

**RESPONSE:**

19. Produce copies or a list of each document, report, paper, article, treatise, abstract, book, textbook, statistic, literature, videotape, film or other material of any nature whatsoever, upon which Defendant, Defendant's attorney(s) or any of Defendant's expert witnesses, will base his or her opinion on or will rely upon or use at the trial of this action.

**RESPONSE:**

20. Produce a privilege log for all documents held under claim of privilege.

**RESPONSE:**

21. Produce all standardized forms utilized by Louisville Emergency Services and/or MetroSafe 911 in responding, categorizing, and prioritizing calls received.

**RESPONSE:**

22. Produce any and all standardized documentation utilized by Louisville Emergency Services and/or MetroSafe 911 during and/or after calls are received.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000016 of 000018

23. Produce any and all documentation evidencing any and all continuing education requirements of Louisville Emergency Services and/or MetroSafe 911.

**RESPONSE:**

24. Produce any and all documentation related to Defendant's Louisville Emergency Services and/or MetroSafe 911 job requirements.

**RESPONSE:**

25. All documentation in any format whatsoever concerning all calls related to Jilianne Warner and/or the occurrence at issue on December 29, 2017.

**RESPONSE:**

26. Produce all documentation evidencing any and all completed training of Defendant in emergency response, any other skills utilized during employment with Louisville Emergency Services and/or MetroSafe 911, and/or any training required to be completed by Louisville Emergency Services and/or MetroSafe 911 employees.

**RESPONSE:**

Respectfully Submitted,

/s/ Jacob E. Levy
Mark K. Gray
Matthew L. White
Jacob E. Levy
Gray & White
713 E. Market St.
Suite 200
Louisville, Kentucky 40202
*Counsel for Plaintiffs*

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000017 of 000018

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 22nd day of June, 2018, the forgoing was served as an exhibit to the Complaint to be served with the Complaint.

/s/ Jacob Levy
Gray & White

Presiding Judge: HON. MARY SHAW (630277)

IRPD : 000018 of 000018

Filed 18-CI-00362 06/22/2018 David L. Nichols. Jefferson Circuit Clerk

CIVIL ACTION NO.

JEFFERSON CIRCUIT COURT
DIVISION ____________
HON. ____________________

JILIANNE WARNER PLAINTIFF

v. **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO RUTH WILLIAMS**

MIDNIGHT RECOVERY, INC. et al. DEFENDANTS

**********************************

Comes the Plaintiff, Jilianne Warner, by and through undersigned counsel and propounds upon the Defendant, Ruth Williams, the following First Set of Interrogatories and Requests for Production of Documents. Unless a shorter time for compliance is ordered by the Court, your Answers to these Interrogatories and Requests are due within thirty (30) days after the date of service of these requests.

These Interrogatories and Request for Production of Documents shall be deemed continuing, and supplemental answers and production shall be required of you pursuant to CR 26.05 if you or your counsel directly or indirectly obtain further information of the nature sought herein after the time the answers are served and the documents are produced.

**DEFINITIONS AND INSTRUCTIONS**

A. In answering the following interrogatories, the following instructions apply:

(1) Answer each interrogatory separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection must be stated in lieu of answer.

(2) An evasive or incomplete answer is deemed to be a failure to answer under Rule 37.01(c).

(3) You are under a continuing duty to seasonably supplement your response with

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000001 of 000018

Filed 18-CI-003622 06/22/2018 David L. Nicholson, Jefferson Circuit Clerk

respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, and the identity of each person expected to be called as an expert witness at trial and the subject matter on which he is expected to testify. Furthermore you are under a similar duty to supplement your response with respect to any question to which additional information is later discovered or to which later information becomes relevant. Additionally, you are under a duty to correct any incorrect response when you later learn that it is incorrect.

B. When used in these Interrogatories and Requests, the following terms shall have the following meanings:

(1) **"Agent"** means any individual or person who has by mutual consent, whether formally or informally, expressly, impliedly, or inherently, undertaken to act on your behalf, including, but not limited to, your employees, independent contractors, attorneys, their agents and employees, and insurance company, its agents and employees;

(2) **"Any"** shall also mean "all" and vice versa;

(3) **"Claim"** means a demand or assertion, whether oral or written, formal or informal, by any person for monetary payment, the undertaking of action, the cessation of action, redress, remedy, restoration or compensation;

(4) **"Custodian"** refers to the person or individual having possession, custody or control of any writing, record or physical evidence;

(5) "**Defendant**" means Ruth Williams

(6) **"Document"** means any kind of written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither,

Presiding Judge: HON. MARY SHAW (630277)

RPO : 000002 of 000018

including, but not limited to, originals, copies and drafts and both sides thereof, and including but not limited to: papers, books, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, drawings, blueprints, and tape recordings of any type or size, and recordings of telephone or other conversations, or of interviews, conferences, or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical reports, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output, microfilms, and all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, however denominated;

(7) **"Individual"** means a person, his/her agents and employees, including, but not limited to, his/her attorney, their agents and employees, investigators, their agents and employees, insurance company, their agents and employees and anyone else acting on behalf of the individual or his/her said agents and employees;

(8) "**In the last ten years**" refers to the time period of ten (10) years immediately preceding the period in question;

(9) **"Medical license"** shall mean any regular license, limited license, fellowship training license, provisional permit, and temporary permit;

(10) **"Occurrence"** refers to the events, acts, omissions that occurred on December 29, 2017 relating to a motor vehicle wreck involving Jilianne Warner and the resulting emergency response;

(11) "**Or**" means "and/or;" also, the word "**and**" means "and/or."

Presiding Judge: HON. MARY SHAW (630277)

RFD : 000003 of 000018

(12) **"Oral communication"** means both telephone and face-to-face communication;

(13) **"Period in question"** refers to the time period dating from December 29, 2017 through the date of service of these Interrogatories and Requests;

(14) **"Person"** means a natural person, corporation, association, partnership, sole proprietorship, or public entity and every other type of organizations or entity;

(15) **"Relating to"** means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or actual connection with the matter discussed;

(16) **"Statement or Recorded Interview"** means any written or oral communication, formal or informal, with any person or individual, including, but not limited to, video recordings, electronic recordings, sound recordings, transcriptions, written recordings, notes, affidavits, memoranda, or other documents;

(17) **"Writing"** means any and all handwritten material, typewritten material, printed material, photocopies, photographs, and every other means of recording upon any tangible thing, including but not limited to, electronic mediums, together with any form of communication or other representation, which would constitute a writing within the meaning of the KRE 1001;

(18) **"Written communication"** means, without limitation, correspondence, letters, and telegrams whether received or not;

(19) **"You," "Your" and "yourself"** refer to the party to whom to the following requests are addressed and includes your agents, employees, insurance company, their agents and employees, your attorneys, their agents and employees, investigators and anyone

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000004 of 000018

else acting on your or their behalf.

C. **"Identify"** means:

1. In regards to any individual or person, it is intended that the answer will state the following information with respect to each such individual:

(a) His or her full name;

(b) Current home address and telephone number;

(c) Current business address, telephone number, and company affiliation;

(d) Immediate past business address, company affiliation, job title and job description;

(e) Current or other relevant employment classification or job title and job description;

(f) His or her social security number; and

(g) His or her education and/or certification, including dates of that education and/or certification and any person or entity providing such education and/or certification.

2. In regards to any document or writing mentioned, referred to, or utilized in the answers to the following interrogatories, provide in your answer a statement of:

(a) its nature, i.e., contract, memorandum, report, recording, transcription, etc.;

(b) its title, if any;

(c) the date it was prepared;

(d) the identity of each person who prepared it, participated in its preparation and/or signed it;

(e) who each of the persons referred to in (d) purported to represent;

(f) its subject matter; and

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000005 of 000018

(g) the name and last known address of the person who presently has custody of it.

3. In regards to any "written communication" mentioned, referred to, or utilized in the answers to the following interrogatories, provide in your answer a statement of:

(a) its nature, i.e., letter, memorandum, etc.;

(b) the date it was signed or sent;

(c) the date it was received;

(d) the identity of the person to whom it was sent;

(e) the identity of any person sent a copy;

(f) who each such person purported to represent;

(g) the subject matter of the communication;

(h) the name and last known address of the person who presently has custody of it.

4. In regards to any "oral communication" mentioned or referred to in the answer, a statement of

(a) the persons or individuals involved;

(b) the date on which it occurred;

(c) where it occurred or if a telephone conversation, the place at which each person involved was located;

(d) what was said by each person involved.

5. In regards to any claim, case or suit referred to, mentioned, or utilized in answering the following interrogatories:

(a) the date the claim or the suit was made;

(b) the forum and/or the court in which the claim/suit was made, including address;

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000006 of 000018

(c) the claim or case number;

(d) the nature of the claim or controversy;

(e) the ultimate resolution of the claim/suit;

(f) the name of the insurance company and claims representative and/or attorney who represented you and his/her firm at the time the claim, case or suit was initiated; and

(g) the name of the entity(ies) who brought the claim or filed the suit; and

(h) the parties involved.

D. If any document is withheld under a claim of privilege, furnish a list, which identifies each document for which a privilege is claimed, including the following information:

(1) The date of the document;

(2) The sender;

(3) The recipient;

(4) The person to whom copies were furnished along with his job title and position;

(5) The subject matter of the document;

(6) The basis upon which the privilege is claimed; and

(7) The paragraph of these Interrogatories to which said documents respond.

**INTERROGATORIES**

1. Identify by name, address, employer and job title each and every individual that responded or aided in responding to these Interrogatories.

**RESPONSE:**

2. Is there any policy of insurance through which Defendant or any of Defendant's agents, or employees might be insured in any manner for the damages, claims or actions that

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000007 of 000018

have arisen out of the claim brought in this lawsuit? If more than one policy, provide the following information for each policy:

a. the type and the amount of coverage;

b. the name and address of the insurance company;

c. the name, address, and telephone number of each named insured;

d. the policy number and the policy period;

e. the limits of coverage for each type of coverage contained in the policy;

f. whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company, and, if so, what it is;

g. the name, address, and telephone number of the custodian of the policy;

h. the amount of the deductible for each policy, if applicable;

i. is the deductible cumulative or individual;

j. Are there any additional types of insurance, including, but not limited to, an umbrella insurance policy that may be applicable to this lawsuit? If so, please state the name and address of the insurance company, along with the policy number and policy limits;

k. what is the deductible/self-retained coverage;

l. identify the agent handling the claim;

m. identify the individual(s) having full authority to settle this claim.

n. state the nature, date, result, reason for, and claim number for any claim made under said policy; and

o. state if there is declining coverage.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

IRPD : 000008 of 000018

3. Identify by name, address and phone number each and every individual employee and/or agent of Louisville Emergency Services and/or Louisville Emergency Services and/or MetroSafe 911 that responded to any call regarding Jilianne Warner during or after the occurrence in question.

**RESPONSE:**

4. With respect to each individual employee, servant and/or agent identified in your response to Interrogatory number three (3), state whether he or she is currently employed with Louisville Emergency Services and/or MetroSafe 911.

**RESPONSE:**

5. Was an investigation conducted or an incident report, occurrence report, sentinel event report, inter-office communiqué, root cause analysis, peer review documents, anecdotal note, verbal communication or any other report prepared and/or made concerning the response to the emergency call concerning Jilianne Warner? If so, state the following:

a. the name, address, and title of the person conducting said investigation or preparing such report, inter-office communiqué, anecdotal note or verbal communication;

b. the date the investigation, report, inter-office communiqué, anecdotal note or verbal communication was conducted or made;

c. the substance of the investigation, report, inter-office communiqué, anecdotal note or verbal communication;

d. the name, address, and title of the person having custody of such report, inter-office communiqué, anecdotal note or verbal communication; and

e. to whom the report, inter-office communiqué, anecdotal note or verbal communication was made.

Presiding Judge: HON. MARY SHAW (630277)

IRPD : 000009 of 000018

Filed 18-CI-00362. 06/22/2018 David L. Nicholson Jefferson Circuit Clerk

**RESPONSE:**

6. Identify and describe with specificity each and every complaint whether written or verbal received by Louisville Emergency Services and/or MetroSafe 911 from any source which in any way concerns or relates to Louisville Emergency Services and/or MetroSafe 911 and/or its agents, servants and/or employees' failure to adequately respond to calls, and/or supervise Louisville Emergency Services and/or MetroSafe 911 employees.

**RESPONSE:**

7. Identify all Louisville Emergency Services and/or MetroSafe 911 employees who received any form of discipline or adverse employment action as a result of the occurrence in question.

**RESPONSE:**

8. Identify by name, address and telephone number each and every witness Defendant expects to call at the trial of this case.

**RESPONSE:**

9. State each and every fact that Defendant contends supports each and every defense asserted in its Answer to Plaintiff's Complaint.

**RESPONSE:**

10. State whether any Defendant contends that they are not named properly in Plaintiff's Complaint or that the correct party is not named in Plaintiff's Complaint for Damages. If Defendant so contends, state with specificity how the Defendant(s) should be named and/or state with specificity the identities of any individuals or entities that Defendant contends should be named in Plaintiff's Complaint for Damages for acts and/or omissions complained of therein.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

IRPD : 000010 of 000018

Filed 18-CI-003622 06/22/2018 David L. Nicholson, Jefferson Circuit Clerk

11. Identify each person whom you intend to call as an expert witness at trial and please provide all information required under CR 26.02, as well as:

a) a list of all cases reviewed by said individual in the last five (5) years, including the case style, facts, lawyers and/or agencies and/or companies associated with each case;

b) the percentage of cases reviewed by said individual that were for plaintiffs and for defendants, when said individual reviewed his first case for purposes of litigation and why he reviewed said case or cases;

c) the average number of cases said individual reviews in a given year;

d) whether said individual advertises his or her services;

e) list any articles, books, text books, written in whole or in part by said individual, and any books, periodicals, textbooks in said individuals library and or office; include any medical-related publications and/or periodicals subscribed to by said individual and the length of time for which said individual has had said subscriptions;

f) has said individual's testimony or opinion ever been challenged, e.g. Daubert hearings, briefs from a medical association, etc;

g) has said individual ever been involved in any other litigation, and the name(s) and nature of said litigation.

**RESPONSE:**

12. List the title, date and publication of each document, article, exhibit, report, paper, treatise, journal, abstract, statistic, literature, book, textbook, videotape, film or other material of any nature whatsoever, which Defendant, Defendant's attorney(s) and/or any expert identified in answer to interrogatory number eleven (11) will use or rely upon at the trial of this action.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000011 of 000018

13. Please list all individuals who responded and/or supervised the response in any way to an emergency event involving Plaintiff during the occurrence in question who were not employees and/or agents of Louisville Emergency Services and/or MetroSafe 911.

**RESPONSE:**

**REQUESTS FOR PRODUCTION**

1. Produce a copy of all medical records of Jilianne Warner in the possession of Defendant that were created by any other healthcare provider or obtained on behalf of Defendant or by its lawyers or other representatives.

**RESPONSE:**

2. Produce any and all business records of Louisville Emergency Services and/or MetroSafe 911 which in any way concern or relate to Jilianne Warner.

**RESPONSE:**

3. Produce any and all statements of witnesses that in any way concern the response to the occurrence in question. If some statements are held under a claim of privilege please state this and produce all responsive non-privileged documents as well as a privilege log for all claimed privileged statements.

**RESPONSE:**

4. Produce any and all documents generated or created by any expert consulted by any Defendant in connection with this lawsuit.

**RESPONSE:**

5. Produce any and all documents which in any way evidence each and every complaint whether written or verbal received by Louisville Emergency Services and/or MetroSafe 911 from any source which in any way concerns or relates to Defendants' failure to

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000012 of 000018

adequately respond to calls, and/or supervise Louisville Emergency Services and/or MetroSafe 911's employees.

**RESPONSE:**

6. Produce any and all documents that in any way relate to or concern Louisville Emergency Services and/or MetroSafe 911's policies, procedures and protocols that were in effect on the date of the occurrence in question and for one (1) year preceding the occurrence, regarding emergency response, including, but not limited to the following:

a. Handling calls;

b. Dispatching emergency services;

c. Prioritizing calls or responses;

d. Training;

e. Orientation;

f. Reprimands;

g. Classification of calls;

h. Reporting improperly logged calls;

i. Competency assessments/evaluations;

j. Record keeping;

k. Staffing;

l. Information to be gathered during a call;

m. Oversight/monitoring of calls;

n. Standardized forms

o. Documentation used during and after calls

p. Continuing education requirements;

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000013 of 000018

q. Job requirements;

r. Supervision of calls;

s. Job descriptions;

t. Incident reporting

**RESPONSE:**

7. Produce any and all documents including training manuals, textbooks, videotapes, audio-tapes and any other documents or things that in any way relate to or concern the training of Louisville Emergency Services and/or MetroSafe 911's personnel during the occurrence in questions and for one (1) year preceding the occurrence.

**RESPONSE:**

8. Produce any and all notes, minutes, transcripts or any other written record of meetings of any team, committee, or group that in any way concerns, pertains to or relates to reviewing Louisville Emergency Services and/or MetroSafe 911's response to calls/emergencies, generally, and the response to the occurrence in question, specifically.

**RESPONSE:**

9. Produce any and all documents of any nature whatsoever relating to any investigation conducted or any incident report, occurrence report, sentinel event report, inter-office communiqué, peer-review documents, anecdotal note or verbal communication prepared concerning Defendant and/or Louisville Emergency Services and/or MetroSafe 911's response to the occurrence in question.

**RESPONSE:**

10. Produce any and all complaints or concerns including, but not limited to, complaints or concerns made by Louisville Emergency Services and/or MetroSafe 911's agents,

Presiding Judge: HON. MARY SHAW (630277)

RPD 000014 of 000018

Filed 18-CI-00362 06/22/2018 David L. Nichols Jefferson Circuit Clerk

servants and/or employees concerning Louisville Emergency Services and/or MetroSafe 911's staffing levels, response times, and response classification/prioritization, for one year preceding the occurrence in question to the present.

**RESPONSE:**

11. Produce the personnel file of Ruth Williams.

**RESPONSE:**

12. Produce the job descriptions for Ruth Williams for her job on the date of the occurrence in question as well as her current position.

**RESPONSE:**

13. Produce any and all documents that evidence any agreement for indemnity between any of the Defendants and/or any Defendant and/or Louisville Emergency Services and/or MetroSafe 911 and any third party against any lawsuit, proceeding, complaint, grievance or claim of any kind whatever.

**RESPONSE:**

14. Produce each and every policy of insurance that may cover any Defendant for acts and omissions pled in Plaintiff's Complaint.

**RESPONSE:**

15. Produce the financial budget and profit/loss statements of Louisville Emergency Services and/or MetroSafe 911 for the calendar and fiscal periods of 2014-2018.

**RESPONSE:**

16. Produce the staffing budget of Louisville Emergency Services and/or MetroSafe 911 for the calendar and fiscal periods of 2014-2018.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000015 of 000018

Filed 18-CI-003622 06/22/2018 David L. Nicholson, Jefferson Circuit Clerk

17. Produce all documents and tangible things reviewed, referenced, or utilized in preparation of or containing information referenced in your answers to the Interrogatories propounded to you herein.

**RESPONSE:**

18. Produce a current, legible curriculum vitae of each expert witness who may testify in the trial of this action. Please have each expert witness denote on the CV produced any article(s), abstract(s), treatise(s), study(ies) or any other material listed, which he/she believes is relevant to the subject case.

**RESPONSE:**

19. Produce copies or a list of each document, report, paper, article, treatise, abstract, book, textbook, statistic, literature, videotape, film or other material of any nature whatsoever, upon which Defendant, Defendant's attorney(s) or any of Defendant's expert witnesses, will base his or her opinion on or will rely upon or use at the trial of this action.

**RESPONSE:**

20. Produce a privilege log for all documents held under claim of privilege.

**RESPONSE:**

21. Produce all standardized forms utilized by Louisville Emergency Services and/or MetroSafe 911 in responding, categorizing, and prioritizing calls received.

**RESPONSE:**

22. Produce any and all standardized documentation utilized by Louisville Emergency Services and/or MetroSafe 911 during and/or after calls are received.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000016 of 000018

Filed 18-CI-00362. 06/22/2018 David L. Nicholsc. Jefferson Circuit Clerk

23. Produce any and all documentation evidencing any and all continuing education requirements of Louisville Emergency Services and/or MetroSafe 911.

**RESPONSE:**

24. Produce any and all documentation related to Defendant's Louisville Emergency Services and/or MetroSafe 911 job requirements.

**RESPONSE:**

25. All documentation in any format whatsoever concerning all calls related to Jilianne Warner and/or the occurrence at issue on December 29, 2017.

**RESPONSE:**

26. Produce all documentation evidencing any and all completed training of Defendant in emergency response, any other skills utilized during employment with Louisville Emergency Services and/or MetroSafe 911, and/or any training required to be completed by Louisville Emergency Services and/or MetroSafe 911 employees.

**RESPONSE:**

Respectfully Submitted,

/s/ Jacob E. Levy
Mark K. Gray
Matthew L. White
Jacob E. Levy
Gray & White
713 E. Market St.
Suite 200
Louisville, Kentucky 40202
*Counsel for Plaintiffs*

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000017 of 000018

Filed 18-CI-003622 06/22/2018 David L. Nicholson, Jefferson Circuit Clerk

Filed 18-CI-0036 06/22/2018 David L. Nichol. Jefferson Circuit Clerk

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 22nd day of June, 2018, the forgoing was served as an exhibit to the Complaint to be served with the Complaint.

/s/ Jacob Levy
Gray & White

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000018 of 000018

Filed 18-CI-003622 06/22/2018 18 David L. Nicholson, Jefferson Circuit Clerk

Filed 18-CI-00362 06/22/2018 David L. Nichols Jefferson Circuit Clerk

CIVIL ACTION NO.

JEFFERSON CIRCUIT COURT
DIVISION ______________
HON. ________________

JILIANNE WARNER PLAINTIFF

v.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO EDWARD JODY MEIMAN**

MIDNIGHT RECOVERY, INC. et al. DEFENDANTS

**********************************

Comes the Plaintiff, Jilianne Warner, by and through undersigned counsel and propounds upon the Defendant, Edward Jody Meiman, the following First Set of Interrogatories and Requests for Production of Documents. Unless a shorter time for compliance is ordered by the Court, your Answers to these Interrogatories and Requests are due within thirty (30) days after the date of service of these requests.

These Interrogatories and Request for Production of Documents shall be deemed continuing, and supplemental answers and production shall be required of you pursuant to CR 26.05 if you or your counsel directly or indirectly obtain further information of the nature sought herein after the time the answers are served and the documents are produced.

**DEFINITIONS AND INSTRUCTIONS**

A. In answering the following interrogatories, the following instructions apply:

(1) Answer each interrogatory separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection must be stated in lieu of answer.

(2) An evasive or incomplete answer is deemed to be a failure to answer under Rule 37.01(c).

(3) You are under a continuing duty to seasonably supplement your response with

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000001 of 000018

Filed 18-CI-003622 06/22/2018 David L. Nicholson, Jefferson Circuit Clerk

respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, and the identity of each person expected to be called as an expert witness at trial and the subject matter on which he is expected to testify. Furthermore you are under a similar duty to supplement your response with respect to any question to which additional information is later discovered or to which later information becomes relevant. Additionally, you are under a duty to correct any incorrect response when you later learn that it is incorrect.

B. When used in these Interrogatories and Requests, the following terms shall have the following meanings:

(1) **"Agent"** means any individual or person who has by mutual consent, whether formally or informally, expressly, impliedly, or inherently, undertaken to act on your behalf, including, but not limited to, your employees, independent contractors, attorneys, their agents and employees, and insurance company, its agents and employees;

(2) **"Any"** shall also mean "all" and vice versa;

(3) **"Claim"** means a demand or assertion, whether oral or written, formal or informal, by any person for monetary payment, the undertaking of action, the cessation of action, redress, remedy, restoration or compensation;

(4) **"Custodian"** refers to the person or individual having possession, custody or control of any writing, record or physical evidence;

(5) **"Defendant"** means Edward Jody Meiman;

(6) **"Document"** means any kind of written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither,

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000002 of 000018

including, but not limited to, originals, copies and drafts and both sides thereof, and including but not limited to: papers, books, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, drawings, blueprints, and tape recordings of any type or size, and recordings of telephone or other conversations, or of interviews, conferences, or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical reports, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output, microfilms, and all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, however denominated;

(7) **"Individual"** means a person, his/her agents and employees, including, but not limited to, his/her attorney, their agents and employees, investigators, their agents and employees, insurance company, their agents and employees and anyone else acting on behalf of the individual or his/her said agents and employees;

(8) "**In the last ten years**" refers to the time period of ten (10) years immediately preceding the period in question;

(9) **"Medical license"** shall mean any regular license, limited license, fellowship training license, provisional permit, and temporary permit;

(10) **"Occurrence"** refers to the events, acts, omissions that occurred on December 29, 2017 relating to a motor vehicle wreck involving Jilianne Warner and the resulting emergency response;

(11) "**Or**" means "and/or;" also, the word "**and**" means "and/or."

Presiding Judge: HON. MARY SHAW (630277)

IRPD : 000003 of 000018

(12) **"Oral communication"** means both telephone and face-to-face communication;

(13) "**Period in question**" refers to the time period dating from December 29, 2017 through the date of service of these Interrogatories and Requests;

(14) **"Person"** means a natural person, corporation, association, partnership, sole proprietorship, or public entity and every other type of organizations or entity;

(15) **"Relating to"** means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or actual connection with the matter discussed;

(16) **"Statement or Recorded Interview"** means any written or oral communication, formal or informal, with any person or individual, including, but not limited to, video recordings, electronic recordings, sound recordings, transcriptions, written recordings, notes, affidavits, memoranda, or other documents;

(17) **"Writing"** means any and all handwritten material, typewritten material, printed material, photocopies, photographs, and every other means of recording upon any tangible thing, including but not limited to, electronic mediums, together with any form of communication or other representation, which would constitute a writing within the meaning of the KRE 1001;

(18) **"Written communication"** means, without limitation, correspondence, letters, and telegrams whether received or not;

(19) **"You," "Your" and "yourself"** refer to the party to whom to the following requests are addressed and includes your agents, employees, insurance company, their agents and employees, your attorneys, their agents and employees, investigators and anyone

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000004 of 000018

else acting on your or their behalf.

C. **"Identify"** means:

1. In regards to any individual or person, it is intended that the answer will state the following information with respect to each such individual:

(a) His or her full name;

(b) Current home address and telephone number;

(c) Current business address, telephone number, and company affiliation;

(d) Immediate past business address, company affiliation, job title and job description;

(e) Current or other relevant employment classification or job title and job description;

(f) His or her social security number; and

(g) His or her education and/or certification, including dates of that education and/or certification and any person or entity providing such education and/or certification.

2. In regards to any document or writing mentioned, referred to, or utilized in the answers to the following interrogatories, provide in your answer a statement of:

(a) its nature, i.e., contract, memorandum, report, recording, transcription, etc.;

(b) its title, if any;

(c) the date it was prepared;

(d) the identity of each person who prepared it, participated in its preparation and/or signed it;

(e) who each of the persons referred to in (d) purported to represent;

(f) its subject matter; and

Presiding Judge: HON. MARY SHAW (630277)

ERPD : 000005 of 000018

(g) the name and last known address of the person who presently has custody of it.

3. In regards to any "written communication" mentioned, referred to, or utilized in the answers to the following interrogatories, provide in your answer a statement of:

(a) its nature, i.e., letter, memorandum, etc.;

(b) the date it was signed or sent;

(c) the date it was received;

(d) the identity of the person to whom it was sent;

(e) the identity of any person sent a copy;

(f) who each such person purported to represent;

(g) the subject matter of the communication;

(h) the name and last known address of the person who presently has custody of it.

4. In regards to any "oral communication" mentioned or referred to in the answer, a statement of

(a) the persons or individuals involved;

(b) the date on which it occurred;

(c) where it occurred or if a telephone conversation, the place at which each person involved was located;

(d) what was said by each person involved.

5. In regards to any claim, case or suit referred to, mentioned, or utilized in answering the following interrogatories:

(a) the date the claim or the suit was made;

(b) the forum and/or the court in which the claim/suit was made, including address;

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000006 of 000018

(c) the claim or case number;

(d) the nature of the claim or controversy;

(e) the ultimate resolution of the claim/suit;

(f) the name of the insurance company and claims representative and/or attorney who represented you and his/her firm at the time the claim, case or suit was initiated; and

(g) the name of the entity(ies) who brought the claim or filed the suit; and

(h) the parties involved.

D. If any document is withheld under a claim of privilege, furnish a list, which identifies each document for which a privilege is claimed, including the following information:

(1) The date of the document;

(2) The sender;

(3) The recipient;

(4) The person to whom copies were furnished along with his job title and position;

(5) The subject matter of the document;

(6) The basis upon which the privilege is claimed; and

(7) The paragraph of these Interrogatories to which said documents respond.

**INTERROGATORIES**

1. Identify by name, address, employer and job title each and every individual that responded or aided in responding to these Interrogatories.

**RESPONSE:**

2. Is there any policy of insurance through which Defendant or any of Defendant's agents, or employees might be insured in any manner for the damages, claims or actions that

Presiding Judge: HON. MARY SHAW (630277)

IRPD : 000007 of 000018

have arisen out of the claim brought in this lawsuit? If more than one policy, provide the following information for each policy:

a. the type and the amount of coverage;

b. the name and address of the insurance company;

c. the name, address, and telephone number of each named insured;

d. the policy number and the policy period;

e. the limits of coverage for each type of coverage contained in the policy;

f. whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company, and, if so, what it is;

g. the name, address, and telephone number of the custodian of the policy;

h. the amount of the deductible for each policy, if applicable;

i. is the deductible cumulative or individual;

j. Are there any additional types of insurance, including, but not limited to, an umbrella insurance policy that may be applicable to this lawsuit? If so, please state the name and address of the insurance company, along with the policy number and policy limits;

k. what is the deductible/self-retained coverage;

l. identify the agent handling the claim;

m. identify the individual(s) having full authority to settle this claim.

n. state the nature, date, result, reason for, and claim number for any claim made under said policy; and

o. state if there is declining coverage.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

IRPD : 000008 of 000018

3. Identify by name, address and phone number each and every individual employee and/or agent of Louisville Emergency Services and/or Louisville Emergency Services and/or MetroSafe 911 that responded to any call regarding Jilianne Warner during or after the occurrence in question.

**RESPONSE:**

4. With respect to each individual employee, servant and/or agent identified in your response to Interrogatory number three (3), state whether he or she is currently employed with Louisville Emergency Services and/or MetroSafe 911.

**RESPONSE:**

5. Was an investigation conducted or an incident report, occurrence report, sentinel event report, inter-office communiqué, root cause analysis, peer review documents, anecdotal note, verbal communication or any other report prepared and/or made concerning the response to the emergency call concerning Jilianne Warner? If so, state the following:

a. the name, address, and title of the person conducting said investigation or preparing such report, inter-office communiqué, anecdotal note or verbal communication;

b. the date the investigation, report, inter-office communiqué, anecdotal note or verbal communication was conducted or made;

c. the substance of the investigation, report, inter-office communiqué, anecdotal note or verbal communication;

d. the name, address, and title of the person having custody of such report, inter-office communiqué, anecdotal note or verbal communication; and

e. to whom the report, inter-office communiqué, anecdotal note or verbal communication was made.

Presiding Judge: HON. MARY SHAW (630277)

IRPO : 000009 of 000018

**RESPONSE:**

6. Identify and describe with specificity each and every complaint whether written or verbal received by Louisville Emergency Services and/or MetroSafe 911 from any source which in any way concerns or relates to Louisville Emergency Services and/or MetroSafe 911 and/or its agents, servants and/or employees' failure to adequately respond to calls, and/or supervise Louisville Emergency Services and/or MetroSafe 911 employees.

**RESPONSE:**

7. Identify all Louisville Emergency Services and/or MetroSafe 911 employees who received any form of discipline or adverse employment action as a result of the occurrence in question.

**RESPONSE:**

8. Identify by name, address and telephone number each and every witness Defendant expects to call at the trial of this case.

**RESPONSE:**

9. State each and every fact that Defendant contends supports each and every defense asserted in its Answer to Plaintiff's Complaint.

**RESPONSE:**

10. State whether any Defendant contends that they are not named properly in Plaintiff's Complaint or that the correct party is not named in Plaintiff's Complaint for Damages. If Defendant so contends, state with specificity how the Defendant(s) should be named and/or state with specificity the identities of any individuals or entities that Defendant contends should be named in Plaintiff's Complaint for Damages for acts and/or omissions complained of therein.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

IRPD : 000010 of 000018

11. Identify each person whom you intend to call as an expert witness at trial and please provide all information required under CR 26.02, as well as:

a) a list of all cases reviewed by said individual in the last five (5) years, including the case style, facts, lawyers and/or agencies and/or companies associated with each case;

b) the percentage of cases reviewed by said individual that were for plaintiffs and for defendants, when said individual reviewed his first case for purposes of litigation and why he reviewed said case or cases;

c) the average number of cases said individual reviews in a given year;

d) whether said individual advertises his or her services;

e) list any articles, books, text books, written in whole or in part by said individual, and any books, periodicals, textbooks in said individuals library and or office; include any medical-related publications and/or periodicals subscribed to by said individual and the length of time for which said individual has had said subscriptions;

f) has said individual's testimony or opinion ever been challenged, e.g. Daubert hearings, briefs from a medical association, etc;

g) has said individual ever been involved in any other litigation, and the name(s) and nature of said litigation.

**RESPONSE:**

12. List the title, date and publication of each document, article, exhibit, report, paper, treatise, journal, abstract, statistic, literature, book, textbook, videotape, film or other material of any nature whatsoever, which Defendant, Defendant's attorney(s) and/or any expert identified in answer to interrogatory number eleven (11) will use or rely upon at the trial of this action.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000011 of 000018

13. Please list all individuals who responded and/or supervised the response in any way to an emergency event involving Plaintiff during the occurrence in question who were not employees and/or agents of Louisville Emergency Services and/or MetroSafe 911.

**RESPONSE:**

**REQUESTS FOR PRODUCTION**

1. Produce a copy of all medical records of Jilianne Warner in the possession of Defendant that were created by any other healthcare provider or obtained on behalf of Defendant or by its lawyers or other representatives.

**RESPONSE:**

2. Produce any and all business records of Louisville Emergency Services and/or MetroSafe 911 which in any way concern or relate to Jilianne Warner.

**RESPONSE:**

3. Produce any and all statements of witnesses that in any way concern the response to the occurrence in question. If some statements are held under a claim of privilege please state this and produce all responsive non-privileged documents as well as a privilege log for all claimed privileged statements.

**RESPONSE:**

4. Produce any and all documents generated or created by any expert consulted by any Defendant in connection with this lawsuit.

**RESPONSE:**

5. Produce any and all documents which in any way evidence each and every complaint whether written or verbal received by Louisville Emergency Services and/or MetroSafe 911 from any source which in any way concerns or relates to Defendants' failure to

Presiding Judge: HON. MARY SHAW (630277)

IRPD : 000012 of 000018

Filed 18-CI-00362 06/22/2018 David L. Nichols Jefferson Circuit Clerk

adequately respond to calls, and/or supervise Louisville Emergency Services and/or MetroSafe 911's employees.

**RESPONSE:**

6. Produce any and all documents that in any way relate to or concern Louisville Emergency Services and/or MetroSafe 911's policies, procedures and protocols that were in effect on the date of the occurrence in question and for one (1) year preceding the occurrence, regarding emergency response, including, but not limited to the following:

a. Handling calls;

b. Dispatching emergency services;

c. Prioritizing calls or responses;

d. Training;

e. Orientation;

f. Reprimands;

g. Classification of calls;

h. Reporting improperly logged calls;

i. Competency assessments/evaluations;

j. Record keeping;

k. Staffing;

l. Information to be gathered during a call;

m. Oversight/monitoring of calls;

n. Standardized forms

o. Documentation used during and after calls

p. Continuing education requirements;

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000013 of 000018

Filed 18-CI-003622 06/22/2018 David L. Nicholson, Jefferson Circuit Clerk

q. Job requirements;

r. Supervision of calls;

s. Job descriptions;

t. Incident reporting

**RESPONSE:**

7. Produce any and all documents including training manuals, textbooks, videotapes, audio-tapes and any other documents or things that in any way relate to or concern the training of Louisville Emergency Services and/or MetroSafe 911's personnel during the occurrence in questions and for one (1) year preceding the occurrence.

**RESPONSE:**

8. Produce any and all notes, minutes, transcripts or any other written record of meetings of any team, committee, or group that in any way concerns, pertains to or relates to reviewing Louisville Emergency Services and/or MetroSafe 911's response to calls/emergencies, generally, and the response to the occurrence in question, specifically.

**RESPONSE:**

9. Produce any and all documents of any nature whatsoever relating to any investigation conducted or any incident report, occurrence report, sentinel event report, inter-office communiqué, peer-review documents, anecdotal note or verbal communication prepared concerning Defendant and/or Louisville Emergency Services and/or MetroSafe 911's response to the occurrence in question.

**RESPONSE:**

10. Produce any and all complaints or concerns including, but not limited to, complaints or concerns made by Louisville Emergency Services and/or MetroSafe 911's agents,

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000014 of 000018

Filed 18-CI-00362 06/22/2018 David L. Nichols Jefferson Circuit Clerk

servants and/or employees concerning Louisville Emergency Services and/or MetroSafe 911's staffing levels, response times, and response classification/prioritization, for one year preceding the occurrence in question to the present.

**RESPONSE:**

11. Produce the personnel file for Edward Jody Meiman.

**RESPONSE:**

12. Produce the job descriptions for Edward Jody Meiman for his job on the date of the occurrence in question as well as his current position.

**RESPONSE:**

13. Produce any and all documents that evidence any agreement for indemnity between any of the Defendants and/or any Defendant and/or Louisville Emergency Services and/or MetroSafe 911 and any third party against any lawsuit, proceeding, complaint, grievance or claim of any kind whatever.

**RESPONSE:**

14. Produce each and every policy of insurance that may cover any Defendant for acts and omissions pled in Plaintiff's Complaint.

**RESPONSE:**

15. Produce the financial budget and profit/loss statements of Louisville Emergency Services and/or MetroSafe 911 for the calendar and fiscal periods of 2014-2018.

**RESPONSE:**

16. Produce the staffing budget of Louisville Emergency Services and/or MetroSafe 911 for the calendar and fiscal periods of 2014-2018.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000015 of 000018

Filed 18-CI-003622 06/22/2018 David L. Nicholson, Jefferson Circuit Clerk

17. Produce all documents and tangible things reviewed, referenced, or utilized in preparation of or containing information referenced in your answers to the Interrogatories propounded to you herein.

**RESPONSE:**

18. Produce a current, legible curriculum vitae of each expert witness who may testify in the trial of this action. Please have each expert witness denote on the CV produced any article(s), abstract(s), treatise(s), study(ies) or any other material listed, which he/she believes is relevant to the subject case.

**RESPONSE:**

19. Produce copies or a list of each document, report, paper, article, treatise, abstract, book, textbook, statistic, literature, videotape, film or other material of any nature whatsoever, upon which Defendant, Defendant's attorney(s) or any of Defendant's expert witnesses, will base his or her opinion on or will rely upon or use at the trial of this action.

**RESPONSE:**

20. Produce a privilege log for all documents held under claim of privilege.

**RESPONSE:**

21. Produce all standardized forms utilized by Louisville Emergency Services and/or MetroSafe 911 in responding, categorizing, and prioritizing calls received.

**RESPONSE:**

22. Produce any and all standardized documentation utilized by Louisville Emergency Services and/or MetroSafe 911 during and/or after calls are received.

**RESPONSE:**

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000016 of 000018

23. Produce any and all documentation evidencing any and all continuing education requirements of Louisville Emergency Services and/or MetroSafe 911.

**RESPONSE:**

24. Produce any and all documentation related to Defendant's Louisville Emergency Services and/or MetroSafe 911 job requirements.

**RESPONSE:**

25. All documentation in any format whatsoever concerning all calls related to Jilianne Warner and/or the occurrence at issue on December 29, 2017.

**RESPONSE:**

26. Produce all documentation evidencing any and all completed training of Defendant in emergency response, any other skills utilized during employment with Louisville Emergency Services and/or MetroSafe 911, and/or any training required to be completed by Louisville Emergency Services and/or MetroSafe 911 employees.

**RESPONSE:**

Respectfully Submitted,

/s/ Jacob E. Levy

Mark K. Gray
Matthew L. White
Jacob E. Levy
Gray & White
713 E. Market St.
Suite 200
Louisville, Kentucky 40202
*Counsel for Plaintiffs*

Presiding Judge: HON. MARY SHAW (630277)

RPD : 000017 of 000018

Filed 18-CI-0036. 06/22/2018 David L. Nichol. Jefferson Circuit Clerk

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 22nd day of June, 2018, the forgoing was served as an exhibit to the Complaint to be served with the Complaint.

/s/ Jacob Levy
Gray & White

Presiding Judge: HON. MARY SHAW (630277)

IRPD : 000018 of 000018

Filed 18-CI-003622 06/22/2018 David L. Nicholson, Jefferson Circuit Clerk



AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

**CIVIL SUMMONS**

Case #: **18-CI-003622**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

*Plantiff*, **WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL**, *Defendant*

TO: **MIDNIGHT RECOVERY, INC**
**1235 A BRINGHAM DR.**
**SELLERSBURG, IN 47172**

Memo: Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **06/22/2018**

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*
For delivery information, visit our website at www.usps.com®.
OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Postmark Here

SECRETARY OF STATE
PO BOX 718
FRANKFORT, KY 40602

Sent To Midnight Recovery, INC.
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7018 0040 0000 4817 9559

**Proof of Se**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other ini

To: ____________________

☐ Not Served because: ____________________

Date: ____________, 20______

Presiding Judge: HON. MARY SHAW (630277)

CI : 000001 of 000001

Summons ID: @00000871869
CIRCUIT: 18-CI-003622 Long Arm Statute – Secretary of State
WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL

eFiled

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **18-CI-003622**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

*Plantiff,* **WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL**, *Defendant*

TO: **TODD HOOKER**
**1235 A BRINGHAM DR.**
**SELLERSBURG, IN 47172**

Memo: Related party is MIDNIGHT RECOVERY, INC

The Commonwealth of Kentucky to Defendant:
**MIDNIGHT RECOVERY, INC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **06/22/2018**

## Proof of Se

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other ini

To: ____________________

☐ Not Served because: ____________________

Date: ________________, 20______

7018 0040 0000 4817 9566

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (*check box, add fee as appropriate*)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here

SECRETARY OF STATE
PO BOX 718
FRANKFORT, KY 40602

Sent To
Midnight Recovery, INC
Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

Presiding Judge: HON. MARY SHAW (630277)

Summons ID: @00000871875
CIRCUIT: 18-CI-003622 Long Arm Statute – Secretary of State
WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL

eFiled

000001 of 000001

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice Courts.ky.gov

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **18-CI-003622**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

*Plantiff,* **WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL,** *Defendant*

TO: **CHRISTIAN WORLEY**
**2916 EDWARDSVILLE GALENA RD**
**GEORGETOWN, IN 47122**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **06/22/2018**

Presiding Judge: HON. MARY SHAW (630277)

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*
For delivery information, visit our website at www.usps.com®.
OFFICIAL USE
Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery
Postage
$
Total Postage and Fees
$
Sent To Christan Worley
Street and Apt. No., or PO Box No.
City, State, ZIP+4®
PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

Postmark Here

SECRETARY OF STATE
PO BOX 718
FRANKFORT, KY 40602

7018 0040 0000 4817 9580

## Proof of Ser

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other init

To: ______________________

☐ Not Served because: ______________________

Date: ______________, 20______

CI : 000001 of 000001

Summons ID: @00000871870
CIRCUIT: 18-CI-003622 Long Arm Statute – SOS - Restricted Delivery
WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL

eFiled



AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **18-CI-003622**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

*Plantiff*, **WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL**, *Defendant*

TO: **RUTH WILLIAMS**
**410 SOUTH 5TH ST.**
**LOUISVILLE, KY 40202**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **06/22/2018**

Presiding Judge: HON. MARY SHAW (630277)

**Proof of Ser**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other init

To: ______________________

☐ Not Served because: ______________________

Date: ______________, 20______

7018 0040 0000 4817 9597

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Postmark Here

SECRETARY OF STATE
PO BOX 718
FRANKFORT, KY 40602

Sent To Ruth Williams
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

CI : 000001 of 000001

Summons ID: @00000871871
CIRCUIT: 18-CI-003622 Long Arm Statute – SOS - Restricted Delivery
WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL





AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **18-CI-003622**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

*Plantiff,* **WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL**, *Defendant*

TO: **COURTNEY WILDER**
**410 SOUTH 5TH ST.**
**LOUISVILLE, KY 40202**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **06/22/2018**

Presiding Judge: HON. MARY SHAW (630277)

**Proof of Se**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other ini

To: ____________________

☐ Not Served because: ____________________

Date: ______________, 20______

7018 0040 0000 4817 9603

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here

SECRETARY OF STATE
~~PO BOX 718~~
FRANKFORT, KY 40602

Sent To Courtney Wilder
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

CI : 000001 of 000001

Summons ID: @00000871872
CIRCUIT: 18-CI-003622 Long Arm Statute – SOS - Restricted Delivery
WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL

eFiled





AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **18-CI-003622**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

*Plantiff*, **WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL**, *Defendant*

TO: **ANGELA DOWNES**
**410 SOUTH 5TH ST.**
**LOUISVILLE, KY 40202**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **06/22/2018**

**Proof of Se**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other ini

To: ____________________

☐ Not Served because: ____________________

Date: ______________, 20______

7018 0040 0000 4817 9610

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

SECRETARY OF STATE
PO BOX 718
FRANKFORT, KY 40602
Here

Sent To Angela Downes
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

Presiding Judge: HON. MARY SHAW (630277)

CI : 000001 of 000001

Summons ID: @00000871873
CIRCUIT: 18-CI-003622 Long Arm Statute – SOS - Restricted Delivery
WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL

eFiled

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1



# CIVIL SUMMONS

Case #: **18-CI-003622**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

*Plantiff*, **WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL**, *Defendant*

TO: **EDWARD JODY MEIMAN**
**410 SOUTH 5TH ST.**
**LOUISVILLE, KY 40202**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **06/22/2018**

Presiding Judge: HON. MARY SHAW (630277)

## Proof of Se

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other in

To: ______________________

☐ Not Served because: ______________________

Date: ______________, 20______

7018 0040 0000 4817 9627

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

SECRETARY OF STATE
PO BOX 718
FRANKFORT, KY 40602

Postmark Here

Sent To Edward Jody Meiman
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

CI : 000001 of 000001

Summons ID: @00000871874
CIRCUIT: 18-CI-003622 Long Arm Statute – SOS - Restricted Delivery
WARNER, JILIANNE VS. MIDNIGHT RECOVERY, INC, ET AL





eFiled